UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESCORT INC., <br><br> *Plaintiff*, <br><br> v. <br><br> UNIDEN AMERICA CORPORATION, <br><br> *Defendant*. | CIVIL ACTION NO.: 3:18-cv-00161-N |

**UNIDEN'S OPPOSED MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1

II.  BACKGROUND .................................................................................................................. 1

III. ARGUMENT ........................................................................................................................ 3

    A.   Uniden Has Been Diligent ..................................................................................... 3

    B.   The Supplementation is Important to Uniden's Case. ........................................ 4

    C.   Escort is Not Prejudiced by the Supplementation ............................................... 5

    D.   A Continuance is Not Necessary ........................................................................... 5

# TABLE OF AUTHORITIES

**Cases**                                                            **Page(s)**

*Guardian Techs., LLC v. Radio Shack Corp.*,
    No. 3:09-CV-00649-B, 2010 WL 11534474 (N.D. Tex. Aug. 13, 2010) ...............................3

*Location Services IP, LLC v. Blue Cross & Blue Shield Assoc.*,
    Case No. 2:16-cv-00194-JRG, ECF No. 172, slip op. (Feb. 14, 2017) .................................4

*Mobile Telecomms., Techs., LLC v. Blackberry Corp.*,
    No. 3:12-CV-1652-M, 2015 WL 12698061 (N.D. Tex. May 19, 2015)............................2, 3

*Motio, Inc. v. Avnet, Inc.*,
    No. 4:12-CV-647, 2015 WL 5952530 (E.D. Tex. Oct. 13, 2015) ...........................................4

*Realtime Data v. Actian Corp.*,
    Case No. 6:15-cv-463, ECF No. 369, slip op. (Aug. 12, 2016, E.D. Tex.) ...........................3

**Statutes**

35 U.S.C. §§ 102(a), (b), (e) ............................................................................................................1

35 U.S.C. § 112, ¶ 2........................................................................................................................1

**Other Authorities**

Amended Miscellaneous Order No. 62 ...........................................................................................1

L.R. 7.1(b)........................................................................................................................................1

LPR 3-3 and 3-4..............................................................................................................................2

LPR 3-7...........................................................................................................................................2

LPR 4-1.......................................................................................................................................1, 2

U.S. Patent No. 6,670,905...............................................................................................................1

**I.     INTRODUCTION**

Defendant Uniden American Corporation ("Uniden") hereby files this Opposed Motion for Leave to Amend its Preliminary Invalidity Contentions and respectfully requests that the Court grant Uniden leave to amend its preliminary invalidity contentions as reflected in the First Supplemental Preliminary Invalidity Contentions attached hereto as Exhibit 1. In particular, Uniden seeks leave to amend its preliminary invalidity contentions by adding two additional invalidity charts[1] under pre-AIA 35 U.S.C. §§ 102(a), (b), (e), or (g), or § 103. Uniden's contention that this prior art invalidates the patents was previously disclosed to Escort in Defendant's timely-served Preliminary Invalidity Contentions. In addition, Uniden seeks leave to amend the contentions with six additional claims terms[2] that are indefinite under pre-AIA 35 U.S.C. § 112, ¶ 2.

**II.    BACKGROUND**

On June 12, 2018 pursuant to Local Patent Rule (Amended Miscellaneous Order No. 62 hereinafter "LPR") 3-1 Plaintiff Escort Inc. ("Escort") served its preliminary

---

[1] The additional charts relate to Patent Application No. 2003/0218562A1 ("Orr '562") and U.S. Patent No. 6,670,905 ("Orr '905"). Both Orr '562 and Orr '905 were disclosed to Escort in the preliminary infringement contentions cover pleading served on August 3, but were inadvertently not charted. Ex. 3, pg. 12. The supplemental cover pleading also contains an additional paragraph characterizing the Orr '562 and Orr '905 charts. Ex. 1, pgs. 21-22.

[2] These terms were previously disclosed to Escort in Uniden's LPR 4-1 disclosures served on August 20, 2018. Ex. 2.

1

infringement contentions asserting 64 claims across three patents.[3] Several weeks prior to being served, Uniden requested a quote from an outside prior art search vendor. On July 2, after analyzing Escort's preliminary infringement contentions, the outside search vendor was retained and commenced the prior art search. Meanwhile, Uniden's counsel also searched for prior art. On July 24, the outside search vendor produced its findings. Uniden merged those findings with the results of its own prior art search, and served preliminary invalidity contentions as required by LPR 3-3 and 3-4 on August 3.

In the interim three weeks, Uniden continued to assess prior art. In preparing its claim construction disclosures as per LPR 4-1, Uniden identified additional indefinite claim terms that it determined should be added to the preliminary invalidity contentions. Those additional claims terms where served on Escort on August 20. Ex. 2. On August 22, Uniden discovered it had inadvertently failed to provide invalidity charts for two prior art references that were nevertheless disclosed to Escort in the preliminary invalidity contention cover pleading—Orr '562 and Orr '905. Two days later on Friday, August 24, Uniden served supplemental invalidity contentions with the missing Orr '562 and Orr '905 charts and the additional claim terms. The following Tuesday, Uniden's counsel contacted Escort's counsel to inquire whether Escort would oppose the

---

[3] Uniden alleges infringement of claims 7, 9, 11-14, 16, 19-21, 23-24, 27, 29-31, 33-36, 38, 41-42 and 49-50 of US Patent No. RE39,038; claims 22, 25-34, 36-38, 41-47 and 49-50 of US Patent No. RE40,653; and claims 1-3, 10-12, 28-33 and 40-43 of US Patent No. 7,576,679.

supplementation. Escort requested a meet and confer. The meet and confer was held on September 4, where Escort indicated that they opposed the supplementation.

## III. ARGUMENT

LPR 3-7 permits amendment of preliminary invalidity contentions "by order of the presiding judge upon a showing of good cause." As such, Courts have "broad discretion" to grant motions to supplement invalidity contentions. *Mobile Telecomms., Techs., LLC v. Blackberry Corp.*, No. 3:12-CV-1652-M, 2015 WL 12698061, at *1 (N.D. Tex. May 19, 2015). In exercising that discretion, four factors are typically considered by the Court: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Id*.

### A. Uniden Has Been Diligent

Uniden has been diligent in its search for prior art and in its efforts to remedy the inadvertent omission of the Orr '562 and Orr '905 invalidity charts. "To show good cause to amend invalidity contentions, the moving party must both show that it diligently searched for and analyzed prior art and that it promptly disclosed any newly discovered references." *Guardian Techs., LLC v. Radio Shack Corp.*, No. 3:09-CV-00649-B, 2010 WL 11534474, at *2 (N.D. Tex. Aug. 13, 2010). Uniden began the process of identifying prior art before Escort served preliminary infringement contentions, enlisted the services of a consultant to assist with the search, and continued its own search after preliminary invalidity contentions were served. Because of this investigation, Uniden was able to

identify and disclose the Orr '562 and Orr '905 patents as invalidating prior art in the preliminary invalidity contentions. Ex. 3, pg. 12. Despite this diligence, Uniden discovered that claim charts for the Orr '562 and Orr '905 patents were not included <u>less than three weeks</u> after serving its preliminary invalidity contentions. Within <u>two days</u> of that discovery, Uniden served Escort with supplementary invalidity contentions. Uniden was diligent. *Cf. Realtime Data v. Actian Corp.*, Case No. 6:15-cv-463, ECF No. 369, slip op. at *3 (Aug. 12, 2016, E.D. Tex.) (finding that filing a motion to amend contentions five months after original contentions was diligent and not dilatory because defendants reached out to plaintiff quickly in an attempt to come to an agreement)

    **B.**    **The Supplementation is Important to Uniden's Case.**

The Orr '562 and Orr '905 prior art is important to Uniden's case and its exclusion would be highly prejudicial to Uniden. The Court can consider the importance of the reference as part of its good cause evaluation. *Motio, Inc. v. Avnet, Inc.*, No. 4:12-CV-647, 2015 WL 5952530, at *3 (E.D. Tex. Oct. 13, 2015) (finding a particular prior art reference to be "of paramount importance" to the case due to its relevance and technical similarity to the accused product). Similarly, the Orr '562 and Orr '905 prior art is both relevant and technically similar to the asserted '679 Patent. In fact, the Orr '562 and Orr '905 prior art and the '679 Patent all share nearly identical specifications, include the same drawings and figures, and were invented by the same inventor, Stephen Orr. *See generally* Exs. 4-6.

### C. Escort is Not Prejudiced by the Supplementation

Escort is not prejudiced by the supplementation for at least the following three reasons. First, the Orr '562 and Orr '905 references were previously and timely disclosed in Uniden's preliminary invalidity contention cover pleading. *See Location Services IP, LLC v. Blue Cross & Blue Shield Assoc.*, Case No. 2:16-cv-00194-JRG, ECF No. 172, slip op. at * (Feb. 14, 2017) ("[T]he claimed prejudice is particularly unpersuasive, because Defendants are not introducing new prior art references into the case.") Second, as detailed above, the Orr '562 and Orr '905 prior art are Escort's own patents and cited in the specification of the '679 patent. Third and finally, the error was discovered and corrected very early on in the case, before any fact discovery or claim construction discovery has taken place. Similarly, the Court in *Guardian Technologies* found the fact that the proposed amendment was made well in advance of expert reports and the close of discovery "important" in its finding of no prejudice to the plaintiff if the amendments were allowed.

### D. A Continuance is Not Necessary

A continuance is not necessary because the parties are still very early on in the legal proceedings as detailed above.

5

Dated: September 4, 2018                                   Respectfully submitted,


By: */s/ David B. Conrad*
    Neil J. McNabnay
    njm@fr.com
    Texas Bar No. 24002583
    David B. Conrad
    conrad@fr.com
    Texas Bar No. 24049042
    Theresa M. Dawson
    tdawson@fr.com
    Texas Bar No. 24065128
    Michael R. Ellis
    Texas Bar No. 24102726

    FISH & RICHARDSON P.C.
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)


**ATTORNEYS FOR DEFENDANT
UNIDEN AMERICA CORPORATION**

6

## CERTIFICATE OF CONFERENCE UNDER L.R. 7.1(b)

Pursuant to Local Rule 7.1(b), I hereby certify that I have conferred with Megan O'Laughlin, counsel for Plaintiff Escort, and she indicated that Escort is opposed to the relief requested by this Motion.

/s/ Michael R. Ellis
Michael R. Ellis

## CERTIFICATE OF SERVICE

I hereby certify that this document has been served upon all counsel of record by means of the Court's ECF system, on this day, September 4, 2018.

/s/ David B. Conrad
David B. Conrad