## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **ESCORT INC.,**<br><br>                    **Plaintiff,**<br><br>           **v.**<br><br>**UNIDEN AMERICA CORPORATION,**<br><br>               **Defendant.** | **CASE NO. 3:18-cv-161-N**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## UNIDEN AMERICA CORPORATION'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Uniden America Corporation ("Uniden" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Escort Inc.'s ("Plaintiff" or "Escort") Original Complaint for Patent Infringement ("Complaint"). Uniden denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs.[1]

## NATURE OF THE ACTION AND FACTUAL BACKGROUND

1.      Uniden admits that the Complaint purports to set forth an action for infringement of U.S. Patent Nos. RE39,038 (the "'038 Patent"), RE40,653 (the "'653 Patent"), and 7,576,679 (the "'679 Patent") (collectively, the "Asserted Patents") under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq.*, and that Plaintiff purports to seek damages and injunctive relief, but Uniden denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Uniden denies any remaining allegations in Paragraph 1 of the Complaint.

---

[1] For avoidance of doubt, Uniden denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings or footnotes of the Complaint.

2.      Uniden is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3.      Uniden is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.      Uniden is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, on that basis, denies all such allegations.

5.      Uniden admits that the Asserted Patents are directed to a radar detector that utilizes factors such as vehicle speed and location to determine whether to generate an alert. Uniden denies that the Asserted Patents are valid and enforceable. Uniden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and, on that basis, denies all such allegations.

6.      Uniden admits that the Uniden GPSRD was introduced in 2001 and was ultimately discontinued. Uniden denies that the GPSRD lacked the ability to filter out false alerts based on location and that "the only real benefit of the Uniden GPSRD was that it would provide you with your exact GPS coordinates." Uniden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint and, on that basis, denies all such allegations.

7.      Uniden admits that, in 2007, Uniden announced the Uniden MapTrax device, but denies that the MapTrax device "infringed on Escort's patent." Uniden is without knowledge or information sufficient to form a belief as to the truth of the other allegations concerning what the

website RadarBusters.com "noted" and, on that basis denies all such allegations.  Uniden denies the remaining allegations in Paragraph 7 of the Complaint.

8.      Uniden admits that the LRD950, the R3, and the DFR7 radar detectors were available in 2015. Uniden denies any remaining allegations in Paragraph 8 of the Complaint.

9.      Uniden admits that the LRD950, the R3, and the DFR7 radar detectors "offer desirable features." Uniden denies the remaining allegations in Paragraph 9 of the Complaint.

10.     Uniden admits that the R3 Manual speaks for itself. Uniden denies any remaining allegations in Paragraph 10 of the Complaint.

11.     Uniden denies the allegations in Paragraph 11 of the Complaint.

12.     Uniden admits that it is aware of one or more of the Asserted Patents. Uniden denies it is committing or has committed acts of infringement of any of the Asserted Patents and, on that basis denies the remaining allegations in Paragraph 12 of the Complaint.

13.     Uniden denies it is committing or has committed acts of infringement of any of the Asserted Patents and denies Escort is entitled to any relief and, on that basis denies the allegations in Paragraph 13 of the Complaint.

## THE PARTIES

14.     Uniden is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15.     Uniden admits the allegations in Paragraph 15 of the Complaint.

## JURISDICTION AND VENUE

16.     Uniden incorporates its admissions, averments, and denials in Paragraph 1 above as if set forth fully herein. Uniden denies any remaining allegations in Paragraph 16 of the Complaint.

17.     Uniden admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18.     Uniden does not contest that this Court has personal jurisdiction over Uniden in this case. Uniden admits that it conducts business in the State of Texas and in this judicial district and that its principal place of business is located in Irving, Texas.

19.     Uniden incorporates its admissions, averments, and denials in Paragraph 18 above as if set forth fully herein. Uniden denies it has committed or is committing acts of infringement within the State of Texas or in this judicial district and, on that basis, denies the remaining allegations of Paragraph 19 of the Complaint.

## [ALLEGED] CAUSES OF ACTION

### *Count One: [Alleged] Infringement of U.S. Patent No. RE39,038*

20.     Uniden incorporates by reference each of its responses set forth in Paragraphs 1-19 above as if fully set forth herein.

21.     Uniden admits that the purported copy of the '038 Patent that is attached to the Complaint as Exhibit 1 is entitled "Method and Apparatus for Alerting an Operator of a Motor Vehicle to an Incoming Radar Signal" and appears to have issued on March 28, 2006. Uniden denies it has committed or is committing acts of infringement of the '038 Patent and denies that the claims of the '038 Patent are "valid and enforceable." Uniden is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and, on that basis, denies all such allegations.

22.　　Uniden denies the allegations in Paragraph 22 of the Complaint.

23.　　Uniden admits that it is aware of the '038 Patent. Uniden denies the remaining allegations in Paragraph 23 of the Complaint.

24.　　Uniden denies the allegations in Paragraph 24 of the Complaint.

25.　　Uniden denies the allegations in Paragraph 25 of the Complaint.

### Count Two: [Alleged] Infringement of U.S. Patent No. RE40,653

26.　　Uniden incorporates by reference each of its responses set forth in Paragraphs 1-25 above as if fully set forth herein.

27.　　Uniden admits that the purported copy of the '653 Patent that is attached to the Complaint as Exhibit 2 is entitled "Radar Detector for Detecting Police Radar That Receives GPS Data," and appears to have issued on March 10, 2009. Uniden denies it has committed or is committing acts of infringement of the '653 Patent and denies that the claims of the '653 Patent are "valid and enforceable." Uniden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint and, on that basis, denies all such allegations.

28.　　Uniden denies the allegations in Paragraph 28 of the Complaint.

29.　　Uniden admits that it is aware of the '653 Patent. Uniden denies the remaining allegations in Paragraph 29 of the Complaint.

30.　　Uniden denies the allegations in Paragraph 30 of the Complaint.

31.　　Uniden denies the allegations in Paragraph 31 of the Complaint.

### *Count Three: [Alleged] Infringement of U.S. Patent No. 7,576,679*

32.     Uniden incorporates by reference each of its responses set forth in Paragraphs 1-31 above as if fully set forth herein.

33.     Uniden admits that the purported copy of the '679 Patent that is attached to the Complaint as Exhibit 3 is entitled "Radar Detector for Detecting Police Radar That Receives GPS Data" and appears to have issued on August 18, 2009. Uniden denies it has committed or is committing acts of infringement of the '679 Patent and denies that the claims of the '679 Patent are "valid and enforceable." Uniden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint and, on that basis, denies all such allegations.

34.     Uniden denies the allegations in Paragraph 34 of the Complaint.

35.     Uniden admits that it is aware of the '679 Patent. Uniden denies the remaining allegations in Paragraph 35 of the Complaint.

36.     Uniden denies the allegations in Paragraph 36 of the Complaint.

37.     Uniden denies the allegations in Paragraph 37 of the Complaint.

### [PLAINTIFF'S] PRAYER FOR RELIEF

Uniden denies the Plaintiff is entitled to any relief from Uniden and denies all the allegations contained in Paragraphs (1)-(6) of Plaintiff's Prayer for Relief.

### [PLAINTIFF'S] DEMAND FOR JURY TRIAL

Uniden is not required to provide a response to Plaintiff's request for a trial by jury.

### AFFIRMATIVE DEFENSES

Uniden's Affirmative Defenses are listed below. Uniden reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Uniden has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the Asserted Patents.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patents against Uniden is barred by the doctrine of inequitable conduct.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to any of the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Uniden's actions allegedly infringe the Asserted Patents, Uniden is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Uniden indirectly infringes, either by contributory infringement or inducement of infringement, Uniden is not liable to Plaintiff for the acts alleged to have been performed before Uniden knew that its actions would cause indirect infringement.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patents against Uniden is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by Uniden.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Uniden makes, uses, or sells each claimed element of any asserted claim, or that Uniden directs or controls another entity to make, use, or sell any element that is not made, used, or sold by Uniden.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because at least the '038 Patent does not claim patentable subject matter under 35 U.S.C. § 101.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system or method employed by Uniden infringes any valid claim of the Asserted Patents.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by res judicata and/or claim preclusion. As one example, Plaintiff is barred from asserting claims of the '679 Patent that are patently indistinct from (1) the claims of U.S. Patent No. 6,670,905 held invalid in a final written decision by the Patent Trial and Appeal Board in IPR2013-00240 and (2) the claims of U.S. Patent No. 7,999,721 held invalid in

a final written decision by the Patent Trial and Appeal Board in IPR2013-00203. Plaintiff is further barred from asserting issues litigated and lost in light of at least *Fleming v. Escort, Inc. et al* and related litigation, including but not limited to any alleged prior invention by Orr or others associated with Escort to the later acquired '038 and '653 reissue patents.

## THIRTEENTH AFFIRMATIVE DEFENSE

At least the '679 Patent is unenforceable due to patent misuse. Plaintiff is knowingly asserting claims of the '679 Patent that are patently indistinct from claims of one or more invalid related patents, including: (1) the claims of U.S. Patent No. 6,670,905 (Orr '905) held invalid in a final written decision by the Patent Trial and Appeal Board in IPR2013-00240 and (2) the claims of U.S. Patent No. 7,999,721 (Orr '721) held invalid in a final written decision by the Patent Trial and Appeal Board in IPR2013-00203.

For example, during prosecution of the application leading to the '679 patent, the examiner provided a list of references cited and considered in connection with the first office action issued on April 17, 2008. The Orr '905 patent was not listed by the examiner, despite it being identified in the text of the specification as a "related" patent.

In the first office action, the examiner rejected some claims, but allowed independent claim 41 and dependents 42-44. Claim 41 recited:

> 41. A police activity detector comprising:
>
> > a receiver section adapted to receive electromagnetic signals indicative of police activity;
> >
> > an alert section responsive to the receiver section and adapted to provide an alert if a received electromagnetic signal correlates to a police signal;
> >
> > a digital interface connector compliant with the mini-B USB standard;
> >
> > wherein said police activity detector is configurable in response to digital signals received via said digital interface connector.

The applicant was aware of the materiality of the Orr '905 patent to at least these claims found allowable, because he made a deliberate effort to call the examiner's attention to the Orr '905 patent as prior art under § 102(b). On March 17, 2009, the applicant submitted an information disclosure statement identifying Orr '905, stating:

> Applicant is filing this Information Disclosure Statement to ensure the Examiner has specifically considered three patents that were examined by him in the past.
>
> First Applicant wishes to confirm the Examiner has considered the related prior application of the Inventor, which is now U.S. Patent No. 6,670,905, and in particular considered its relevance as prior art under 35 U.S.C. §102(b). (The opening paragraph of the present application identifies the '905 patent as related, but does not claim benefit of the '905 filing date for the subject matter claimed herein.)

The applicant, however, did not call the examiner's specific attention to any particular claims, including claims 41-44, or the disclosures of the Orr '905 patent.

The foregoing claims 41-44 issued as asserted claims 40-43 to the '679 Patent.

The Orr '905 patent was later subject to a petition for inter partes review, case number IPR2013-00240. The prior art grounds asserted included invalidity under § 102 and § 103 in light of U.S Patent Nos. 6,252,544, 6,204,798, or a combination of both.

In a Final Written Decision entered on September 29, 2014, the PTAB found numerous claims of Orr '905 unpatentable over the prior art, including claim 84. Invalid claim 84 of Orr '905 is patentably indistinguishable from asserted claim 40 of the '679 patent, as seen below:

| 40. A police activity detector comprising: | 81. A police warning receiver comprising: |
| --- | --- |
| a receiver section adapted to receive electromagnetic signals indicative of police activity; | a receiver section adapted to receive electromagnetic signals indicative of police activity; |
| an alert section responsive to the receiver section and adapted to provide an alert if a received electromagnetic signal correlates to a police signal; | an alert section responsive to the receiver section and adapted to provide an alert if a received electromagnetic signal correlates to a police signal; and |
| a digital interface connector compliant with the mini-B USB standard; | a digital interface connector, |
| wherein said police activity detector is configurable in response to digital signals received via said digital interface connector. | wherein said police warning receiver is configurable in response to digital signals received via said digital interface connector. |
|  | 84. The police warning receiver of claim 81 wherein said interface connector complies with one of a universal serial bus standard, an automotive wiring standard, the J1866, CAN, BH12 and LIN standards. |

Plaintiff is aware of the final written decisions because Plaintiff participated in both proceedings as the Patent Owner of the '905 Patent and the '721 Patent.

Thus, by asserting at least claim 40 of the '679 patent, Plaintiff is deliberately asserting claims that it knows to be invalid under at least U.S Patent Nos. 6,252,544, 6,204,798, or a combination of both.

Furthermore, as the applicant conceded during prosecution, the '679 patent does not claim priority to, and cannot benefit from the earlier filing date of, the Orr '905 patent. The Orr '905 patent is, in fact, prior art to the '679 patent under at least 35 U.S.C. § 102(b), and is an independent basis by which—as seen in the above chart—Escort knows the asserted claims to be invalid in light of prior art.

Consequently, Escort contends in this litigation that the asserted claims of the '679 patent are entitled to a statutory expiration date beyond the statutory right to exclude of its Orr '905 patent, even though the asserted claims are patentably indistinct from those of the Orr '905 patent. Thus, by pursuing this litigation and seeking royalties and a permanent injunction, Escort

is deliberately seeking an unjustified time wise extension of the right to exclude that it had received by its Orr '905 patent.

Plaintiff and Uniden compete in the marketplace for police radar and laser detectors because both Plaintiff and Uniden market and sell GPS-enabled radar detector systems in the United States. By asserting claims of the '679 Patent that Plaintiff knows are invalid against Uniden, Plaintiff is improperly attempting to extract undue royalties or wrongfully exclude Uniden from the marketplace.

**UNIDEN'S COUNTERCLAIMS**

For its counterclaims against Plaintiff Escort Inc. ("Escort"), Counterclaim Plaintiff Uniden America Corporation ("Uniden") alleges as follows:

**PARTIES**

1.      Counterclaim Plaintiff Uniden is a corporation organized and existing under the laws of the State of Delaware, with an office located at 3001 Gateway Dr., Suite 130, Irving, TX 75653.

2.      Upon information and belief based solely on Paragraph 14 of the Complaint as pled by Plaintiff, Counterclaim Defendant Escort Inc. is an Illinois corporation with a principal place of business at 5440 West Chester Road, West Chester, Ohio 45069.

**JURISDICTION**

3.      Uniden incorporates by reference Paragraphs 1–2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.,* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.      Escort has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.     Based solely on Escort's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

7.     Uniden incorporates by reference Paragraphs 1–6 above.

8.     Based on Escort's filing of this action and at least Uniden's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Uniden infringes U.S. Patent Nos. RE39,038 (the "'038 Patent"); RE40,653 (the "'653 Patent"); and/or 7,576,679 (the "'679 Patent") (collectively, the "Asserted Patents").

9.     Uniden does not infringe any valid, enforceable claim of the Asserted Patents.

10.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* Uniden requests a declaration by the Court that Uniden has not infringed and does not infringe any claim of the Asserted Patents under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

11.    Uniden incorporates by reference Paragraphs 1–10 above.

12.    Based on Escort's filing of this action and at least Uniden's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

13.    The asserted claims of the Asserted Patents are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent No. 4,841,302, U.S. Patent No. 6,246,948, and U.S. Patent No. 6,449,540.

14.    The asserted claims of the '679 Patent are further anticipated and/or rendered obvious by, *inter alia*, the '038 Patent and the '653 Patent.

15.    The asserted claims of the '038 Patent are invalid under 35 U.S.C. § 101 because each and every claim is drawn to the abstract idea of filtering information without any meaningful limitations.

16.    The asserted claims of the '038 Patent are also invalid under 35 U.S.C. § 112, first paragraph, because the specification as filed does not enable or describe the claimed systems and methods. For example, the specification does not enable or describe the full scope of "generating an alert if the at least one characteristic is not similar to a predetermined characteristic," "operable to disable an alert to the incoming radar signal based at least in part upon the position of the radar detector," "operable to disable the alert based at least in part upon the velocity of the radar detector," "operable to disable the alert based at least in part upon the frequency of the incoming radar signal," and/or "operable to enable the alert based at least in part upon the frequency of the incoming radar signal."

17.    The asserted claims of the '038 Patent are also invalid under 35 U.S.C. § 112, second paragraph, for failing to particularly point out and distinctly claim the subject matter which the applicants regard as their invention. In particular, at least the following claim terms/phrases are indefinite: "predetermined distance," "similar to," "predetermined frequency range," "predetermined radar frequency," "operable to disable," "based at least in part," "determining the position of a radar detector," "determining the velocity of the device," "determining the distance between the position of the radar detector and another device," "determining the bearing between the position of the radar detector and another position," "[determining] / [determines] a [first] / [second] position of the radar detector," "the global positioning system is operable to provide the

microprocessor with data that indicates the velocity of the radar detector," "the global positioning system receiver is operable to provide the microprocessor with data that indicates the heading of the radar detector," "the microprocessor is operable to disable the alert based at least in part upon the signal strength of the incoming radar signal," "the microprocessor is operable to enable the alert based at least in part upon the signal strength of the incoming radar signal," and/or "operable to enable."

18.     The asserted claims of the '653 Patent are also invalid under 35 U.S.C. § 112, first paragraph, because the specification as filed does not enable or describe the claimed systems and methods. For example, the specification does not enable or describe the full scope of "data based at least in part upon," "muting an audible alert based upon data received from the button," "storing data in the non-volatile memory based upon data received from the button," "storing the second position in the non-volatile memory based at least in part upon data received from the button," "storing the second position and the frequency of the incoming radar signal in the non-volatile memory based upon data received from the button," "storing the second position and data related to the frequency of the incoming radar signal in the non-volatile memory based upon data received from the button," "storing data in the non-volatile memory based upon data received from the mute button," "storing the second position in the non-volatile memory based upon data received from the mute button," "storing the second position and the frequency of the incoming radar signal in the non-volatile memory based upon data received from the mute button," "storing the second position and data related to the frequency of the incoming radar signal in the non-volatile memory based upon data received from the mute button," "performing an act that is unrelated to muting an alert based upon data received from the mute button," "storing the second position in the non-volatile memory based upon first data received from the button," "performing an act that is

unrelated to storing a position in the non-volatile memory based upon second data received from the button," "stores data in the non-volatile memory based upon data received from the button," "stores the second position and the frequency of the incoming radar signal in the non-volatile memory based upon data received from the button," "stores data in the non-volatile memory based upon data received from the mute button," "stores the second position in the non-volatile memory based upon data received from the mute button," "stores at least two items in the non-volatile memory based upon data received from the mute button," "performs an act that is unrelated to muting an alert based upon data received from the mute button," "stores data related to the second position in the non-volatile memory based upon first data received from the button," and/or "performing an act that is unrelated to storing a position in the non-volatile memory based upon second data received from the button."

19.     The asserted claims of the '653 Patent are also invalid under 35 U.S.C. § 112, second paragraph, for failing to particularly point out and distinctly claim the subject matter which the applicants regard as their invention. In particular, at least the following claim terms/phrases are indefinite: "data based at least in part upon," "muting an audible alert based upon data received from the button," "storing data in the non-volatile memory based upon data received from the button," "storing the second position in the non-volatile memory based at least in part upon data received from the button," "storing the second position and data related to the frequency of the incoming radar signal in the non-volatile memory based upon data received  from the button," "storing data in the non-volatile memory based upon data received from the mute button," "storing the second position in the non-volatile memory based upon data received from the mute button," "storing the second position and the frequency of the incoming radar signal in the non-volatile memory based upon data received from the mute button," "performing an act that is unrelated to

muting an alert based upon data received from the mute button," "storing the second position in the non-volatile memory based upon first data received from the button," "performing an act that is unrelated to storing a position in the non-volatile memory based upon second data received from the button," "stores data in the non-volatile memory based upon data received from the button," "stores the second position and the frequency of the incoming radar signal in the non-volatile memory based upon data received from the button," "stores data in the non-volatile memory based upon data received from the mute button," "stores the second position in the non-volatile memory based upon data received from the mute button," "stores at least two items in the non-volatile memory based upon data received from the mute button," "performs an act that is unrelated to muting an alert based upon data received from the mute button," "stores data related to the second position in the non-volatile memory based upon first data received from the button," and/or "performing an act that is unrelated to storing a position in the non-volatile memory based upon second data received from the button."

20.     The asserted claims of the '679 Patent are also invalid under 35 U.S.C. § 112, first paragraph, because the specification as filed does not enable or describe the claimed systems and methods. For example, the specification does not enable or describe the full scope of "a warning section responding to the receiver section and providing a warning if a received signal correlates to a law enforcement signal," "configurable in response to digital signals received via said digital interface connector," "receiving signals indicative of vehicle motion from a position determining circuit," "a warning section responding to a signal received by the receiver section greater than a threshold strength," "providing a warning if a received signal correlates to a law enforcement signal," and/or "determining the threshold strength in relation to vehicle speed data and input from a user of the detector."

21.     The asserted claims of the '679 Patent are also invalid under 35 U.S.C. § 112, second paragraph, for failing to particularly point out and distinctly claim the subject matter which the applicants regard as their invention. In particular, at least the following claim terms/phrases are indefinite: "police signal," "law enforcement signal," "being responsive to," "adapted to," "indicative of police activity," "signals generated in the context of law enforcement activity," and/or "until at least said signals indicative of vehicle motion indicate vehicle motion over a distance."

22.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* Uniden requests a declaration by the Court that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## COUNT III

## DECLARATION REGARDING UNENFORCEABILITY DUE TO PATENT MISUSE

23.     Uniden incorporates by reference Paragraphs 1–22 above.

24.     Based on Escort's filing of this action and at least Uniden's Thirteenth Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the enforceability of at least the '679 Patent.

25.     For the reasons set forth in Uniden's Thirteenth Affirmative Defense, which is hereby incorporated by reference in its entirety as if fully set forth herein, the '679 Patent is unenforceable as a result of Escort's patent misuse.

26.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* Uniden requests a declaration by the Court that at least the '679 Patent is unenforceable as a result of Escort's patent misuse.

## PRAYER FOR RELIEF

WHEREFORE, Uniden asks this Court to enter judgment in Uniden's favor and against Escort by granting the following relief:

a)      a declaration that the Asserted Patents are invalid;

b)      a declaration that Uniden does not infringe, under any theory, any valid claim of the Asserted Patents that may be enforceable;

c)      a declaration that the Asserted Patents are unenforceable;

d)      a declaration the Escort take nothing by its Complaint;

e)      judgment against Escort and in favor of Uniden;

f)      dismissal of the Complaint with prejudice;

g)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Uniden of its costs and attorneys' fees incurred in this action; and

h)      further relief as the Court may deem just and proper.

## JURY DEMAND

Uniden hereby demands trial by jury on all issues.

Dated:  January 7, 2019                    Respectfully submitted,

                                           **FISH & RICHARDSON P.C.**


                                           By:  */s/ David B. Conrad*
                                           _____
                                                Neil J. McNabnay
                                                mcnabnay@fr.com
                                                Texas Bar No. 24002583
                                                David B. Conrad
                                                conrad@fr.com
                                                Texas Bar No. 24049042
                                                Theresa M. Dawson
                                                tdawson@fr.com
                                                Texas Bar No. 24065128

                                                1717 Main Street, Suite 5000
                                                Dallas, Texas  75201
                                                (214) 747-5070 - Telephone
                                                (214) 747-2091 - Facsimile

                                           **COUNSEL FOR DEFENDANT**
                                           **UNIDEN AMERICA CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 7, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV 5-1(d).

*/s/ David B. Conrad*
David B. Conrad