IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESCORT INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-0161-N |
| | § | |
| UNIDEN AMERICA CORPORATION, | § | |
| | § | |
| Defendant. | § | |

# ORDER

This Order addresses Defendant Uniden America Corporation's ("Uniden") Partial Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [14]. The Court denies the motion for the reasons stated below.

This case arises from Defendant Uniden's alleged infringement of U.S. Patent No. RE39,038, U.S. Patent No. RE40,653, and U.S. Patent No. 7,576,679. The asserted patents generally cover radar detectors used to detect police signals. Plaintiff Escort Inc. alleges that it is an industry leader in radar and laser detection technology and that its patented technology improved the function of radar detectors by improving the accuracy of generated alerts. Uniden moved to dismiss U.S. Patent No. RE39,038 (the '038 Patent) entitled "Method and apparatus for alerting an operator of a motor vehicle to an incoming radar signal" on the basis that it is directed to the abstract idea, without claiming a specific unconventional mechanism for accomplishing it.

Section 101 states that a patent can be obtained for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. "Whether a claim is drawn to patent-eligible subject matter is an issue of law." *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1331 (Fed. Cir. 2010); see also *In re Bilski*, 545 F.3d 943, 950 (Fed. Cir. 2008) (whether a "claim is drawn to patent-eligible subject matter under § 101 is a threshold inquiry"). The Supreme Court articulated a two-step approach for resolving whether a claim falls outside the scope of section 101. First, the Court must determine whether the claims at issue are directed to a patent-ineligible concept. *Alice Corp. Pty Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014). If so, the Court then "consider[s] the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id*. (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 78 (2012)).

Under the first step, the Court determines if the claim at issue falls into an exception to section 101. Courts have "long grappled with the exception that '[l]aws of nature, natural phenomena, and abstract ideas are not patentable.'" *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016) (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013)). Not "all improvements in computer-related technology are inherently abstract and, therefore, must be considered at step two." *Id*. at 1335. Where claims simply add "conventional computer components to well-known business practices," they are directed toward an abstract idea because computers are merely

invoked as a tool. *Id*. at 1338.  On the other hand, if "the focus of the claims is on the specific asserted improvement in computer capabilities," then the claim may not be directed at an abstract idea. *Id*. at 1337.  In *Enfish*, the Court concluded that the claims at issue were not directed to an abstract idea but instead focused on an "improvement to computer functionality itself, not on economic or other tasks for which a computer is used in its ordinary capacity." *Id*.

Uniden argues that the '038 Patent is directed to the abstract idea of filtering information and uses nothing more than generic components to accomplish it.  Brief in Supp. at 3 [15].  The Court disagrees and holds that under the first step of *Alice*, the '038 Patent does not fall outside the scope of section 101.  The '038 Patent is directed to improving the function of radar detectors by reducing false alerts.  It claims a radar detector that utilizes the position, velocity, and heading data from a GPS receiver to determine whether to generate the alert.  The claimed improvement thus relies on specific steps to improve the resulting alert by "limit[ing] the detection of signals that do not emanate from law enforcement." Escort's Resp. at 7 [19].  This process improves the prior art by ensuring that the radar detector only alerts users when their speed is at risk of being recorded by law enforcement. *Id*. at 3.  Merely because the improvement over the prior art relies on a process or algorithm, does not take the claimed invention outside section 101.  Similar to *Enfish*, the claims of the '038 Patent are not directed to an abstract idea, but instead focus on the improvement of existing radar detectors.  Accordingly, the Court denies Uniden's partial motion to dismiss the '038 Patent and does not reach the second step of *Alice*.

Signed February 4, 2019.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 4