# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| ESCORT INC., | |
| Plaintiff, | CASE NO 3:18-cv-161-N |
| v. | PATENT CASE |
| UNIDEN AMERICA CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

## UNIDEN AMERICA CORPORATION'S BRIEF IN OPPOSITION TO ESCORT'S MOTION TO STRIKE AND OPPOSED MOTION TO AMEND

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I. SUMMARY OF THE ARGUMENT ..................................................................... 1

II. STATEMENT OF THE RELEVANT FACTS ..................................................... 2

III. ARGUMENT ....................................................................................................... 3

  A. Escort's Motion to Strike Should Be Denied for Failure to comply with the Local Rules .................................................................................. 3

    1. A Motion To Strike Requires a Meet and Confer and a Certificate of Conference under Local Rule 7.1 ................................ 3

    2. Escort Failed To Comply with Local Rule 7.1 .................................... 3

  B. Escort's Motion to Strike Should be denied as Untimely and On the Merits ................................................................................................... 4

    1. Legal Framework .............................................................................. 4

      (a) Motion to Strike ..................................................................... 4

      (b) Motion to Dismiss .................................................................. 5

      (c) Patent Misuse ......................................................................... 5

    2. Escort's Motion to Strike Should Be Denied as Untimely as to Uniden's Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses .................................................. 6

    3. Escort's Motion to Strike Should Be Denied on the Merits ................ 7

      (a) Uniden's Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses are Sufficiently Pled and Not "Redundant" .......................................................................... 8

      (b) Uniden Provides Sufficient Background Material to Support Its Third and Sixth Affirmative Defenses ............................. 10

      (c) Uniden's Thirteenth Affirmative Defense and Third Counterclaim Are Sufficiently Pled ...................................... 12

  C. Uniden Should Be Granted Leave to Amend Its Answer ........................... 15

    1. Legal Framework for Leave to Amend .............................................. 15

2.      Good Cause Exists for Uniden to Amend Its Answer ........................17

IV.  CONCLUSION.................................................................................................... 19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1st United Telecom, Inc. v. MCI Commc'ns Servs., Inc.*,
No. 3:10-CV-2255-B, 2011 WL 2292265 (N.D. Tex. June 8, 2011) ............................ 4

*Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*,
306 F.2d 862 (5th Cir. 1962) ........................................................................... 4

*Brown v. Aetna Life Ins. Co.*,
No. EP-13-CV-131-KC, 2013 WL 3442042 (W.D. Tex. July 8, 2013) ...................... 8, 9

*Brown v. Bridges*,
No. 12-CV-4947-P, 2015 WL 11121361 (N.D. Tex. Jan. 30, 2015) ................................ 3

*C.R. Bard, Inc. v. M3 Sys., Inc.*,
157 F.3d 1340 (Fed. Cir. 1998) ......................................................................... 5

*Cuvillier v. Sullivan*,
503 F.3d 397 (5th Cir. 2007) ........................................................................... 5

*Dussouy v. Gulf Coast Inv. Corp.*,
660 F.2d 594 (5th Cir. 1981) ...................................................................... 15, 16

*Eagle Railcar Servs.-Roscoe, Inc. v. NGL Crude Logistics, LLC*,
No. 1:16-CV-0153-BL, 2018 WL 2317696 (N.D. Tex. May 22, 2018) .......................... 3

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
575 F.3d 1312 (Fed. Cir. 2009) ....................................................................... 11

*Fin. Acquisition Partners, LP v. Blackwell*,
440 F.3d 278 (5th Cir. 2006) .......................................................................... 16

*Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*,
45 F.3d 1550 (Fed. Cir. 1995) ........................................................................... 6

*Jebaco Inc. v. Harrah's Operating Co. Inc.*,
587 F.3d 314 (5th Cir. 2009) .......................................................................... 16

*Johnson v. Karr*,
No. 3:16-CV-1563-D, 2017 WL 2362043 (N.D. Tex. May 31, 2017) ..................... 17, 18

*Jones v. Robinson Prop. Grp., L.P.*,
427 F.3d 987 (5th Cir. 2005) ...................................................................... 15, 16

*Lorali, Inc. v. SMK Assocs., LLC,*
  No. 13-CV-22204, 2014 WL 12536977 (S.D. Fla. Aug. 26, 2014) ................................. 7

*Nalco Co. v. Turner Designs, Inc.,*
  No. 13-CV-02727 NC, 2014 WL 645365 (N.D. Cal. Feb. 19, 2014)................... 6, 13, 14

*Novikova v. Puig,*
  No. 3:09-CV-1655, 2012 WL 13026788 (N.D. Tex. Aug. 10, 2012) ...................... 17, 18

*Olibas v. Barclay,*
  No. 3:11-cv-2388, 2013 WL 12143945 (N.D. Tex. May 10, 2013) .............................. 18

*Princo Corp. v. Int'l Trade Comm'n,*
  616 F.3d 1318 (Fed. Cir. 2010)...................................................................................... 6

*Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC,*
  No. 3:12-CV-0149-D, 2012 WL 5875603 (N.D. Tex. Nov. 21, 2012) ...........................17

*Raines v. Switch Mfg.,*
  No. 96–cv–02648 DLJ, 1997 WL 578547 (N.D. Cal. July 28, 1997)......................6, 13

*Reinforced Earth Co. v. T & B Structural Sys.,*
  No. 3:12-CV-2704-N, 2013 WL 10989994 (N.D. Tex. Jan. 30, 2013) ............... *passim*

*Resonant Sensors Inc. v. SRU Biosystems, Inc.,*
  No. 08-CV-01978-M, 2010 WL 11530761 (N.D. Tex. June 8, 2010) ..........................15

*S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.,*
  315 F.3d 533 (5th Cir. 2003) ...............................................................................16, 18

*Software Publishers Ass'n v. Scott & Scott, LLP,*
  No. 3:06–CV–0949, 2007 WL 2325585 (N.D. Tex. Aug. 15, 2007)...................... 9, 10

*U.S. Philips Corp. v. Int'l Trade Comm'n,*
  424 F.3d 1179 (Fed. Cir. 2005) ..........................................................................5, 6, 14

*UnitedHealthcare Servs., Inc. v. Next Health, LLC,*
  No. 3:17-CV-0243-S, 2018 WL 3520429 (N.D. Tex. July 20, 2018) ........................... 5

*VG Innovations, Inc. v. Minsurg Corp.,*
  No. 8:10–cv–1726–T–33MAP, 2011 WL 1466181 (M.D. Fla. 2011).......................... 14

*Wallace v. Neiman Marcus Corp.,*
  No. 3:11-CV-859-M, 2011 WL 6029781 (N.D. Tex. Nov. 4, 2011)...........................5, 15

*Wiggs v. Home Depot USA, Inc.,*
  No. 3:08-CV-0356-N, 2010 WL 11545537 (N.D. Tex. June 7, 2010),
  aff'd, 425 F. App'x 309 (5th Cir. 2011) ........................................................................ 7

**Statutes**

35 U.S.C. § 101 ......................................................................................................... 2, 9

**Other Authorities**

Fed. R. Civ. P. 6 ........................................................................................................ 2

Fed. R. Civ. P. 8 ................................................................................................ 7, 8, 10

Fed. R. Civ. P. 9 ...................................................................................................... 11

Fed. R. Civ. P. 12 ...............................................................................................4passim

Fed. R. Civ. P. 15 ................................................................................................ 15, 16

Fed. R. Civ. P. 16 ................................................................................................... 16

Local Rule 7.1 .................................................................................................1, 3, 4

Defendant Uniden America Corporation hereby files this Opposition to Escort's Motion to Strike and Opposed Motion to Amend, in support thereof, would respectfully show the Court as follows:

## I.  SUMMARY OF THE ARGUMENT

Escort's Motion to Strike should be denied for numerous reasons. First, Escort failed to comply with the conference requirements of Local Rule 7.1. Second, Escort waived its challenge to eight of Uniden's affirmative defenses by failing to object to them within 21 days after Uniden filed its Original Answer. But even if Escort's Motion to Strike was timely, it should nevertheless be denied. None of Uniden's Affirmative Defenses is "redundant" of Uniden's First and Second Affirmative Defenses because each touches on a separate and distinct issue to be decided in this case. Uniden provided ample facts throughout its Amended Answer to support all of its defenses and counterclaims, including its Affirmative Defense and Counterclaim of patent misuse. And, at least with respect to Escort's Rule 12(b)(6) challenge, these facts must be taken as true.

Moreover, good cause exists to amend Uniden's answer, which was timely filed. Uniden's newly raised Affirmative Defense of res judicata and/or claim preclusion and its Affirmative Defense and Counterclaim of patent misuse are important because they are potentially dispositive to at least one of the three Asserted Patents. Escort alleges infringement of claims that are virtually identical to patent claims that were found invalid by the Patent & Trademark Appeals Board in an *inter partes* review proceeding. Moreover, Escort was provided ample notice of Uniden's Amended Answer because it was filed within the deadline to amend pleadings. Uniden's amendment will not result in undue delay as no trial date has been set, discovery is ongoing, and any potential prejudice can be cured by a continuance.

Both Uniden's Affirmative Defenses and its Counterclaims are sufficiently pled. Escort has thus failed to provide any ground for striking and/or dismissing them. For these reasons, Uniden requests that the Court deny Escort's Motion to Strike and grant Uniden leave to file its Amended Answer.

## II.      STATEMENT OF THE RELEVANT FACTS

Escort filed its Original Complaint for Patent Infringement on December 18, 2017, alleging infringement of U.S. Patent Nos. RE39,038, RE40,653, and 7,576,679 (collectively, the "Asserted Patents"). Dkt. No. 1. On April 27, 2018, Uniden filed a Partial Rule 12(b)(6) Motion to Dismiss the claims of infringement of the '038 Patent pursuant to 35 U.S.C. § 101. Dkt. Nos. 14-15. Uniden also filed an Answer, Affirmative Defenses, and Counterclaims ("Original Answer") on April 27, 1018. Dkt. No. 16. On July 10, 2018, the Court entered a Scheduling Order, setting a January 7, 2019 deadline to amend pleadings.[1] Dkt. No. 24.

On January 7, 2019, Uniden filed a First Amended Answer, Affirmative Defenses, and Counterclaims ("Amended Answer"). Dkt. No. 43. In its Amended Answer, Uniden included two new affirmative defenses for: (1) res judicata/claim preclusion (Twelfth Affirmative Defense); and (2) patent misuse (Thirteenth Affirmative Defense). *Id.* at 8-12. Uniden further included a third counterclaim for patent misuse ("Third Counterclaim" or "Count III"). *Id.* at 18-19. On January 21, 2019, Escort moved to strike several of Uniden's affirmative defenses, including those that had been previously asserted in

---

[1] The deadline is calculated by adding 180 days after July 10, 2018—the date on which the Scheduling Order was entered. Because this date fell on a Sunday (January 6, 2019), the deadline was Monday, January 7, 2019. *See* Fed. R. Civ. P. 6(a)(1), 6(a)(5).

Uniden's Original Answer, and moved to dismiss Uniden's Third Counterclaim ("Motion to Strike"). Dkt. No. 49.

## III.   ARGUMENT

### A.   Escort's Motion to Strike Should Be Denied for Failure to comply with the Local Rules

#### 1.   A Motion To Strike Requires a Meet and Confer and a Certificate of Conference under Local Rule 7.1

Pursuant to Local Rule 7.1(a), "[b]efore filing a motion, an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed." L.R. 7.1(a). A motion to strike requires both a brief and a certificate of conference. L.R. 7.1(h). The certificate of conference must (1) indicate whether the motion is unopposed or opposed; and (2) state that a conference was held, indicate the date of the conference and the identities of the attorneys conferring, and explain why agreement could not be reached. L.R. 7.1(b)(1)-(2). "If a conference was not held, the certificate must explain why it was not possible to confer . . . ." L.R. 7.1(b)(3).

#### 2.   Escort Failed To Comply with Local Rule 7.1

Escort's motion fails to comply with Local Rule 7.1 because Escort: (1) did not confer with Uniden's counsel to determine whether the motion is opposed; and (2) did not include a certificate of conference. The Court should thus deny Escort's Motion to Strike on this ground. *See Eagle Railcar Servs.-Roscoe, Inc. v. NGL Crude Logistics, LLC*, No. 1:16-CV-0153-BL, 2018 WL 2317696, at *17 (N.D. Tex. May 22, 2018) (denying without prejudice motion to compel and for sanctions for plaintiff's failure to adequately confer in good faith prior to filing the motion); *see also Brown v. Bridges*, No. 12-CV-4947-P, 2015 WL 11121361, at *2 (N.D. Tex. Jan. 30, 2015), on reconsideration in part,

No. 12-CV-4947-P, 2015 WL 12532137 (N.D. Tex. June 22, 2015) (noting that failure to comply with L.R. 7.1 is reason enough to deny motion to strike).

### B.    Escort's Motion to Strike Should be denied as Untimely and On the Merits

#### 1.    Legal Framework

##### (a)    Motion to Strike

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike insufficient defenses must be made within 21 days after being served with the Answer. Fed. R. Civ. P. 12(f)(2). "Motions to strike a portion of a pleading are generally viewed with disfavor and are seldom granted, as such motions seek a 'drastic remedy' and are often 'sought by the movant simply as a dilatory tactic.'" *1st United Telecom, Inc. v. MCI Commc'ns Servs., Inc.*, No. 3:10-CV-2255-B, 2011 WL 2292265, at *1 (N.D. Tex. June 8, 2011) (citations omitted).

"A motion to strike should be denied if there is any question concerning law or fact." *Id.* "However, even when dealing with a pure question of legal sufficiency, courts are still 'very reluctant' to determine such issues on a motion to strike, instead viewing such questions 'as best determined only after further development by way of discovery and a hearing on the merits, either on a summary judgment motion or at trial.'" *Id.; see also Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla*., 306 F.2d 862, 868 (5th Cir. 1962) (noting that motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice" and "should be granted only when the pleading to be stricken has no possible relation to the controversy").

(b)    **Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, a complaint "must provide the [complainant's] grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (internal citations and quotations omitted). "The court must accept well-pleaded facts as true and view them in the light most favorable to the [complainant]." *UnitedHealthcare Servs., Inc. v. Next Health, LLC*, No. 3:17-CV-0243-S, 2018 WL 3520429, at *2 (N.D. Tex. July 20, 2018). "At the motion to dismiss stage, the court does not evaluate the [complainant's] likelihood of success. It only determines whether the [complainant] has stated a claim upon which relief can be granted." *Id.*, at *3. "Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted." *Wallace v. Neiman Marcus Corp.*, No. 3:11-CV-859-M, 2011 WL 6029781, at *1 (N.D. Tex. Nov. 4, 2011).

(c)    **Patent Misuse**

"Patent misuse is an equitable defense to patent infringement." *U.S. Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179, 1184 (Fed. Cir. 2005). "The purpose of the patent misuse defense [is] to prevent a patentee from using the patent to obtain market benefit beyond that which inheres in the statutory patent right." *Id.* (internal quotation marks omitted) (citations omitted). "Patent misuse is viewed as a broader wrong than antitrust violation because of the economic power that may be derived from the patentee's right to exclude." *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998). "Thus misuse may arise when the conditions of antitrust violation are not met." *Id.* "The 'key inquiry is whether . . . the patentee has impermissibly broadened the scope of the patent

grant with anticompetitive effect.'" *U.S. Philips*, 424 F.3d at 1184 (quoting *C.R. Bard*, 157 F.3d at 1372)); *Princo Corp. v. Int'l Trade Comm'n*, 616 F.3d 1318, 1328 (Fed. Cir. 2010) ("[W]e have characterized patent misuse as the patentee's act of impermissibly broaden[ing] the physical or temporal scope of the patent grant with anticompetitive effect." (internal quotation marks omitted)).

"[T]he trend among district courts [is to] allow[] such a defense to survive a motion to dismiss so long as the defendant can allege facts to plead "bad faith and improper purpose in bringing the suit[.]'" *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 645365, at *10 (N.D. Cal. Feb. 19, 2014) (citing *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1558 (Fed. Cir. 1995) (brackets in original). To plead patent misuse, therefore, Uniden must plead facts to support a reasonable inference that Escort (1) "[acted with] bad faith and improper purpose in bringing the suit," *Glaverbel*, 45 F.3d at 1558, and (2) "impermissibly broadened the scope of the patent grant with anticompetitive effect[,]" *U.S. Philips*, 424 F.3d at 1184. *See Raines v. Switch Mfg.*, No. 96–cv–02648 DLJ, 1997 WL 578547, at *4 (N.D. Cal. July 28, 1997) ("Defendant must state how plaintiff has attempted to overbroadly and impermissibly construe its patent such as to cause an anticompetitive effect, and defendant must provide some factual basis for the allegation that plaintiff knew the patent was invalid or unenforceable when plaintiff filed the present action." (internal quotation marks omitted)).

### 2. Escort's Motion to Strike Should Be Denied as Untimely as to Uniden's Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses

In its Motion, Escort challenges the sufficiency of Uniden's Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses (the "Previously Raised

Defenses"). However, Uniden raised these affirmative defenses in its Original Answer filed on April 27, 2018, Dkt. No. 16, and Escort did not file a motion to strike them within 21 days of service, as required by Rule 12(f)(2). As such, Escort's Motion to Strike the Previously Raised Defenses should be denied as untimely and/or waived. *See, e.g., Lorali, Inc. v. SMK Assocs., LLC*, No. 13-CV-22204, 2014 WL 12536977, at *8–9 (S.D. Fla. Aug. 26, 2014) (denying motion to strike affirmative defenses raised in amended answer as untimely when plaintiff failed "to make a timely objection to those same defenses [raised in original answer] months before"); *see also Wiggs v. Home Depot USA, Inc.*, No. 3:08-CV-0356-N, 2010 WL 11545537, at *1 n.1 (N.D. Tex. June 7, 2010), aff'd, 425 F. App'x 309 (5th Cir. 2011) (denying motion to dismiss defendant's affirmative defense and noting that "even if it had not been properly pled, the motion to strike is untimely" under Rule 12(f)).

### 3.   Escort's Motion to Strike Should Be Denied on the Merits

To the extent the Court concludes that Escort did not waive its objections to Uniden's Previously Raised Defenses, Escort's Motion should be denied on the merits. A party need only "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). "In responding to a pleading, a party must affirmatively state any . . . affirmative defense." Fed. R. Civ. P. 8(c)(1). "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones," Fed. R. Civ. P. 8(d)(2), and "may state as many separate claims or defenses as it has, regardless of consistency," Fed. R. Civ. P. 8(d)(3). This Court has held that Rule 8(b)(1) and (c)(1) generally govern affirmative defenses and that affirmative defenses are reviewed under the "fair notice" standard. *Reinforced Earth Co.*

*v. T & B Structural Sys.*, No. 3:12-CV-2704-N, 2013 WL 10989994, at *6 (N.D. Tex. Jan. 30, 2013).

> **(a)    Uniden's Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses are Sufficiently Pled and Not "Redundant"**

Escort argues conclusorily that the Previously Raised Defenses are "redundant of Uniden's First and Second Affirmative Defenses." Dkt. No. 49 at 5. Escort is incorrect, however, and it is improper for Escort to lump each of the challenged defenses into two general categories: non-infringement and invalidity. Uniden properly laid out separate statements of defenses as it was permitted (and required) to do under Fed. R. Civ. P. 8(d)(2) and (3). None of these Affirmative Defenses is thus "redundant" because each touches on a different substantive issue to be determined in this case. *See Brown v. Aetna Life Ins. Co.*, No. EP-13-CV-131-KC, 2013 WL 3442042, at *3 (W.D. Tex. July 8, 2013) (noting that "challenged matters are not 'redundant, immaterial, impertinent, or scandalous' so long as they possess any 'possible relation to the controversy'") (citation omitted).

For example, Uniden's First Affirmative Defense, which Escort does not challenge, provides: "Uniden has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the Asserted Patents." Dkt. No. 43 at 7. Uniden's Fifth, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses are not merely directed to non-infringement, but rather relate to other substantive issues to be decided in this case, including the applicable damages window and the sufficiency of Escort's pleadings. For example:

- Uniden's Fifth Affirmative Defense relates to ***the window of potential damages for any purported claims of indirect infringement***: "Uniden is not liable to Plaintiff for the acts alleged to have been performed before Uniden knew that its actions would cause indirect infringement." *Id.*

- Uniden's Eighth Affirmative Defense is directed to the ***sufficiency of Escort's allegations as they relate to its claims on an element-by-element basis***: "Plaintiff has not stated a plausible allegation that Uniden makes, uses, or sells each claim element of any asserted claim, or that Uniden directs or controls another entity to make, use, or sell any element that is not made, used, or sold by Uniden." *Id.* at 8.

- Uniden's Ninth Affirmative Defense is directed to ***the sufficiency of Escort's indirect infringement allegations***: "To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted." *Id.*

- Uniden's Tenth Affirmative Defense is directed to the ***eligibility of the claims of the '038 Patent***: "Plaintiff's Complaint fails to state a claim upon which relief can be granted because at least the '038 Patent does not claim patentable subject matter under 35 U.S.C. § 101." *Id.*

- Uniden's Eleventh Affirmative asserts that ***Escort has failed to identify an allegedly infringing system or method***: "Plaintiff has not stated a plausible allegation that any system or method employed by Uniden infringes any valid claim of the Asserted Patents." *Id.*

Because they properly lay out separate defenses and issues to be decided in this case, Uniden's Fifth, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses are not redundant of Uniden's First Affirmative Defense and thus there is no basis to strike them. *See Software Publishers Ass'n v. Scott & Scott, LLP*, No. 3:06–CV–0949, 2007 WL 2325585, at *2 (N.D. Tex. Aug. 15, 2007) (refusing to dismiss defenses that did not qualify as affirmative defenses yet were not demonstrated to be "wholly unrelated to the underlying controversy or prejudicial to the plaintiff.")

Likewise, Uniden's Second Affirmative Defense, which Escort does not challenge, is directed to the validity of the Asserted Patents, Dkt. No. 43 at 7, while Uniden's Seventh Affirmative Defense raises the separate issue of whether Uniden's accused products fall within the scope of Escort's claims (assuming they are held valid), *id.* at 8. Because Escort has not shown that Uniden's Seventh Affirmative Defense is "wholly unrelated to the underlying controversy or prejudicial to [Escort]," there is no basis to strike it. *See Software Publishers*, 2007 WL 2325585, at *2

### (b)   Uniden Provides Sufficient Background Material to Support Its Third and Sixth Affirmative Defenses

With respect to Uniden's Sixth Affirmative Defense (i.e., Escort's claims are barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands), Escort argues that Uniden "provides no specificity or factual particularity in support of any of these conclusory allegations." Dkt. No. 49 at 4. With respect to Uniden's Third Affirmative Defense (i.e., Escort's attempted enforcement of the Asserted Patents against Uniden is barred by the doctrine of inequitable conduct), Escort argues that Uniden "provides no factual allegations regarding its purported inequitable conduct defense." *Id*. Neither argument has merit.

Rule 8(b)(1) to which Uniden's Sixth Affirmative Defense is subject, requires only that "a party must . . . state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1). And while Uniden's inequitable conduct affirmative defense is subject to the heightened pleading requirement of 9(b), Uniden's Amended Answer is 21 pages long and "provides a significant amount of background material concerning its counterclaims and affirmative defenses." *See Reinforced Earth*, 2013 WL

10989994, at *7. This background material is sufficient to support both Uniden's Third and Sixth Affirmative Defenses under either pleading standard.

For example, Uniden acknowledges that the accused products "were available in 2015." Dkt. No. 43 at 2, ¶ 8. Uniden further states that: "Plaintiff and Uniden compete in the market place for police radar and laser detectors." *Id.* at 12. These facts alone provide ample notice of facts to support Uniden's affirmative defense of laches given Escort's delay in filing the instant lawsuit. In particular, as competitors in the radar detector sector, it is reasonable to infer that Escort was aware that Uniden's products were available in 2015, yet Escort waited nearly three years to file the instant suit. Escort is thus incorrect when it states that Uniden provided "no specificity or factual particularity" in support of its defenses. Dkt. No. 49 at 4.

Likewise, Uniden provides several pages of background facts to support its other affirmative defenses, including its unclean hand and inequitable conduct defenses. *See id.* at 8-12. In particular, Uniden laid out allegations that the applicant (i.e., "Who"), during prosecution of the '679 Patent (i.e., "When" and "Where"), was aware of the materiality of the '905 Orr reference ("What"), and "made a deliberate effort to call the examiner's attention to the Orr '905 Patent as prior art under § 102(b)," *id.* at 10, but "did not call the examiner's specific attention to any particular claims, including claims 41-44, or the disclosures of the Orr '905 patent," *id.* ("How"). These allegations are sufficient to support Uniden's unclean hands defense and provide the "circumstances" of inequitable conduct with the requisite "particularity" under Rule 9(b). *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009) (stating, "to plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b), the pleading must

identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO").

The background material that Uniden provides throughout its Amended Answer is sufficient to support Uniden's Third and Sixth Affirmative Defenses and thus Escort's motion to strike should be denied. *See Reinforced Earth*, 2013 WL 10989994, at *7 (denying motion to strike affirmative defenses when "the material in the answer, along with the affirmative defenses . . . is sufficient to ensure that [plaintiff] will not be the victim of unfair surprise").

> **(c)    Uniden's Thirteenth Affirmative Defense and Third Counterclaim Are Sufficiently Pled**

Escort moves to strike Uniden's Thirteenth Affirmative Defense and dismiss Uniden's Third Counterclaim, which are both directed to patent misuse. Uniden's allegations are straightforward: The Patent and Trial Board ("PTAB") found that claims of two of Escort's patents were unpatentable as anticipated or obvious. As seen in the exemplary chart below, included in Uniden's Amended Answer, a claim Escort asserts in this litigation (left) is patentably indistinct from a claim found invalid by the PTAB (right):

| | |
|---|---|
| 40. A police activity detector comprising: | 81. A police warning receiver comprising: |
| a receiver section adapted to receive electromagnetic signals indicative of police activity; | a receiver section adapted to receive electromagnetic signals indicative of police activity; |
| an alert section responsive to the receiver section and adapted to provide an alert if a received electromagnetic signal correlates to a police signal; | an alert section responsive to the receiver section and adapted to provide an alert if a received electromagnetic signal correlates to a police signal; and |
| a digital interface connector compliant with the mini-B USB standard; | a digital interface connector, |
| wherein said police activity detector is configurable in response to digital signals received via said digital interface connector. | wherein said police warning receiver is configurable in response to digital signals received via said digital interface connector. |
| | 84. The police warning receiver of claim 81 wherein said interface connector complies with one of a universal serial bus standard, an automotive wiring standard, the J1866, CAN, BH12 and LIN standards. |

Dkt. No. 43 at 11.

Escort argues that Uniden's alleged facts "cannot form the basis for a patent misuse claim" because Escort is merely attempting to enforce its patent rights. Dkt. No. 49 at 2-3. Escort is incorrect because Uniden pled sufficient facts to support a reasonable inference that Escort acted with bad faith and an improper purpose in bringing this suit and attempted to impermissibly broaden the scope of its patent in a manner that had an anticompetitive effect.

First, Uniden provided numerous allegations to support the inference that Escort knew the '679 Patent was invalid or unenforceable when it filed the instant action and thus this suit was brought in bad faith. For example, Uniden stated that claims of two related patents, which are patently indistinct from the asserted claims of the '679 Patent were held invalid in two final written decisions by the PTAB. Dkt. No. 43 at 9. Uniden provided a claim chart demonstrating this. *Id*. at 11. Uniden also stated how Escort was aware of the materiality of at least one of the related patents because it identified the '905 Orr Patent on an information disclosure statement during prosecution of the '679 Patent. *Id*. at 10. Thus, Escort's misuse of its patent here is deliberate. At least these facts support a factual basis from which the Court can infer that Escort "knew the patent was invalid or unenforceable when plaintiff filed the present action." *See Raines*, No. 96–cv–02648 DLJ, 1997 WL 578547, at *4; *see also Nalco*, 2014 WL 645365, at *11-12 (finding allegations of patent misuse sufficient where "patent misuse claim depends upon the construction of a claim limitation," and stating: defendant's "allegations are sufficient at the pleading stage to allege that [plaintiff] acted in bad faith by asserting its patent against [defendant's] product").

Second, Uniden provided sufficient facts to establish an improper purpose that shows an anticompetitive effect. Uniden stated that Escort and Uniden are competitors in the radar detector marketplace. Dkt. No. 43 at 12. Uniden further stated that, "[b]y asserting claims of the '679 Patent that Plaintiff knows are invalid against Uniden, Plaintiff is improperly attempting to extract undue royalties or wrongfully exclude Uniden from the marketplace." *Id.* These facts support a reasonable inference of patent misuse. *See, e.g., VG Innovations, Inc. v. Minsurg Corp.*, No. 8:10–cv–1726–T–33MAP, 2011 WL 1466181, \*4 (M.D. Fla. 2011) (finding that plaintiff adequately pled anticompetitive effect because "[plaintiff] alleges that the [defendants] have sought to improperly leverage that patent to prevent the sale of any competing facet fusion allograft for use with any type of surgical technique, including open techniques." (internal quotation marks omitted)).

Third, the facts in Uniden's Amended Complaint support a reasonable inference that Escort "impermissibly broadened the scope of the patent grant with anticompetitive effect[.]" *See U.S. Philips*, 424 F.3d at 1184. In particular, Uniden provided adequate support in its Amended Answer that claim 40 of the '679 Patent is patently indistinguishable from claim 84 of the '095 Orr Patent, which was held invalid by the PTAB in IPR2013-00240. Dkt. No. 43 at 10-11. Thus, no reasonable litigator would have believed that at least claim 40 of the '679 Patent was valid. This is true regardless of whether a patentee generally has a right to enforce its patents. *See Nalco*, 2014 WL 645365, at \*12-13 ("By alleging that no aspect of Turner's product could possibly correspond to the '118 patent's 'cell' limitation, and that no reasonable person could believe that Turner's product infringed the patent, Turner adequately alleges that Nalco is seeking to broaden the scope of its patent by attempting to exclude non-infringing conduct, ***which the patent grant does not allow***.") (emphasis added).

Escort's argument appears to be grounded in the merits of Uniden's patent misuse and not with the purported defective pleadings, which is not a sufficient basis to strike Uniden's Third Affirmative Defense. *See, e.g., Resonant Sensors Inc. v. SRU Biosystems, Inc.*, No. 08-CV-01978-M, 2010 WL 11530761, at *4 (N.D. Tex. June 8, 2010) (denying motion to strike affirmative defense of patent misuse after observing that movant's "quarrel is not with defective pleadings, but with how the Court should ultimately determine the numerous facts alleged"). Moreover, in ruling on a Rule 12(b)(6), Uniden's facts must be taken as true in the light most favorable to Uniden. *See, e.g., Wallace*, 2011 WL 6029781, at *1 ("The court must accept those well pleaded facts as true and view them in the light most favorable to the [complainant]"). These facts support Uniden's patent misuse counterclaim.

Uniden has pleaded sufficient facts to support both its Thirteenth Affirmative Defense and its Third Counterclaim, and thus Escort's Motion to Strike as it relates to these claims should be denied.

### C.     **Uniden Should Be Granted Leave to Amend Its Answer**

#### 1.     **Legal Framework for Leave to Amend**

Under Rule 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it, but "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.,* 427 F.3d 987, 994 (5th Cir. 2005), but the Federal Rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir. 1981).

This Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones,* 427 F.3d at 994. Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell,* 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy,* 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.,* 587 F.3d 314, 322 (5th Cir. 2009) (stating, "leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

If the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)'s "good cause" standard. *See S & W Enters., L.L. C. v. SouthTrust Bank of Ala., N.A.,* 315 F.3d 533, 536 (5th Cir. 2003). The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)). If good cause is shown, the Court must then determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see S & W Enters.,* 315 F.3d at 535-36.

## 2.     Good Cause Exists for Uniden to Amend Its Answer

Uniden filed its Amended Answer within the deadline to amend pleadings but did not file a motion for leave. However, the amendment is very important to Uniden's ability to defend itself against Escort's claims. In particular, Uniden's newly raised Affirmative Defenses of res judicata and/or claim preclusion (Twelfth Affirmative Defense) and patent misuse (Thirteenth Affirmative Defense) are potentially dispositive to at least one of the three Asserted Patents. *See, e.g., Johnson v. Karr*, No. 3:16-CV-1563-D, 2017 WL 2362043, at *4 (N.D. Tex. May 31, 2017) (concluding amendment weighed in favor of granting motion for leave because "it would allow [defendant] to assert potentially case-dispositive affirmative defenses"). Moreover, Escort was a party to the IPRs and the *Fleming v. Escort, Inc.* litigation. *See* Dkt. No. 43 at 8-9. It further is aware of the '679 Patent's prosecution history as the original assignee. *Id.* at 9-10. And Uniden raised the issue in a letter to Escort months ago. *See,* Exhibit 1 at 3-6 (App. 009 – App. 012). Escort was thus already aware of the nature of the claims and the substance of the additional information contained in Uniden's supplement. *Novikova v. Puig*, No. 3:09-CV-1655, 2012 WL 13026788, at *2 (N.D. Tex. Aug. 10, 2012) (granting leave to amend answer in part because "[t]he Plaintiff is well aware of the nature of the claims against her and the substance of the additional information contained in the supplement").

Escort was provided notice of Uniden's Amended Answer within the deadline to amend pleadings, discovery in this case is still ongoing, and Escort has ample time to conduct discovery regarding the issues raised in Uniden's Amended Answer. Accordingly, there is no prejudice to Escort in allowing Uniden's Amended Answer. *See Johnson*, 2017 WL 2362043, at *4 (finding no prejudice to plaintiff where defendant "filed her amended answer by the deadline that would have applied had she sought leave"); s*ee also Pyramid*

*Transp., Inc. v. Greatwide Dallas Mavis, LLC*, No. 3:12-CV-0149-D, 2012 WL 5875603, at *2 (N.D. Tex. Nov. 21, 2012) ("When a party files a motion for leave to amend by the court-ordered deadline, there is a 'presumption of timeliness.'") (citation omitted); *Olibas v. Barclay*, No. 3:11-cv-2388, 2013 WL 12143945, at *3 (N.D. Tex. May 10, 2013) (finding amendment would not result in undue delay or cause plaintiffs any undue prejudice where no trial date was set and plaintiffs were under no court-imposed time constraints).

Further, any potential prejudice can be cured by a continuance. The Court has not yet issued a *Markman* order, and thus no deadlines have yet been entered as to the close of fact discovery or trial. *See Johnson*, 2017 WL 2362043, at *5 (finding that a continuance of trial and the discovery deadline could cure any potential prejudice given that trial was eleven months away).

Weighing all "four factors holistically," good cause exists to allow Uniden to file its Amended Answer. *See id.* (finding good cause existed where "defendant's explanation for the delay in seeking leave to amend her answer is flawed in certain respects—most notably, her reliance on her counsels' misreading of the scheduling order and magistrate judge's order, the proposed amendment is important, and the court can adequately address any prejudice resulting from allowing the amended answer by continuing the discovery deadline and trial setting").

Because good cause exists to allow Uniden's Amended Answer, leave to amend should be freely given as justice requires such that Uniden has the opportunity to present and prove defenses it has to Escort's claims. *See S & W Enters.*, 315 F.3d at 535-36. Therefore, Uniden respectfully requests that the Court deny Escort's Motion to Strike and allow Uniden's Amended Answer, currently on file with the Court to stand. *See, e.g., Novikova*, 2012 WL 13026810, at *2 (permitting defendants to file motion for leave to

amend even though defendants filed amended answer after the deadline set by the scheduling order and without leave of the Court).

## IV.    CONCLUSION

For the foregoing reasons, Uniden respectfully requests that the Court deny Escort's Motion to Strike and grant Uniden leave to amend its answer.


Dated: February 11, 2019                                  Respectfully submitted,


                                              By:  */s/ David B. Conrad*
                                                   Neil J. McNabnay
                                                   njm@fr.com
                                                   Texas Bar No. 24002583
                                                   David B. Conrad
                                                   conrad@fr.com
                                                   Texas Bar No. 24049042
                                                   Theresa M. Dawson
                                                   tdawson@fr.com
                                                   Texas Bar No. 24065128

                                                   FISH & RICHARDSON P.C.
                                                   1717 Main Street, Suite 5000
                                                   Dallas, TX 75201
                                                   (214) 747-5070 (Telephone)
                                                   (214) 747-2091 (Facsimile)

                                                   **ATTORNEYS FOR DEFENDANT
                                                   UNIDEN CORPORATION**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, pursuant to Local Rule 7.1, Theresa Dawson, counsel for Defendant conferred electronically with Timothy Grochocinski, counsel for Plaintiff on February 11, 2019 at 9:39 am CT, notifying Plaintiff that Uniden would be seeking leave to amend its answer in its response to Escort's Motion to Strike. In the email, Ms. Dawson noted that it was apparent from Escort's Motion to Strike that Escort would oppose such relief, but requested that Mr. Grochocinski respond by 3 pm CT on February 11, 2019 if that understanding was incorrect. Mr. Grochocinski did not respond to Ms. Dawson's email prior to filing the instant document.

*/s/ David B. Conrad*
David B. Conrad

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 11, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ David B. Conrad*
David B. Conrad