# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ESCORT INC., <br><br> Plaintiff, <br><br> v. <br><br> UNIDEN AMERICA CORPORATION, <br><br> Defendant. | CASE NO. 3:18-cv-161-N <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

## APPENDIX IN SUPPORT OF
## UNIDEN'S OPPOSITION TO ESCORT'S MOTION TO STRIKE

| Document | Appendix Page No. |
|---|---|
| Declaration of David B. Conrad | APP. 003 |
| Exhibit 1 | APP. 004 – 010 |

Dated: February 11, 2019   Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ David B. Conrad*
Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
David B. Conrad
conrad@fr.com
Texas Bar No. 24049042
Theresa M. Dawson
tdawson@fr.com
Texas Bar No. 24065128

1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 - Telephone
(214) 747-2091 - Facsimile

**COUNSEL FOR DEFENDANT
UNIDEN AMERICA CORPORATION**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 11, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV 5-1(d).

*/s/ David B. Conrad*
David B. Conrad

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ESCORT INC.,<br><br>    Plaintiff,<br><br>v.<br><br>UNIDEN AMERICA CORPORATION,<br><br>    Defendant. | CASE NO. 3:18-cv-161-N<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## DECLARATION OF DAVID B. CONRAD

Pursuant to 28 U.S.C. § 1746, I, David B. Conrad, declare that:

1. I am over 18 years of age and am legally competent to testify on the matters contained in this declaration.

2. I am counsel of record for Defendant Uniden America Corporation in this matter.

3. Attached hereto as Ex. 1 is a true and correct copy of correspondence dated September 14, 2018 from David B. Conrad to Megan M. O'Laughlin.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 11, 2019         */s/ David B. Conrad*
                                      David B. Conrad

# EXHIBIT 1

**FISH.**
FISH & RICHARDSON

September 14, 2018

Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201

214 747 5070 main
214 747 2091 fax

**David B. Conrad**
Principal
Conrad@fr.com
214 747 5070 direct

<u>VIA EMAIL</u>

Megan M. O'Laughlin
Hitchcock Evert LLP
750 North St. Paul Street, Suite 1110
Dallas, TX 75201
molaughlin@hitchcockevert.com

Re:   *Escort Inc. v. Uniden America Corporation,* Civil Action No. 3:18-cv-161 (N.D. Tex.)

Dear Ms. O'Laughlin:

I write to inform you of Uniden's position that Escort is precluded from asserting claims 9, 19-20, 29-30, and 49-50 of U.S. Patent No. RE39,038 (the "'038 Patent") and claims 1-3, 10, and 40-43 of U.S. Patent No. 7,576,679 (the "'679 Patent") against Uniden (collectively, the "precluded claims").[1]

As will explained in more detail below, the precluded claims are patentably indistinct from previously invalidated claims of the '038 Patent and patents related to the '679 Patent. The doctrine of issue preclusion generally "precludes a plaintiff from relitigating identical issues by merely switching adversaries." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979). In the case of unadjudicated patent claims, issue preclusion applies "[i]f the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). As such, Uniden requests that Escort immediately withdraw the precluded claims currently asserted against it.

<u>The '038 Patent</u>

As you are well aware, the Federal Circuit affirmed the invalidity of claims 1, 18, 45, 47, and 48 of

---

[1] Uniden continues to dispute Escort's allegations that it infringes the '038, '653, and '679 Patents for multiple reasons, including those contained in Uniden's January 8, 2018 letter to you.

FISH.
FISH & RICHARDSON

September 14, 2018
Megan M. O'Laughlin

the '038 Patent in the underlying litigation between Hoyt Fleming and Escort. *See, Fleming v. Escort Inc.*, 774 F.3d 1371. Shortly thereafter, Escort acquired the '038 and '653 Patents, and now alleges infringement of 25 claims of the '038 Patent against Uniden.[2] Eighteen of the 25 asserted claims depend from independent claims invalidated in the *Fleming v. Escort* litigation.[3]

A number of the claims asserted against Uniden are patentably indistinct from the previously invalidated claims. For example, independent claim 19 is essentially the radar detecting method of invalidated claim 1 employed on a conventional radar detector with GPS—a device that was claimed in invalidated in Claim 18:

| Asserted '038 Claim(s) | Invalidated '038 Claim(s) |
|---|---|
| 19. [The radar detector of claim 18, further including] A radar detector for alerting an operator of a motor vehicle to an incoming police radar signal comprising:<br><br>(a) a microprocessor,<br>(b) a circuit coupled to the microprocessor for detecting the incoming police radar signal;<br>(c) a global positioning system receiver coupled to the microprocessor and operable to provide the microprocessor with data, and<br>(d) a program storage device that is coupled to the microprocessor, the program storage device containing machine readable instructions for:<br>   [(a)](i) determining the position of a radar detector; and<br>   [(b)](ii) generating an alert if the position of the radar detector is not within a predetermined distance of a predetermined position. | 18. A radar detector for alerting an operator of a motor vehicle to an incoming police radar signal comprising:<br><br>(a) a microprocessor,<br>(b) a circuit coupled to the microprocessor for detecting the incoming police radar signal; and<br>(c) a global positioning system receiver coupled to the microprocessor and operable to provide the microprocessor with data that indicates the position of the radar detector.<br><br>1. A method, executed by a device having a position, of generating an alert to an incoming radar signal having a frequency and a signal strength, the method comprising the acts of<br><br>(a) detecting the incoming radar signal;<br>(b) determining the position of the device that detected the incoming radar signal; and<br>(c) generating an alert if the position of the device is not within a predetermined distance of a predetermined position. |

Other claims follow a similar pattern. "Each of these features were well-known in the prior art and their use would have been predictable by one of ordinary skill in the art." *Ohio Willow Wood Co.*

---

[2] Claims 7, 9, 11-14, 16, 19-21, 23-24, 27, 29-31, 33-36, 38, 41-42 and 49-50.
[3] Asserted claims 7, 9, 23, 24, and 27 depend from claim 1; asserted claims 21, 29-31, 33-36, 38, and 41-42 depend from claim 18; and asserted claims 49-50 depend from claim 45.

2

**APP. 006**

September 14, 2018
Megan M. O'Laughlin

at 1344; see also *Western Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361, 1369-71 (Fed. Cir. 2010) ("the common sense of those skilled in the art demonstrates why some combinations would have been obvious").

- Claim 9 depends from invalidated claim 1 and recites the obvious limitation that "the act of determining the position of the device includes receiving a differential global positioning signal";

- Claim 20 depends from claim 19 and recites the obvious limitation of "wherein the program storage device includes machine readable instructions for determining at least one characteristic of the radar signal";

- Claims 29-30 depend on invalidated claim 18 and recite the obvious limitations of a GPS receiver providing "velocity" and "heading" data, respectively;

- Claims 49-50 depend from invalidated claim 45 and recite the obvious limitations of the microprocessor disabling or enabling "the alert based at least in part upon the signal strength of the incoming radar signal," respectively.

### The '679 Patent

Asserted claims 1-3, 10, and 40-43 of the '679 Patent fare no better.[4] Similar to the '038 Patent, the substance of a number of the asserted '679 Patent claims asserted against Uniden have also been previously been invalidated. In particular, K-40 Electronics, LLC filed two petitions for *inter partes* review on patents related to the '679 Patent:

(1) IPR2013-00203 challenging claims 1-10 of U.S. Patent No. 7,999,721 B2 ("the '721 Patent"). In its Final Decision, the Board invalidated claims 1-10 as anticipated by U.S. Patent No. 6,252,544 ("Hoffberg"), claims 2-8 and 10 as anticipated by 6,204,798[5] (the "'798 Patent"), and claims 2-10 as obvious over Hoffberg and the '798 Patent.

(2) IPR2013-00240 challenging claims 1-6, 11-12, 15-18, 22-33, 36-38, 41-72, and 74-85 of U.S. Patent No. 6,670,905 (the "'905 Patent"). In its Final Decision, the Board invalidated claims 1-4, 11, 15-18, 22-33, 41-57, 59-72, and 74-85 as anticipated by Hoffberg, claims 1, 2, 4-6, 11-12, 15-16, 18, 22, 24-29, 41-55, 57-72, and 74-85 as anticipated by the '798 Patent, and claims 1-6, 11-12, 15-18, 22-33, 41-72, and 74-85 as obvious over Hoffberg and the '798 Patent.

All three of the '697, '721, and '905 Patents share a common inventor (Stephen Orr), relate to the

---

[4] Escort has asserted claims 1-3, 10-12, 28-33, and 40-43 of the '679 Patent against Uniden.
[5] The '798 Patent later reissued as the '038 Patent.

3

September 14, 2018
Megan M. O'Laughlin

same field of invention, and disclose nearly identical specifications, figures, and drawings. Most importantly, a number of the '697 Patent claims Escort asserts against Uniden are identical to or patentably indistinct from invalidated '721 and '905 Patent claims.

It appears that Escort contends that "until at least said signals indicative of vehicle motion indicate vehicle motion over a distance" can be met by a police warning receiver that suppresses an alert "if the location signal correlates to a location of a rejectable signal." Escort's position is estopped because claim 1 of the '679 patent would be patentably indistinct from invalidated claim 41 of the '905 patent.

| Asserted '679 Claim(s) | Invalidated '905 Claim(s) |
|---|---|
| 1. A police activity detector comprising:<br><br>a receiver section receiving signals generated in the context of law enforcement activity, and<br><br>a warning section responding to the receiver section and providing a warning if a received signal correlates to a law enforcement signal;<br><br>the detector receiving signals indicative of vehicle motion from a position determining circuit,<br><br>the detector being responsive to a warning suppression mode to suppress said warning and continue suppression thereof until at least said signals indicative of vehicle motion indicate vehicle motion over a distance. | 1. A police warning receiver comprising:<br><br>a receiver section adapted to receive electromagnetic signals indicative of police activity;<br><br>an alert section responsive to the receiver section and adapted to provide an alert if a received electromagnetic signal correlates to a police signal;<br><br>and a position determining circuit generating a location signal;<br><br>wherein the alert section receives the location signal and is adapted to one of alter and not provide the alert if the location signal correlates to a location of a rejectable signal.<br><br>41. The police warning receiver of claim 1 wherein said receiver has a warning suppression mode in which the alert section is adapted to alter or not provide an alert. |
| 2. The police activity detector of claim 1 wherein the receiver section receives electromagnetic radar signals in a radar band. | 2. The police warning receiver of claim 1, wherein said electromagnetic signals include radar signals in a radar band. |
| 3. The police activity detector of claim 1 wherein the receiver section receives signals carried in the visible or infrared spectrum. | 3. The police warning receiver of claim 1, wherein said electromagnetic signals are carried in the visible or infrared spectrum. |
| 10. The police activity detector of claim 1 | 42. The police warning receiver of claim 1 wherein |

4

**APP. 008**

September 14, 2018
Megan M. O'Laughlin

| | |
|---|---|
| wherein the warning section is a visible display that makes visible warnings. | said receiver has an expert meter mode in which the alert section is adapted to display detailed information on said received signal. |
| **40.** A police activity detector comprising:<br><br>a receiver section adapted to receive electromagnetic signals indicative of police activity;<br><br>an alert section responsive to the receiver section and adapted to provide an alert if a received electromagnetic signal correlates to a police signal;<br><br>a digital interface connector compliant with the mini-B USB standard;<br><br>wherein said police activity detector is configurable in response to digital signals received via said digital interface connector. | **81.** A police warning receiver comprising:<br><br>a receiver section adapted to receive electromagnetic signals indicative of police activity;<br><br>an alert section responsive to the receiver section and adapted to provide an alert if a received electromagnetic signal correlates to a police signal; and<br><br>a digital interface connector,<br><br>wherein said police warning receiver is configurable in response to digital signals received via said digital interface connector.<br><br>**84.** The police warning receiver of claim 81 wherein said interface connector complies with one of a universal serial bus standard, an automotive wiring standard, the J1866, CAN, BH12 and LIN standards. |
| **41.** The police activity detector of claim 40, wherein said electromagnetic signals include radar signals in a radar band. | **82.** The police warning receiver of claim 81, wherein said electromagnetic signals include radar signals in a radar band. |
| **42.** The police activity detector of claim 40, wherein said electromagnetic signals are carried in the visible or infrared spectrum. | **83.** The police warning receiver of claim 81, wherein said electromagnetic signals are carried in the visible or infrared spectrum. |
| **43.** The police activity detector of claim 40 wherein said interface connector is connectable to a digital computer for configuration of said detector. | **85.** The police warning receiver of claim 81 wherein said interface connector is connectable to a digital computer for configuration of said receiver. |

As illustrated by the claim language comparisons above, it is clear that the invalidated '905 claims merely "use slightly different language to describe substantially the same invention" as asserted claims 1-3, 10, and 40-43 of the '679 Patent. *Ohio Willow Wood Co.* at 1342.

Moreover, Escort's own '905 patent is prior art under § 102(b) to its '679 patent. As seen above, and further in claim charts served on Escort on Aug. 24, 2018, many claims of the '679 patent are

5



September 14, 2018
Megan M. O'Laughlin

identical to claims, patently indistinct from claims, or otherwise disclosed in the '905 patent.

For at least these reasons, Escort is asserting claims in bad faith because it knows they are invalid. Uniden requests that Escort immediately withdraw the precluded claims currently asserted against it. Uniden reserves all right to seek its attorneys' fees. *See, e.g.,* 35 U.S.C. § 285.

Regards,

David B. Conrad
Principal

cc:     John T. Tower (jtower@hitchcockevert.com)