**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ESCORT INC.**,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>**UNIDEN AMERICA CORPORATION,**<br><br>　　　　　　　Defendant. | Case No. 3:18-cv-161-N |

**PLAINTIFF ESCORT INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE
OR, IN THE ALTERNATIVE, TO DISMISS DEFENDANT'S AMENDED ANSWER,
<u>AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS</u>**

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION ……………………………………………………………….. | 1 |
| II. | ARGUMENT ……………………………………………………………………….. | 2 |
| | A. Uniden's Amended Pleading Should be Stricken for Failure to Comply with the Court's Scheduling Order and Fed. R. Civ. P. 15 ………………… | 2 |
| | B. Uniden's Request for Leave to Amend Should be Denied ………………… | 2 |
| |     1. Legal Standards Governing Request for Leave to Amend ………….. | 2 |
| |     2. Uniden has Failed to Establish Good Cause for its Untimely Request and the Same Should be Denied ……………………………………... | 3 |
| | C. In the Alternative, a Number of Defendant's Affirmative Defenses and Counterclaims Should be Dismissed for Failure to State a Claim Under Rule 12(b)(6) or Stricken as Insufficient Under Rule 12(f) ………………… | 5 |
| |     1. Uniden's Patent Misuse Claims (Thirteenth Affirmative Defense and Counterclaim Count III) Should be Dismissed Pursuant to Rule 12(b)(6) ……………………………………………………………………. | 5 |
| |     2. Uniden's Third Affirmative Defense (Inequitable Conduct) and Sixth Affirmative Defense (Laches, Estoppel, Acquiescence, Waiver, and Unclean Hands) Should be Dismissed Pursuant to Rule 12(b)(6) or, in the Alternative, Stricken Pursuant to Rule 12(f) …………………… | 6 |
| |     3. Uniden's Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses are Redundant and Should be Stricken Pursuant to Rule 12(f) ……………………………………………………….. | 9 |
| III. | CONCLUSION ……………………………………………………………………... | 10 |

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                               Page(s)

*Adventure Plus Enterprises, Inc. v. Gold Suit, Inc.*,
    Nos. 3:06-CV-2032-BD & 3:07-CV-1315-L, 2008 WL 4998762 (N.D.Tex.
    Nov. 21, 2008) ……………………………………………………………..  2

*Brown v. Bridges*,
    No. 3:12-CV-4947-P, 2014 WL 2777373 (N.D. Tex. June 19, 2014) ……….  2

*C.R. Bard, Inc. v. M3 Systems, Inc.*,
    157 F.3d 1340 (Fed. Cir. 1998) …………………………………………….  5, 6

*EEMSO, Inc .v. Compex Tech., Inc.*,
    No. 3:05-CV-0897-P, 2006 WL 8437455 (N.D. Tex. Aug. 31, 2006) ……….  3

*IMX Inc. v. E-Loan, Inc.*,
    No. 09-20965, 748 F.Supp.2d 1354 (S.D. Fla. 2010) …………………………...  6

*Johnson v. Karr*,
    No. 3:16-CV-1563-D, 2017 WL 2362043 (N.D. Tex. May 31, 2017) ……….  3, 4

*Lorali v. SMK Associates,*
    No. 13-CV-22204-W-S, 2014 WL 12536977 (S.D. Fla. Aug. 26, 2014) ……  6

*Mary Kay, Inc. v. Dunlap*,
    No. 3:12-CV-0029-D, 2012 WL 2358082 (N.D. Tex. June 21, 2012) ……….  8

*Molins PLC v. Textron, Inc.*,
    48 F.3d 1172 (Fed. Cir. 1995) ……………………………………………...  7

*Novikova v. Puig,*
    No. 3:09-CV-1655, 2012 WL 13026788 (N.D. Tex. Aug. 10, 2012) ………..  4

*Olibas v. Barclay,*
    No. 3:11-CV-2388-F, 2013 WL 12143945 (N.D. Tex. May 10, 2013) ………  4

*Pace Int'l v. Industrial Ventilation, Inc.*,
    No. C08-0822RSL, 2009 WL 2460999 (W.D. Wash. Aug. 6, 2009) ………..  6

*Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC*
    No. 3:12-CV-0149-D, 2012 WL 5875603 (N.D. Tex. Nov. 21, 2012) ………  4

*Reinforced Earth Co. v. T&B Structural Systems,*
    No. 3:12-CV-2704-N, 2013 WL 10989994 (N.D. Tex. Jan. 30, 2013) ………  7, 8

*Republic Title of Texas, Inc. v. First Republic Title, LLC*,
    No. 3:14-CV-3848-B, 2015 WL 1914635 (N.D. Tex. Apr. 27, 2015) ………. 8

*S&W Enterprises, LLC v. SouthTrust Bank of Alabama, N.A.*,
    315 F.3d 533 (5th Cir. 2003) ……………………………………………… 3

*Samsung Electronics America, Inc. v. Yang Kun Chung*,
    No. 3:15-CV-4108-D, 321 F.R.D. 250 (N.D. Tex. 2017) ..…………………. 2

*SCA Hygiene Products v. First Quality Baby Products, LLC*
    137 S.Ct. 954 (2017) …………………………………………………….. 8

*Tracfone Wireless Inc. v. King Trading, Inc.*,
    No. 3:08-CV-0398-B, 2008 WL 4826035 (N.D. Tex. Nov. 6, 2008) ……….. 8

*Wiggs v. Home Depot USA, Inc.*,
    No. 3:08-CV-0356-N, 2010 WL 11545537 (N.D. Tex. June 7, 2010) ………. 6

## **Rules**

35 U.S.C. § 271(d) ……………………………………………………………… 6

37 C.F.R. 1.98 …………………………………………………………………... 7

FED. R. CIV. P. 12(B)(6) …………………………………………………………… *passim*

FED. R. CIV. P. 12(F) …………………………………………………………….. *passim*

**I.   INTRODUCTION**

Uniden's response ignores the primary basis for Escort's motion to strike, namely that Uniden failed to comply with the Court's Scheduling Order (ECF 24) and Fed. R. Civ. P. 15. Uniden does not dispute this. This alone warrants granting Escort's motion and striking Uniden's Amended Answer, Affirmative Defenses, and Counterclaims ("Amended Answer") (ECF 43).

In the alternative, a number of Uniden's affirmative defenses and counterclaims should be stricken as insufficient or redundant under Rule 12(f), or otherwise dismissed for failure to state a claim under Rule 12(b)(6). For example, Uniden's alleged patent misuse argument is premised on its allegation that this case constitutes sham litigation. However, Uniden has failed to plead facts showing abuse of process, bad faith, or improper purpose, which are required to state a claim for patent misuse based on sham litigation. As another example, Uniden has failed to identify any factual allegations to support its bare bone assertion of inequitable conduct (Sixth Affirmative Defense), which is subject to the heightened pleading standards of Rule 9(b). In its response, Uniden contends Escort committed inequitable conduct <u>by disclosing</u> the '905 Orr reference to the United States Patent and Trademark Office. This is the opposite of actions that would demonstrate a specific intent to deceive (*e.g.,* not disclosing a reference) and cannot form the basis for an inequitable conduct claim.

Finally, Uniden's request for leave to amend should be denied. Uniden has failed to demonstrate good cause for its untimely amendment, as required by the Court's Scheduling Order (ECF 24). All of the information on which Uniden's newly added affirmative defenses and counterclaims are based is public information that has been available to Uniden since it learned of this action in 2017. Uniden has provided no explanation for its delay in filing its Amended Answer. As such, Uniden's request for leave to amend should be denied.

## II. ARGUMENT

### A. Uniden's Amended Pleading Should be Stricken for Failure to Comply with the Court's Scheduling Order and Fed. R. Civ. P. 15.

Uniden does not dispute that it failed to comply with the Court's Scheduling Order (ECF 24) and Rule 15 when it failed to seek leave to file its Amended Answer. As such, this Court should grant Escort's motion and strike Uniden's Amended Answer.[1]

### B. Uniden's Request for Leave to Amend Should be Denied.[2]

#### 1. Legal Standards Governing Request for Leave to Amend.

Per the Scheduling Order in this matter, Uniden must establish "good cause pursuant to Rule 16(b)" for filing its Amended Answer. *See* Scheduling Order, par. 1 (ECF 24). "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Adventure Plus Enterprises, Inc. v. Gold Suit, Inc.*, Nos. 3:06-CV-2032-BD & 3:07-CV-1315-L, 2008 WL 4998762 *1 (N.D.Tex. Nov. 21, 2008). As this Court has held:

> Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish 'good cause.' Instead, the movant must show that 'despite his diligence, he could not have reasonably met the scheduling deadline.'

---

[1] Uniden's contention that Escort's motion should be denied for failure to comply with Local Rule 7.1 is incorrect. First, Rule 7.1 does not apply to Escort's motion since it is a dispositive motion and a motion to dismiss. *See* L.R. 7.1; *Brown v. Bridges*, No. 3:12-CV-4947-P, 2014 WL 2777373 *2 (N.D. Tex. June 19, 2014) ("[T]he conference requirement is in place to require the parties to communicate and coordinate in good faith to attempt to resolve any nondispositive dispute without court intervention."). Second, a failure to satisfy the conference requirements does not mandate summary denial of a motion especially when "it is clear that the motion is opposed and that a conference would neither have eliminated nor narrowed the parties' dispute." *See Samsung Electronics America, Inc. v. Yang Kun Chung*, No. 3:15-CV-4108-D, 321 F.R.D. 250, 288 (N.D. Tex. 2017). As such, Escort's motion is properly before this Court and, for the reasons stated herein, should be granted.

[2] In contrast to Escort's motion, which is not governed by L.R. 7.1's conference requirement, Uniden's cross motion for leave to amend is clearly governed by L.R. 7.1's conference requirement. *See* L.R. 7.1(b), (h). In an irreverent attempt to meet this requirement, Uniden's counsel sent a one sentence email the day it filed its response. This is not sufficient to meet the requirements of L.R. 7.1. *See e.g., Samsung,* 321 F.R.D. at 268 (finding that sending one letter and one email was not sufficient to meet the conference requirement).

2

*Id. See also S&W Enterprises, LLC v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 535-36 & n.2 (5th Cir. 2003).

Only if a movant first satisfies the requirements of Rule 16(b) must the court next determine whether to grant leave to amend under the more liberal standard for Rule 15(a)(2). *Johnson v. Karr*, No. 3:16-CV-1563-D, 2017 WL 2362043 *3 (N.D. Tex. May 31, 2017). Courts assess four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b): (1) the explanation for the failure to timely move to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id*. When applying this multi-factor test, courts usually deny motion to amend when the moving party fails to demonstrate that, despite its diligence, it could not have reasonably met the scheduling deadline. *Id*.

**2.    Uniden has Failed to Establish Good Cause for its Untimely Request and the Same Should be Denied.**

Uniden has not, and cannot, establish that despite its diligence it could not have reasonably met the scheduling deadline. All of the information that forms the basis for the newly added defenses and claims in Uniden's Amended Answer is public information that Uniden has had access to since at least the filing of this case if not earlier. This is likely why Uniden has offered no explanation for its failure to timely move for leave to amend.

In *EEMSO, Inc .v. Compex Tech., Inc.*, the court denied leave to amend where the movant "failed to provide a reasonable excuse for waiting to add these new causes of action." No. 3:05-CV-0897-P, 2006 WL 8437455 *2 (N.D. Tex. Aug. 31, 2006). In reaching this conclusion, the court noted that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* The same should be found in the present case. Uniden does not

dispute that it failed to timely move to amend – it just offers no explanation or justification for this failure. This is because none exists.

Uniden's reliance on *Johnson v. Karr* and *Novikova v. Puig* is misplaced. In both cases the movant at least presented an explanation for failing to timely move for leave to amend. *See Johnson*, 2017 WL 2362043, at *4; *Novikova*, No. 3:09-CV-1655, 2012 WL 13026788, at *2 (N.D. Tex. Aug. 10, 2012). In the present case, Uniden has provided no explanation.

Uniden's reliance on *Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC* and *Olibas v. Barclay* is also misplaced. In *Pyramid Transportation,* the movant timely moved to amend before the deadline in the scheduling order. No. 3:12-CV-0149-D, 2012 WL 5875603, at *2-3 (N.D. Tex. Nov. 21, 2012). As such, the request for leave to amend was evaluated under the more liberal Rule 15(a) standard. *Id*. Similarly, in *Olibas* there was no deadline for amended pleadings so, once again, the request was evaluated under the Rule 15(a) standard. No. 3:11-CV-2388-F, 2013 WL 12143945, at *3 (N.D. Tex. May 10, 2013). In the present case, it cannot be disputed that Uniden's request for leave to amend came after the deadline to amend pleadings (January 7, 2019). The first time Uniden requested leave to file an amended pleading was in its responsive brief, which was filed on February 11, 2019. *See* Uniden Resp. (ECF 51). As such, the more stringent "good cause" standard under Rule 16(b) applies.

In sum, Uniden cannot establish that despite its diligence it could not have reasonably met the scheduling deadline. The fact that Uniden has failed to proffer any explanation for failing to timely move for leave to amend is telling. Uniden cannot meet Rule 16(b)'s good cause standard. As such, its request for leave to amend should be denied.[3]

---

[3] Uniden's suggestion that any prejudice can be cured by a continuance of the deadlines in this matter would only exacerbate the prejudice to Escort. *See* Uniden Resp., p. 18 (ECF 51). Uniden and Escort are direct competitors in the radar detector market. Uniden's continued

**C. In the Alternative, a Number of Defendant's Affirmative Defenses and Counterclaims Should be Dismissed for Failure to State a Claim Under Rule 12(b)(6) or Stricken as Insufficient Under Rule 12(f).**

**1. Uniden's Patent Misuse Claims (Thirteenth Affirmative Defense and Counterclaim Count III) Should be Dismissed Pursuant to Rule 12(b)(6).**

Uniden's patent misuse argument is as follows: because Uniden alleges that one or more of the asserted claims in this case is barred by the doctrines of res judicata and/or claim preclusion, Escort's assertion of such claims in this case constitutes patent misuse. *See* Amended Answer Thirteenth Affirmative Defense, Counterclaim Count III (ECF 43). Essentially, Uniden's argument is one of patent misuse based on sham litigation. Uniden's response brief confirms this, where Uniden states:

> Escort is incorrect because Uniden pled sufficient facts to support a reasonable inference that Escort acted with <u>bad faith</u> and an <u>improper purpose</u> in bringing this suit and attempted to impermissibly broaden the scope of its patent in a manner that had an anticompetitive effect.

Uniden Resp., p. 13 (ECF 51) (emphasis added). The problem with Uniden's assertion is that it alleged no facts that would allow for an inference of bad faith or improper purpose. This is fatal to Uniden's patent misuse argument.

"The law recognizes a presumption that the assertion of a duly granted patent is made in good faith." *C.R. Bard, Inc. v. M3 Systems, Inc.*, 157 F.3d 1340, 1369 (Fed. Cir. 1998) (reversing jury verdict of patent misuse based on bad faith / sham litigation theory for insufficient evidence). "This presumption is overcome only by affirmative evidence of bad faith." *Id*. Uniden has not even plausibly alleged bad faith, let alone identified any evidence of bad faith. This is because Escort has done exactly what Congress has stated *does not* constitute

---

infringement of the patents-in-suit is directly impacting Escort's business. As such, any additional delay in resolution of this matter is highly prejudicial to Escort.

patent misuse (*i.e.,* enforcing patent rights against infringement or contributory infringement). *See* 35 U.S.C. § 271(d). As stated in section 271, enforcing patent rights that are presumed valid cannot form the basis for a patent misuse claim. *Id*.[4]

As the Federal Circuit has cautioned, "the body of misuse law and precedent need not be enlarged into an open-ended pitfall for patent-supported commerce." *C.R. Bard*, 157 F.3d at 1373. Adopting Uniden's argument would improperly broaden the doctrine of patent misuse and allow for a claim of patent misuse to stand any time a claim of res judicata or claim preclusion is raised. This is not the law and, to the extent Uniden's patent misuse arguments are not stricken, they should be dismissed pursuant to Rule 12(b)(6).

> 2. **Uniden's Third Affirmative Defense (Inequitable Conduct) and Sixth Affirmative Defense (Laches, Estoppel, Acquiescence, Waiver, and Unclean Hands) Should be Dismissed Pursuant to Rule 12(b)(6) or, in the Alternative, Stricken Pursuant to Rule 12(f).[5]**

Uniden's Third Affirmative Defense conclusorily states:

---

[4] *See also Pace Int'l v. Industrial Ventilation, Inc.*, No. C08-0822RSL, 2009 WL 2460999, at *1 (W.D. Wash. Aug. 6, 2009) (striking patent misuse defense based on argument that lawsuit was filed for improper purpose because the filing of a lawsuit to enforce patent was statutorily exempted from the type of conduct that can constitute patent misuse); *IMX Inc. v. E-Loan, Inc.*, No. 09-20965, 748 F.Supp.2d 1354, 1358 (S.D. Fla. 2010) (holding same).
[5] Uniden incorrectly argues that Escort's motion to strike Uniden's previously existing affirmative defenses pursuant to Rule 12(f) is untimely. First, this argument does not impact Escort's contention that Uniden's Third and Sixth Affirmative Defenses should be dismissed pursuant to Rule 12(b)(6). Uniden does not argue, nor could it, that Escort's motion to dismiss these claims is untimely. Second, Uniden identifies no authority from this Court or any binding source to support its position that Escort's motion to strike Uniden's Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses pursuant to Rule 12(f) is untimely. Uniden's reliance on the non-binding decision in *Lorali v. SMK Associates* is misplaced. No. 13-CV-22204-W-S, 2014 WL 12536977, *8-9 (S.D. Fla. Aug. 26, 2014). In *Lorali*, the plaintiff filed an amended complaint, which triggered the filing of an amended answer and defenses, and then moved to strike defenses that were originally pled. *Id*. In the present case, Escort did not file an amended complaint to induce Uniden to file an amended pleading. Further, Uniden's reliance on *Wiggs v. Home Depot USA, Inc.*, No. 3:08-CV-0356-N, 2010 WL 11545537 (N.D. Tex. June 7, 2010) is also misplaced. In *Wiggs* it appears as though the movant simply failed to file its motion to strike within 21 days after being served with the pleading. *Id*. at *1 n. 1. In contrast, Escort timely filed its motion to strike (*i.e.,* within 21 days of being served with Uniden's Amended Answer).

> Plaintiff's attempted enforcement of the Asserted Patents against
> Uniden is barred by the doctrine of inequitable conduct.

Amended Answer, p. 7 (ECF 43). Uniden concedes that inequitable conduct is subject to the heightened pleading requirement of Rule 9(b). Uniden Resp., p. 10 (ECF 51); *Reinforced Earth Co. v. T & B Structural Sys.,* No. 3:12-CV-2704-N, 2013 WL 10989994, at *7 (N.D. Tex. Jan. 30, 2013). Despite this, Uniden provides no factual allegations regarding its purported inequitable conduct defense. Its single conclusory allegation is insufficient to state an affirmative defense of inequitable conduct.

In its response, Uniden contends that its background factual allegations support its inequitable conduct defense. Uniden Resp., p. 11 (ECF 51). Specifically, Uniden contends that its allegations that Escort disclosed the '905 Orr reference to the examiner but did not call the examiner's attention to any particular claims or specific "disclosures" of the Orr patent constitute inequitable conduct. *Id*. In other words, Uniden is contending that Escort's disclosure of a patent, but not particular parts of the patent, constitutes inequitable conduct. This argument is nonsensical and cannot form the basis for inequitable conduct. Notably, Uniden identifies absolutely no authority to support its novel argument that Escort was somehow required to not just disclose the '905 Orr reference, but also identify specific portions of the reference. This is because the applicable authority definitively illustrates there is no requirement to point out supposed "relevant portions" of English-language references. *See e.g.*, 37 CFR 1.98; *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1184 (Fed. Cir. 1995).

To succeed on a claim of inequitable conduct, a party must show that the patent applicant (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive the United States Patent and Trademark Office ("PTO"). *Reinforced*

7

*Earth*, 2013 WL 10989994, at *2.  Uniden has not alleged any facts to support a plausible inference that either element is met.

Similarly, Uniden's Sixth Affirmative Defense conclusorily states:

> Plaintiff's attempted enforcement of the Asserted Patents against Uniden is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

Amended Answer, p. 7 (ECF 43).  Uniden's Sixth Affirmative Defense is subject to at least the "fair notice" pleading standard, which requires that Uniden provide "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Reinforced Earth*, 2013 WL 10989994, at *4.  Uniden's Amended Answer provides no specificity or factual particularity regarding its purported defenses of laches, estoppel, acquiescence, waiver, and unclean hands.  This is not fair notice.[6]

In its response, Uniden only addresses its purported laches defense, contending that the background section of its Amended Answer alleges that Escort has been aware of the accused products since 2015 and "waited nearly three years to file the instant suit," which is sufficient to justify a defense of laches.  Uniden Resp., p. 11 (ECF 51).  Setting aside that these facts do not support a defense of laches, in *SCA Hygiene Products v. First Quality Baby Products, LLC*, the Supreme Court held unequivocally that laches cannot be interposed as a defense against damages for alleged infringement that occurred within the Patent Act's six-year limitations period.  137 S.Ct. 954, 967 (2017).  By Uniden's own admission, the alleged infringement in this case all

---

[6] *See e.g., Republic Title of Texas, Inc. v. First Republic Title, LLC*, No. 3:14-CV-3848-B, 2015 WL 1914635, at *2 (N.D. Tex. Apr. 27, 2015) (striking affirmative defense of waiver pursuant to Rule 12(f), where the defendant only pled "the name of the defense, omitting any context or explanation as to what Plaintiff allegedly waived or how this defense relates to the […] claims outlined in the Complaint"); *Mary Kay, Inc. v. Dunlap*, No. 3:12-CV-0029-D, 2012 WL 2358082, at *9 (N.D. Tex. June 21, 2012) (striking conclusory assertion of estoppel, ratification, and waiver); *TracFone Wireless, Inc. v. King Trading, Inc.*, No. 3:08-CV-0398-B, 2008 WL 4826035, at *1 (N.D. Tex. Nov. 6, 2008) (striking conclusory assertion of unclean hands).

occurred during the six-year limitations period. In other words, Uniden has not only failed to adequately plead laches, but pursuant to binding Supreme Court precedent, it has absolutely no good faith basis for maintaining this purported defense.

With respect to its other purported defenses (*i.e.,* estoppel, acquiescence, waiver, and unclean hands), Uniden does not identify any allegations that would provide Escort fair notice of the basis for the defense. This is because Uniden has no basis.

In sum, Uniden has completely failed to meet its burden with respect to pleading its Third and Sixth Affirmative Defenses. As such, Uniden's Third and Sixth Affirmative Defenses must be dismissed pursuant to Rule 12(b)(6) or, in the alternative, stricken pursuant to Rule 12(f).

### 3. Uniden's Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses are Redundant and Should be Stricken Pursuant to Rule 12(f).

Uniden's First Affirmative Defense (noninfringement) states:

> Uniden has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the Asserted Patents.

Amended Answer, p. 7 (ECF 43). Uniden's Fifth, Seventh, Eighth, Ninth, and Eleventh Affirmative Defenses are redundant of its First Affirmative Defense and merely restate Uniden's contention that it does not infringe in different ways. *Id*. at pp. 7-8.

Uniden's Second Affirmative Defense (invalidity) states:

> Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

*Id*. at p. 7. Uniden's Tenth Affirmative Defense is redundant, once again contending that the '038 patent, *i.e.,* one of the asserted patents, does not comply with 35 U.S.C. § 101. *Id*. at p. 8.

9

Setting aside the fact that these are not even affirmative defenses, Uniden's response provides no plausible justification for why these purported affirmative defenses are not redundant aside from conclusorily stating that they "lay out separate defenses and issues to be decided in the case." Uniden Resp., p. 9 (ECF 51).  This argument is belied by the plain language of the purported affirmative defenses in the Amended Answer.  As such, Uniden's Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses should be stricken pursuant to Rule 12(f) as redundant of its First and Second Affirmative Defenses.

### III.   CONCLUSION

Escort respectfully requests that this Court strike Uniden's Amended Answer.  Uniden should be required to follow the Court's Scheduling Order, and Rule 15(a).  Further, Uniden's request for leave to amend should be denied because Uniden cannot establish "good cause" for its untimely amendment.  Uniden's delay in amending is based solely on its own lack of diligence.

In the alternative, Uniden's newly-added Thirteenth Affirmative Defense and Counterclaim Count III for patent misuse, its Third Affirmative Defense (inequitable conduct) and its Sixth Affirmative Defense (laches, estoppel, acquiescence, waiver, and unclean hands) should be dismissed pursuant to Rules 12(b)(6) or stricken pursuant to Rule 12(f).  Lastly, Uniden's Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses should be stricken as redundant pursuant to Rule 12(f).

DATED: February 22, 2019                    Respectfully submitted,

/s/ *Timothy E. Grochocinski*
Timothy E. Grochocinski
tim@nbafirm.com
Joseph P. Oldaker
joseph@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708-675-1974

Edward R. Nelson III
ed@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
3131 W. 7th Street, Suite 300
Fort Worth, Texas 76107
P. 817-377-9111

***COUNSEL FOR PLAINTIFF***
***ESCORT INC.***

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was served on counsel for all parties of record on February 22, 2019 via the Court's CM/ECF system.

/s/ *Timothy E. Grochocinski*

11