**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ESCORT INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**UNIDEN AMERICA CORPORATION,**<br><br>    **Defendant.** | **CASE NO 3:18-cv-161-N**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**UNIDEN AMERICA CORPORATION'S REPLY IN
<u>SUPPORT OF ITS OPPOSED MOTION TO AMEND</u>**

Defendant Uniden America Corporation hereby files this Reply in Support of its Opposed Motion to Amend, in support thereof, would respectfully show the Court as follows:

## I. UNIDEN'S AMENDMENT DOES NOT REQUIRE ANY MODIFICATIONS TO THE SCHEDULING ORDER.

This Court need not modify the Scheduling Order to grant Uniden's Motion to Amend because there are no deadlines pending. Dkt. No. 24. The Court has not yet issued a *Markman* order, and thus no deadlines have been entered yet as to the close of fact discovery or trial. *Id.* Indeed, the Court has stated that such deadlines—as required by Rule 16—will be set "by separate Order." *Id.* at 3 ("Following filing of the Court's ruling regarding claim construction, the Court will **by separate Order** set the case for trial and **address any further pretrial scheduling issues**.") (emphasis added); *see also* Fed. R. Civ. P. 16(b)(3)(A) ("Required Contents. **The scheduling order must limit the time to** join other parties, amend the pleadings, **complete discovery**, and file motions.") (emphasis added).

As such, and unlike the movant Escort cited in *Adventure Plus*, Uniden is not "seeking a modification of the scheduling order." *Adventure Plus Enterprises, Inc. v. Gold Suit, Inc.*, Nos. 3:06-CV-2032-BD & 3:07-CV-1315-L, 2008 WL 4998762, at *1 (N.D. Tex. Nov. 21, 2008) (denying motion for leave to file an amended answer because it was filed "more than a year after the expiration of the pleading deadline, six days after the expiration of the deadline for filing pretrial materials, and just 18 days before trial"). Instead, Uniden seeks leave to amend its Answer, Affirmative Defenses, and Counterclaims, Dkt. No. 16, for good cause—consistent with the Court's Scheduling Order.

-1-

### A. The Scheduling Order Includes a Provision for Motions for Leave to Amend Pleadings After the 180-Day Deadline, Thus Precluding the Need for Modification.

The Court's July 10, 2018 Scheduling Order set a deadline for amending pleadings—January 7, 2019[1]. But it also identified two different legal standards by which the pleading would be governed: (1) Rule 15(a) for motions filed by January 7, 2019, and (2) Rule 16(b) for motions "after that date." Dkt. No. 24, at 1 ¶ 1. Here, Uniden timely filed a First Amended Answer, Affirmative Defenses, and Counterclaims ("Amended Answer") on January 7, 2019. Dkt. No. 43. But, as previously acknowledged, Uniden did not simultaneously file a motion for leave to file its Amended Answer. Dkt. No. 51 at 17. Uniden sought leave to amend its pleading after the January 7, 2019 deadline. Per the Court's mandate, Rule 16(b) applies to its motion for leave and, because it was already filed, its Amended Answer. Hence, there is no need, and Uniden has not requested, a modification of the scheduling order.

### II. UNIDEN HAS SATISFIED RULE 16(B): GOOD CAUSE EXISTS FOR UNIDEN TO AMEND ITS ANSWER[2]

Uniden has demonstrated that good cause exists. This is partially rooted in the fact that this scenario is unlike those that Escort relies on, since Uniden filed its Amended

---

[1] The Scheduling Order, filed July 10, 2018, states "[a]ny motion for leave to amend pleadings under Rule 15(a) must be filed within 180 days of this Order." Dkt. No. 24 at 1 ¶ 1. The 180th day is Sunday January 6, 2019. Rule 6 clarifies, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1). The deadline for "within 180 days" is therefore computed as Monday, January 7, 2019.

[2] Escort believes Uniden has not met the requirements of L.R. 7.1 because it "sent a one sentence email the day it filed its response." Dkt. No. 52, at 2, fn. 2. But Escort itself argues "a failure to satisfy the conference requirements does not mandate summary denial of a motion especially when 'it is clear that the motion is opposed and that a conference would neither have eliminated nor narrowed the parties' dispute.'" *Id*. at n. 1

Answer by the Court's deadline, and because it does not seek to modify to the Scheduling Order. This sets Uniden apart, and significantly narrows the field of cases on point. But Uniden is in a similar[3] position as the defendant in *Johnson v. Karr*, No. 3:16-CV-1563-D, 2017 WL 2362043 (N.D. Tex. May 31, 2017). Like Uniden, defendant Karr timely filed her amended answer but failed to timely file a motion to seek leave to do so. *Id.* at *2-3. Therefore, the Court applied the four factor test for good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at *3 (quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)) (citation, internal quotation marks, and brackets omitted).

**First Factor.** Defendant Karr did not have a good explanation for her failure to timely move for leave to amend. *Id.* at *4. Although not purposeful, her attorneys simply misinterpreted the scheduling order and timely filed the amended answer but without a motion to leave. *Id.* The Court found this factor weighed against Karr. *Id.* Likewise, Uniden has not offered a better explanation for failing to file a motion for leave. But, as evinced by Escort's own case law, inherent within this analysis is consideration of other

---

(quoting *Samsung Electronics America, Inc. v. Yang Kun Chung*, No. 3:15-CV-4108-D, 321 F.R.D. 250, 288 (N.D. Tex. 2017)). Here, it was clear that Escort would oppose Uniden's motion to amend. Dkt. No. 49. Thus Uniden's motion should not be summarily denied.

[3] *Johnson v. Karr* was not a patent case and thus, the scheduling order that was on file at the time Karr filed her amended answer included all of the "Required Contents" under Rule 16(b)(3). *See Johnson v. Karr*, No. 3:16-cv-01563-D (Dkt. No. 16). Here, on the other hand, the Court has indicated that it will "by separate Order set the case for trial and address any further pretrial scheduling issues." Dkt. No. 24 at 3.

facts, including how close trial is. *See Adventure Plus,* 2008 WL 4998762, at *2 (denying leave because the movant's explanation of an oral licensing agreement "if [it] exists, which plaintiff denies" was not diligently disclosed and because the case "is set for trial in less than three weeks."); *EEMSO, Inc. v. Compex Tech., Inc.*, No. 3:05-CV-0897-P, 2006 WL 8437455, at *2 (N.D. Tex. Aug. 31, 2006) (denying leave based only on the first factor because, contrary to the explanation provided, the movant had known the supposed new information "for more than three years prior to seeking leave to add their counterclaim," and because "the trial and pretrial conference dates for this case are only a few weeks away."). Here, there is no trial date set and Uniden has been candid that it does not have a better explanation for not filing a motion for leave than in *Johnson*.

Escort wrongly focuses on the *EEMSO* Court's notation that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *See id.*, at *2 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Although Judge Fitzwater acknowledged in *Johnson* that "the court usually denies motions to amend the scheduling order when the moving party fails to demonstrate that, despite its diligence, it could not have reasonably met the scheduling deadline," it must nevertheless "consider[] the four factors holistically." 2017 WL 2362043, at*3-5 (granting leave to file amended answer and stating "Although Karr's explanation for the delay in seeking leave to amend her answer is flawed in certain respects—most notably, her reliance on her counsels' misreading of the scheduling order and magistrate judge's order, the proposed amendment is important, and the court can adequately address any prejudice resulting from allowing the amended answer by continuing the discovery deadline and trial setting"). Just like in *Johnson*, a consideration of **all four factors holistically** demonstrates that good cause exists for Uniden's amendment.

**Second factor.** The *Johnson* Court determined the second factor weighed in favor of Karr because her amendment, like Uniden's, would allow Karr "to assert potentially case-dispositive affirmative defenses," and was therefore very important. *Id.*, at *4. Uniden's amendments are equally important. Its Amended Answer raised a res judicata and/or claim preclusion defense and a patent misuse defense and counterclaim, which are potentially dispositive to at least one of the three Asserted Patents. *See* Dkt. No. 43, at 8-9. The basis for these defenses and counterclaim derives from Escort's actions in asserting patent claims that are indistinct from those found unpatentable by the USPTO during an Inter Partes Review proceeding. *Id.* Escort made no attempt to show that Uniden's amendment was not important. *See* Dkt. No. 52, at 2-4. Because the amendment is vital to Uniden's defense, the second factor is strongly in favor of Uniden.

**Third Factor.** Deciding the potential for prejudice to Johnson was low, the Court found this factor weighed in favor of Karr. *Johnson*, 2017 WL 2362043, at *4. Just like Uniden, defendant Karr had filed a motion for leave to amend her answer concurrent with her opposition to plaintiff Johnson's motion to strike her amended answer. *Id.* But the court pointed out that Karr had "filed her amended answer by the deadline that would have applied had she sought leave." *Id.* And because the court found a "similar context" between Karr and "a party [that] files a motion for leave to amend by the court-ordered deadline," there exists a "'presumption of timeliness.'" *Id.* The court concluded that even though discovery was set to close in about two weeks, "a continuance of that deadline could cure any prejudice." *Id.*

Uniden is in the same boat, but this factor tips even more sharply in its favor because there are no deadlines, discovery or otherwise, that would require a continuance. Like Karr, Uniden filed its motion to leave concurrent with its opposition to Escort's

-5-

motion to strike. *See* Dkt. No. 51. Also like Karr, Uniden filed its Amended Answer "by the deadline that would have applied had [it] sought leave," thus providing a "presumption of timeliness.'" *Johnson*, 2017 WL 2362043, at *4. This, combined with Uniden's letter to Escort informing it of the nature of the claims and the substance of the additional information contained in Uniden's supplement, demonstrates the very low potential of prejudice to Escort.

Escort did not offer an argument regarding the third factor of the test for good cause. Instead, it contended Uniden's citations to *Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC*, No. 3:12-CV-0149-D, 2012 WL 5875603 (N.D. Tex. Nov. 21, 2012) and *Olibas v. Barclay*, No. 3:11-cv-2388, 2013 WL 12143945 (N.D. Tex. May 10, 2013) were "misplaced" because the Rule 15(a) standard applied in those cases. While true, Escort overlooked their context. *Pyramid* is the case the *Johnson* Court quoted regarding a "presumption of timeliness" for parties that file motions for leave on time. *Pyramid*, 2012 WL 5875603, at *2. And *Olibas* pertains to evaluation of prejudice, a consideration even for courts applying a Rule 15(a) standard. *Olibas*, 2013 WL 12143945, at *3 (finding amendment would not result in undue delay or cause plaintiffs any undue prejudice where no trial date was set and plaintiffs were under no court-imposed time constraints). The third factor tips heavily in favor of Uniden.

**Fourth Factor.** The *Johnson* Court found this factor tipped in favor of defendant Karr because the Court could continue the trial and/or discovery deadlines "if necessary, to cure any prejudice caused by allowing the amended complaint." *Johnson*, 2017 WL 2362043, at *5. Because no deadlines currently exist for discovery, trial, or any other matter, the Court need not even issue a continuance to cure any potential of prejudice to

Escort. *See* Dkt. No. 24. Escort did not offer an argument regarding the fourth factor of the test for good cause. The fourth factor tips heavily in favor of Uniden.

## III.   CONCLUSION

Because good cause exists to allow Uniden's Amended Answer, leave to amend should be freely given as justice requires such that Uniden has the opportunity to present and prove defenses it has to Escort's claims. Therefore, Uniden respectfully requests that the Court grant Escort's Motion to Amend and allow Uniden's Amended Answer, currently on file with the Court, to stand.

Dated: March 6, 2019

Respectfully submitted,

By:  */s/ David B. Conrad*
Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
David B. Conrad
conrad@fr.com
Texas Bar No. 24049042
Theresa M. Dawson
tdawson@fr.com
Texas Bar No. 24065128

FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**UNIDEN CORPORATION**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 6, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                              */s/ David B. Conrad*
                                              David B. Conrad