**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ESCORT INC.**, | |
| Plaintiff, | |
| v. | Case No. 3:18-cv-161-N |
| **UNIDEN AMERICA CORPORATION,** | |
| Defendant. | |

## PLAINTIFF ESCORT INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY LITIGATION PENDING INTER PARTES REVIEW OF ONE OF THE PATENTS-IN-SUIT

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ………………………………………………….. 1

II.  LEGAL STANDARD …………………………………………….. 2

III. ARGUMENT …………………………………………………….. 2

   A.   Uniden's Attempt to Stay this Matter Pre-IPR Institution is Premature …… 2

   B.   All Four Factors that Are to be Considered Weigh Against Staying this Matter …………………………………………………………… 5

        Factor 1:   Whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party ………………………….. 5

        Factor 2:   Whether a stay will simplify the issues in question and the trial of the case ……………………………………………………… 8

        Factor 3:   Whether discovery is complete and whether a trial date has been set ……………………………………………………… 11

        Factor 4:   Whether a stay will reduce the burden of litigation on the parties and on the Court ……………………………………... 13

IV.  CONCLUSION …………………………………………………... 13

# TABLE OF AUTHORITIES

**Cases**                                                               **Page(s)**

*Autoalert, Inc. v. Dominion Dealer Solutions, LLC,*
    No. SACV 12-1661-JST, 2013 WL 8014977 (C.D. Cal. 2013) …………….. 5

*Belphex LLC v. Pain Point Medical Systems, Inc.,*
    No. 3:16-CV-0410, 2016 WL 7839343 (N.D. Tex. Nov. 3, 2016) ………….. 3, 10

*Brixham Sols. Ltd. v. Juniper Networks, Inc.,*
    No. 13-CV-00616-JCS, 2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) ……... 9

*Cellular Communications Equipment LLC v. HTC Corp.,*
    No. 6:16-CV-475, 2018 WL 4261194 (E.D. Tex. May 8, 2018) ……………. 9, 13

*Copy Protection LLC v. Netflix, Inc.,*
    No. 14-365, 2015 WL 3799363 (D. Del. June 17, 2015) …………………… 4

*Courtesy Products LLC v. Hamilton Beach Brands, Inc.,*
    No. 13-2012-SLR, 2015 WL 5145526 (D. Del. Sept. 1, 2015) ……………… 8

*Emp't Law Compliance v. Compli, Inc.,*
    No. 3:13-CV-3574, 2014 WL 3739770 (N.D. Tex. May 27, 2014) …………. 3, 6, 10

*E-Watch, Inc. v. Lorex Canada, Inc.,*
    No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ……………. 4, 10, 12

*Evolutionary Intelligence, LLC v. Apple, Inc.,*
    No. C13-04201, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014) …………………. 4, 6, 7, 10

*Fairfield Industries v. Seabed Geosolutions (US) Inc.,*
    No. H-17-1485, 2018 U.S. Dist. LEXIS 110523 (S.D. Tex. July 3, 2018) ….. 2

*Fall Line Patents, LLC v. American Airlines Group Inc.,*
    No. 6:17-CV-00202, 2018 WL 4169251 (E.D. Tex. May 21, 2018) ………... 3

*Invensys Systems, Inc. v. Emerson Electric Co.,*
    No. 6:12-CV-00799, 2014 WL 4477393 (E.D. Tex. July 25, 2014) ………… 5, 7, 9

*Kaneka Corp. v. JBS Hair, Inc.,*
    No. 3-10-CV-1430, 2012 WL 10464130 (N.D. Tex. Apr. 27, 2012) ………... 6

*LakeSouth Holdings, LLC v. Ace Evert, Inc.,*
    No. 3:14-CV-1348, 2015 WL 10818619 (N.D. Tex. June 17, 2015) ………... 2, 7, 8, 11

*Malibu Boats, LLC v. Nautique Boat Co., Inc.*,
   122 F.Supp.3d 722 (E.D. Tenn. 2015) ……………………………………..   8

*Micrografx, LLC v. Google, Inc.*,
   No. 3:13-CV-3595, 2014 WL 12580455 (N.D. Tex. July 9, 2014) …………..   3, 10

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   No. 12-1744, 2013 WL 3353984 (D. Del. July 2, 2013) ……………………..   4, 6, 7

*NFC Tech. LLC v. HTC America, Inc.*,
   No. 2:13-CV-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) …………..   9

*Norman IP Holdings, LLC v. TP-Link Technologies, Co.*,
   No. 6:13-CV-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ……………..   10

*Parthenon Unified Memory Architecture LLC v. HTC Corp.*,
   No. 2:14-CV-00690, 2016 WL 3365855 (E.D. Tex. June 17, 2016) …………   7-8, 9

*Princeton Digital Image Corp. v. Konami Digital Entertainment Inc.*,
   No. 12-1461, 2014 WL 3819458 (D. Del. Jan. 15, 2014) ..………………….   4, 12

*Saint Lawrence Communications LLC v. ZTE Corp.*,
   No. 2:15-CV-349, 2017 WL 3396399 (E.D. Tex. Jan. 17, 2017) …………..   8

*SCVNGR, Inc. v. eCharge Licensing, LLC*,
   No. 13-12418-DJC, 2014 WL 4804738 (D. Mass. Sept. 25, 2014) …………..   9

*TAS Energy, Inc. v. San Diego Gas & Elec. Co.*,
   No. 12-CV-2777, 2014 WL 794215 (S.D. Cal. Feb. 26, 2014) ……………..   12

*Tessera Advanced Tech., Inc. v. Samsung Electronics Co.*,
   No. 2:17-CV-00671, 2018 WL 3472700 (E.D. Tex. July 19, 2018) …………   2, 12, 13

*Toshiba Samsung Storage Technology Korea Corp. v. LG Electronics, Inc.*,
   No. 15-691, 2015 WL 7824098 (D. Del. Dec. 3, 2015) ..…………………..   4

*Trover Group, Inc. v. Dedicated Micros USA*,
   No. 2:13-CV-1047, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) …………..   2, 12

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   No. 2014-1232, 2014 WL 3360806 (Fed. Cir. July 10, 2014) ………………..   5, 7

## I.   INTRODUCTION

As a threshold matter, Uniden's motion is premature.  The Patent Trial and Appeal Board ("PTAB") has not yet granted Uniden's petition and instituted review of U.S. Patent No. 7,576,679 ("the '679 patent"), one of the three patents-in-suit.  At a minimum, Uniden's motion should be denied without prejudice pending an institution decision by the PTAB.

Notwithstanding the foregoing, Uniden's motion should be denied regardless of whether or not the PTAB institutes the IPR.  As discussed herein, none of the factors that are considered on a motion to stay weigh in favor of staying this matter.  First, a stay of this matter is unduly prejudicial to Escort and puts it at a clear tactical disadvantage.  Escort and Uniden are direct competitors in the radar and laser detector market in the United States.  Uniden's past, and continued, infringement of the patents-in-suit has directly impacted Escort's competitive position in the marketplace as well as its goodwill.  In addition, Uniden was dilatory in filing its IPR petition, waiting fourteen months after this case was filed and seven months after it served its preliminary invalidity contentions identifying relevant art.  As such, this factor weighs strongly against a stay.

Further, a stay of this matter will not simplify the issues and trial of this case because only one of the three patents-in-suit is potentially subject to IPR.  Uniden has not petitioned for review of U.S. Reissue Patent Nos. RE39,038 and RE40,653.  Courts across the country have almost uniformly held that this factor weighs against a stay when less than all patents-in-suit are the subject of IPR.

Finally, this case is not in its infancy.  The parties have been engaged in discovery and claim construction briefing is complete.  As such, this factor weighs against a stay.  For the reasons stated herein, Uniden's motion should be denied.

## II.     LEGAL STANDARD

District courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings. *Tessera Advanced Tech., Inc. v. Samsung Electronics Co.*, No. 2:17-CV-00671, 2018 WL 3472700, at *1 (E.D. Tex. July 19, 2018). Courts generally weigh four factors in deciding whether to stay litigation pending examination by the PTO: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, (3) whether discovery is complete and whether a trial date has been set, and (4) whether a stay will reduce the burden of litigation on the parties and on the court. *LakeSouth Holdings, LLC v. Ace Evert, Inc.*, No. 3:14-CV-1348, 2015 WL 10818619, at *1 (N.D. Tex. June 17, 2015); *Trover Group, Inc. v. Dedicated Micros USA,* No. 2:13-CV-1047, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015).

## III.     ARGUMENT

### A.     Uniden's Attempt to Stay this Matter Pre-IPR Institution is Premature.

"The standard practice in the federal courts in Texas . . . is to deny a stay until the PTAB institutes IPR proceedings on any of the patents at issue in the case." *Fairfield Industries v. Seabed Geosolutions (US) Inc.*, No. H-17-1485, 2018 U.S. Dist. LEXIS 110523, at *3 (S.D. Tex. July 3, 2018) (calling this approach "well-reasoned and an appropriate balance of the factors" and calling the argument that the IPR would be instituted "speculative"); *see also Tessera Advanced Tech., Inc.*, No. 2:17-CV-00671, 2018 WL 3472700, at *4 (noting that court would not, barring exceptional circumstances, grant a stay of proceedings for the mere filing of an IPR). As Judge Bryson, sitting by designation, noted in *Trover Group, Inc.,* No. 2:13-CV-1047, 2015 WL 1069179:

2

> Although, as the Federal Circuit noted, some district courts have granted stays even before the PTAB has granted the petition for review, the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review.
>
> In this district, that is not just the majority rule; it is the universal practice. This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for inter partes review, the courts have uniformly denied motions for a stay.

*Id.* at *6 (internal citations omitted) (collecting cases); *see also Fall Line Patents, LLC v. American Airlines Group Inc.*, No. 6:17-CV-00202, 2018 WL 4169251, at *1 (E.D. Tex. May 21, 2018) (denying motion to stay pre-institution decision).  The same should hold true in the Northern District of Texas.

All of the cases relied on by Uniden in which a stay was granted pre-institution are readily distinguishable from the present case.  In *Belphex*, the sole patent-in-suit was the subject of the IPR, the defendant filed its IPR petition four months after case was filed (*i.e.,* no indication of dilatory motive), and the parties had just started discovery and no claim construction briefing had taken place.  *Belphex LLC v. Pain Point Medical Systems, Inc.*, No. 3:16-CV-0410, 2016 WL 7839343, at *1-3 (N.D. Tex. Nov. 3, 2016).

In *Employment Law Compliance*, the sole patent-in-suit was the subject of the IPR, there was no evidence that the parties were direct competitors, and the defendant only waited six months to file its IPR petition.  *Emp't Law Compliance v. Compli, Inc.*, No. 3:13-CV-3574, 2014 WL 3739770, at *1-2 (N.D. Tex. May 27, 2014).

In *Micrografx*, all three patents-in-suit were the subject of IPR, the patent owner was a non-practicing entity, and there was no evidence of dilatory motive on the part of the movant.  *Micrografx, LLC v. Google, Inc.*, No. 3:13-CV-3595, 2014 WL 12580455, at *1-2 (N.D. Tex. July 9, 2014).

3

In *E-Watch*, all three of the patents-in-suit were subject to IPR, two of which had been instituted. *E-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-3314, 2013 WL 5425298, at \*2-3 (S.D. Tex. Sept. 26, 2013). Further, the plaintiff did not oppose the stay request. *Id*. at \*1.

In *Evolutionary Intelligence*, both patents-in-suit and all asserted claims were the subject of IPR and the parties were not competitors. *Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C13-04201, 2014 WL 93954, at \*1-3 (N.D. Cal. Jan. 9, 2014).

Finally, with respect to *Princeton Digital Image Corp. v. Konami Digital Entertainment Inc.*, No. 12-1461, 2014 WL 3819458 (D. Del. Jan. 15, 2014) and *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744, 2013 WL 3353984 (D. Del. July 2, 2013), the District of Delaware has specifically stated that its view has changed on this issue, noting that these decisions rely on incomplete data and faulty assumptions.[1] *See Toshiba Samsung Storage Technology Korea Corp. v. LG Electronics, Inc.*, No. 15-691, 2015 WL 7824098, at \*2, n. 3 (D. Del. Dec. 3, 2015). In addition, the Chief Judge of the District of Delaware has stated that "[g]enerally, the 'simplification' issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for inter partes review." *Id.* (quoting *Copy Protection LLC v. Netflix, Inc.*, No. 14-365, 2015 WL 3799363, at \*1 (D. Del. June 17, 2015)).

In the present case, the IPR petition filed by Uniden has not been instituted. The PTAB will not make the determination as to whether this IPR will be instituted for several more months. Therefore, Uniden is asking this court to stay this entire action based on an event whose very existence is speculative at best. As such, at a minimum, the standard practice of denying pre-institution motions to stay without prejudice pending an institution decision should apply in

---

[1] This shift by the District of Delaware was based, at least in part, on the decreased rate of institution by the PTAB. *See* Uniden Appendix, APP. 120 (ECF 55-1) (demonstrating institution rate of 87% in 2013 compared to 60% in 2018).

this matter.  In addition, this case has several factors that weigh in favor of denying Uniden's motion *with prejudice*.  For example, only one of the three patents at issue in this action is the subject of Uniden's IPR.  Uniden is asking this Court to stay the entire case because an IPR may possibly be instituted against one patents-in-suit, giving no consideration to the two other patents that will remain in suit.  Further, the parties are direct competitors and Uniden was dilatory in filing its IPR petition.

**B.     All Four Factors that Are to be Considered Weigh Against Staying this Matter.**

Setting aside that Uniden's motion is premature, regardless of whether or not the PTAB institutes the IPR Uniden's motion should be denied.  As discussed herein, none of the factors weigh in favor of staying this matter.

**Factor 1:     Whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party.**

All patent owners have a recognized interest in the timely enforcement of their patent rights.  *Invensys Systems, Inc. v. Emerson Electric Co.*, No. 6:12-CV-00799, 2014 WL 4477393, at *2 (E.D. Tex. July 25, 2014).  "This delay is especially burdensome where, like here, the parties are competitors in the marketplace."  *Id.* (noting that the patent owner may lose valuable customers and goodwill during the stay of litigation); *see also VirtualAgility Inc. v. Salesforce.com, Inc.,* No. 2014-1232, 2014 WL 3360806, at *9 (Fed. Cir. July 10, 2014) (stating that "competition between parties can weigh in favor of finding undue prejudice" when considering a stay).

"If a stay would result in prejudice or a clear tactical disadvantage to the nonmoving party, courts have generally denied the motion to stay."  *Autoalert, Inc. v. Dominion Dealer*

*Solutions, LLC,* No. SACV 12-1661-JST, 2013 WL 8014977, at *2 (C.D. Cal. 2013).[2]  "Courts

are likely to find undue prejudice when the parties are direct competitors." *Id.  See also Kaneka*

*Corp. v. JBS Hair, Inc.*, No. 3-10-CV-1430, 2012 WL 10464130, at *1 (N.D. Tex. Apr. 27,

2012) (finding that this factor weighs heavily against a stay and noting that where the parties are

direct competitors, any delay in deciding the case could potentially prejudice plaintiff's right to

exclusive use of the patented technology for its economic advantage).

     Escort and Uniden are direct competitors in the radar and laser detector market in the

United States.  Exhibit 1, Dec. Babitt, ¶ 4.  Escort is a leading manufacturer of high-performance

radar and laser detection systems.  *Id.* at ¶ 2.  Escort manufactures and sells products covered by

the patents-in-suit (*i.e.,* U.S. Patent Nos. RE39,038, RE40,653, and 7,576,679) in the United

States and abroad ("Escort's Patented Products").  *Id.* at ¶ 3; *see also*

https://www.escortradar.com/.  Uniden offers numerous radar detector products via its website

and distributor network that directly compete with Escort's Patented Products in the United

States.  Exhibit 1, Dec. Babitt, ¶ 5; *see also* https://www.uniden.com/catalog/automotive/radar-

detectors/.  This includes the accused products in this case.  Exhibit 1, Dec. Babitt, ¶ 5.  Uniden's

past, and continued, infringement of the patents-in-suit has directly impacted Escort's

competitive position in the marketplace as well as its goodwill.  *Id.* at ¶ 6.  The imposition of a

stay of this case, and the delay that would accompany such a stay, would be prejudicial to Escort

for unreasonably extending the tactical disadvantage being imposed on Escort due to Uniden's

continued infringement of the patents-in-suit.  *Id.* at ¶ 7.[3]

---

[2] This non-binding decision was relied on by Uniden in its motion.  *See* Uniden Mtn. Stay, p. 9 (ECF 55).
[3] Uniden's reliance on *Emp't Law Compliance*, No. 3:13-CV-3574, 2014 WL 3739770, *Neste Oil OYJ,* No. 12-1744, 2013 WL 3353984, and *Evolutionary Intelligence,* No. C13-04201, 2014 WL 93954 in support of its arguments on this factor is misplaced.  In *Emp't Law Compliance,*

Further, the fact that Escort did not move for a preliminary injunction does not mean it

will not be unduly prejudiced by delay of this matter.  This argument has been soundly rejected

by numerous Texas courts, as well as the Federal Circuit, which have held that such an argument

does not "account for the variety of factors that go into deciding whether to seek injunctive

relief."  *Invensys Systems, Inc.*, 2014 WL 4477393, at *2; *VirtualAgility Inc.*, 2014 WL 3360806,

at *9.

In addition, Uniden unreasonably delayed in filing its IPR petition.  This case was filed

on December 18, 2017.  *See* Complaint (ECF 1).  That same day, Escort sent Uniden a copy of

the complaint in an effort to see if Uniden wanted to amicably resolve this matter.  Exhibit 2, Ltr.

to Uniden (Dec. 18, 2017).  Fourteen months later Uniden filed its IPR petition.  *See* Dec.

Conrad (ECF 55-1, ¶ 4).  This was seven months after Uniden identified relevant prior art in its

July 27, 2018 invalidity contentions.  Scheduling Order, p. 3 (ECF 24).  Uniden has not stated

any justification for its unreasonable delay.  This is because the only justification is that Uniden

was dilatory.

In *LakeSouth Holdings*, the Court found that defendant's "nearly one-year-long delay" in

filing its IPR petition was unreasonable and weighed against a stay.  2015 WL 10818619, at *2.

Based on this, the Court held that this factor weighed against a stay.  *Id*.

In *Parthenon Unified Memory Architecture*, the Court found that defendants' one-year

delay in filing IPR petition was not reasonable and was indicative of an attempt to gain a tactical

_____

the plaintiff failed to establish that the parties were direct competitors.  2014 WL 3739770, at *2;
*see also* Uniden Mtn. Stay, p. 9 (ECF 55).  In *Neste Oil OYJ*, the parties were not direct
competitors.  2013 WL 3353984, at *4-5.  Similarly, in *Evolutionary Intelligence*, the parties
were not competitors.  2014 WL 93954, at *3.  In contrast, Escort has presented evidence that it
and Uniden are direct competitors and that delay of this matter will be prejudicial to Escort.  *See*
Exhibit 1, Dec. Babitt ¶¶ 2-7.

7

advantage.  *Parthenon Unified Memory Architecture LLC, v. HTC Corp.*, No. 2:14-CV-00690, 2016 WL 3365855, at *2 (E.D. Tex. June 17, 2016).  Specifically, the Court noted that defendants offered no reason for filing their IPRs on the last allowable day, especially when defendants had identified relevant prior art months earlier in conjunction with their invalidity contentions.  *Id.*

Uniden's fourteen-month delay goes well beyond the nearly one-year-long delay found to be unreasonable in *LakeSouth* and *Parthenon*.  It is clear that a stay in this matter will unduly prejudice and present a clear tactical disadvantage to Escort.  As such, this factor weighs against a stay.

**Factor 2:      Whether a stay will simplify the issues in question and the trial of the case.**

Uniden's IPR petition is only for one of the three patents-in-suit.  Uniden has not filed IPR petitions with respect to U.S. Reissue Patent Nos. RE39,038 and RE40,653.  *See e.g.,* Uniden Appendix, Exhibit B, App. 12-113 (ECF 55-1).  Courts across the country are nearly uniform in finding that this factor weighs against a stay when not all patents-in-suit are subject to IPR.[4]  *See Saint Lawrence Communications LLC v. ZTE Corp.*, No. 2:15-CV-349, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017) (denying motion to stay where only one of five asserted patents was subject to IPR); *Malibu Boats, LLC v. Nautique Boat Co., Inc.*, 122 F.Supp.3d 722, (E.D. Tenn. 2015) (denying motion to stay where only one of three patents-in-suit was subject to IPR); *Courtesy Products LLC v. Hamilton Beach Brands, Inc.*, No. 13-2012-SLR, 2015 WL 5145526, at *2 (D. Del. Sept. 1, 2015) (denying motion to stay in competitor suit where not all asserted

---

[4] With respect to Uniden's argument that the patents-in-suit not subject to IPR review are about to expire, a patent holder has "a recognized interest in the timely enforcement of its patent rights." *JumpSport, Inc. v. Academy, Ltd.*, No. 6:17-CV-00414, 2018 WL 1806900, at *2 (E.D. Tex. Apr. 17, 2018).  This is true even for patents that are about to expire.  *Id.*

claims were subject to IPR proceeding); *Invensys Systems, Inc. v. Emerson Electric Co.*, 2014 WL 4477393, at *3-4 (E.D. Tex. July 25, 2014) (denying motion to stay in competitor suit where not all asserted claims were subject to IPR proceedings); *Parthenon Unified Memory Architecture LLC*, 2016 WL 3365855, at *2 (finding this factor weighed against a stay when not all asserted claims were implicated in IPR); *Cellular Communications Equipment LLC v. HTC Corp.*, No. 6:16-CV-475, 2018 WL 4261194, at *2 (E.D. Tex. May 8, 2018) (finding that, since IPR had been instituted on only two of the three patents-in-suit, this factor weighs against a stay); *SCVNGR, Inc. v. eCharge Licensing, LLC*, No. 13-12418-DJC, 2014 WL 4804738, at *9-10 (D. Mass. Sept. 25, 2014) (denying motion to stay despite case being in the incipient stage and there being no prejudice to the non-movant because only three of the eight patents-in-suit were subject to IPR) (collecting cases).

Uniden has failed to identify a single case in which the Court found this factor weighed in favor of a stay where less than all patents-in-suit were the subject of IPR. Further, the cases relied on by Uniden in support of its arguments under this factor are readily distinguishable. In *NFC Tech.*, a stay was granted only after institution was decided as to all patents-in-suit. *NFC Tech. LLC v. HTC America, Inc.,* No. 2:13-CV-1058, 2015 WL 1069111, at * 1 (E.D. Tex. Mar. 11, 2015). The parties also were not competitors and the plaintiff conceded that monetary relief was sufficient compensation. *Id*. at *2-3.

In *Brixham Solutions, Ltd.*, all patents-in-suit were the subject of IPR. *Brixham Sols. Ltd. v. Juniper Networks, Inc.*, No. 13-CV-00616-JCS, 2014 WL 1677991, at *1 (N.D. Cal. Apr. 28, 2014). Further, the parties were not competitors and there was no evidence of delay by the movant. *Id*. at *2.

9

In *Evolutionary Intelligence, LLC*, both patents-in-suit and all asserted claims were the subject of IPR and the parties were not competitors.  2014 WL 93954, at *1-3.

In *Belphex*, the sole patent-in-suit was the subject of the IPR, the defendant filed its IPR petition four months after case was filed (*i.e.,* no indication of dilatory motive), and the parties had just started discovery and no claim construction briefing had taken place.  2016 WL 7839343, at *1-3.

In *Employment Law Compliance*, the sole patent-in-suit was the subject of the IPR, there was no evidence that the parties were direct competitors, and the defendant only waited six months to file its IPR petition.  2014 WL 3739770, at *1-3.

In *Micrografx, LLC v. Google, Inc.*, all three patents-in-suit were the subject of IPR, the patent owner was a non-practicing entity, and there was no evidence of dilatory motive on the part of the movant.  2014 WL 12580455, at *1-2.

In *Norman IP Holdings*, all three patents-in-suit were the subject of multiple post-grant review proceedings, some of which had been concluded and resulted in the cancellation of numerous claims.  *Norman IP Holdings, LLC v. TP-Link Technologies, Co.*, No. 6:13-CV-384, 2014 WL 5035718, at *1 (E.D. Tex. Oct. 8, 2014).

Finally, in *E-Watch*, all three of the patents-in-suit were subject to IPR, two of which had been instituted.  2013 WL 5425298 at *1-2.  Further, the plaintiff did not oppose the stay request. *Id*. at *1.

A stay of this matter will not simplify the issues because, regardless of the outcome of the IPR, this matter will still proceed forward on the two remaining patents-in-suit.  Further, Uniden is relying on many of the same prior art references with respect to the remaining patents-in-suit.

As such, this factor weighs strongly against a stay because not all patents-in-suit are subject to IPR.

**Factor 3:        Whether discovery is complete and whether a trial date has been set.**

The present case is not in its infancy.  It has been pending since December 2017.  *See* Complaint (ECF 1).  The parties have served infringement and invalidity contentions.  Exhibit 3, Dec. Grochocinski ¶¶ 4-5.  Escort has served written discovery and Uniden has responded to the same.  *Id*. at ¶ 6.  The parties have produced over 167,000 pages of documents in this matter.  *Id*. at ¶ 7.  In addition, the parties have completed all discovery relating to claim construction and claim construction has been fully briefed.  *See* Claim Construction Briefing at ECF 37, 39, 40, and 42.

In *LakeSouth Holdings*, the parties were engaged in discovery and claim construction briefing was complete.  2015 WL 10818619, at *3.  Based on this, the Court held that the case had advanced past the early stages of litigation and that this factor weighed slightly in favor of denying the stay request.  *Id*.   The same is true in the present case.  The parties are engaged in discovery and claim construction briefing is complete.  Just as in *LakeSouth Holdings*, this factor weighs against a stay.

All of the case relied on by Uniden in support of this arguments relating to this factor are readily distinguishable.  In *Intellectual Ventures II*, all five patents-in-suit were the subject of multiple IPR proceedings, which was the substantial determinant behind district court's decision to stay proceedings.  *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, 2:13-CV-4160, 2014 WL 2511308, at *1, *4-5 (W.D. Mo. June 4, 2014).

11

In *TAS Energy*, all four patents-in-suit were the subject of IPR, the parties were not competitors, and, perhaps most importantly, the plaintiff agreed to stay the case. *TAS Energy, Inc. v. San Diego Gas & Elec. Co.,* No. 12-CV-2777, 2014 WL 794215 (S.D. Cal. Feb. 26, 2014).

In *Princeton Digital Image Corp.*, no party-initiated discovery had begun and discovery deadlines were already stayed. 2014 WL 3819458, at *1-4.

Finally, in *E-Watch,* discovery was in its early stages and the parties had not briefed claim construction. 2013 WL 5425298, at *1-3. Further, in that case the plaintiff agreed to a stay. *Id*. at *1.

As discussed *supra*, only one of the three patents-in-suit is subject to IPR in the present case. Further, the parties are competitors, Escort has not agreed to stay the case, the parties have engaged in substantial discovery, and claim construction has been fully briefed. In addition, Uniden's dilatory tactics further weigh against granting a stay.

Texas courts also consider the movant's delay under this factor, routinely finding that delay on the part of the movant causes this factor to weigh against a stay. For example, in *Trover,* Judge Bryson held:

> The pattern of delay on the defendants' part cuts against granting a stay. The defendants could have filed their motion for a stay at a time when the case could truly be said to have been in its infancy. At that time, a stay could have been granted without substantially interfering with the proceedings before the Court. But by delaying in filing their petition and then further delaying in filing their motion to stay, the defendants have allowed the case to progress to a point at which the proceedings have become more active, and thus more expensive, for the parties. Because this factor was within the defendants' control, the Court is not sympathetic with the defendants' contention that they will be exposed to potentially unnecessary expenses in the absence of a stay. For that reason, the Court concludes that this factor cuts strongly against a stay.

*Trover Group, Inc.*, No. 2:13-CV-1047, 2015 WL 1069179, at * 4. Similarly, the Court in *Tessera* held that Samsung's delay in filing its IPR petition caused this factor to "weigh strongly against a

12

stay." *Tessera*, 2018 WL 3472700, at \*3; *see also Cellular Communications Equipment LLC v. HTC Corp.*, 2018 WL 4261194, at \*2 (finding that waiting until the end of the year statutory bar date for filing an IPR and providing no rationale for such delay cuts against a stay).

In the present case, Uniden waited fourteen months after receiving notice of this lawsuit, and seven months after serving its invalidity contentions, to file its IPR petition.  This delay is unreasonable and, as such, this factor weighs strongly against a stay of this case.

> **Factor 4:**     **Whether a stay will reduce the burden of litigation on the parties and on the Court.**

For the reasons discussed with respect to Factor 2, a stay of this matter will not reduce the burden of litigation on the parties and on the Court.  This is because only one of the three patents-in-suit is the subject of the IPR.  Regardless of the outcome of the IPR proceedings this matter will be moving forward with respect to the other two patents-in-suit.  As such, this factor weighs against a stay.

## IV.     CONCLUSION

Based on the foregoing, Uniden's motion to stay should be denied.

13

DATED: March 15, 2019                 Respectfully submitted,

/s/ *Timothy E. Grochocinski*
Timothy E. Grochocinski
tim@nbafirm.com
Joseph P. Oldaker
joseph@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708-675-1974

Edward R. Nelson III
ed@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
3131 W. 7th Street, Suite 300
Fort Worth, Texas 76107
P. 817-377-9111

*COUNSEL FOR PLAINTIFF*
*ESCORT INC.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel for all parties of record on March 15, 2019 via the Court's CM/ECF system.

/s/ *Timothy E. Grochocinski*

14