**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ESCORT INC.,<br><br>    Plaintiff,<br><br>v.<br><br>UNIDEN AMERICA CORPORATION,<br><br>    Defendant. | CASE NO 3:18-cv-161-N<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**UNIDEN AMERICA CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO**
**STAY LITIGATION PENDING INTER PARTES REVIEW OF THE PATENT-IN-SUIT**

Defendant Uniden America Corporation hereby files this Reply in Support of its Motion to Stay Litigation Pending Inter Partes Review of the Patent-in-Suit, in support thereof, would respectfully show the Court as follows:

**I.  UNIDEN'S MOTION TO STAY IS RIPE BECAUSE ALL FOUR FACTORS FAVOR A STAY.**

Uniden was recently accorded a filing date of February 28, 2019 for its IPR Petition. Notice of Filing Date Accorded to Petition. Conrad Decl., ¶ 3, Ex. A. Mailed on March 18, 2019, this Notice identifies Escort's deadline for a preliminary response as June 18, 2019. *Id*. The PTAB will issue its institution decision on, or before, September 18, 2019. If instituted, a final written decision will be due September 18, 2020.

Both parties agree the legal standard for determining whether to grant a stay pending IPR is the four factor test. *See* Opp. at 2 and Mot. at 3. But Escort abandons this framework when asserting Uniden's motion to stay is premature. Instead, Escort tries in vain to distinguish "[a]ll of the cases relied on by Uniden in which a stay was granted pre-institution." Opp. at 3-4. Escort picks and chooses facts in each case, but does not present how, *on balance*, each case is distinguishable.

Escort also argues that some district courts have denied stays when the PTAB has not yet decided whether to conduct inter partes review, but it forgets that "the analysis does not end there." *Neuro Cardiac Techs., LLC v. LivaNova, Inc.*, 2018 WL 4901035, at *2 (S.D. Tex. Oct. 9, 2018) (granting stay pre-institution after weighing all the factors). Rather, [w]hether to grant a stay [pre-institution] is within the court's discretion, based on a careful review of the factors usually considered. *Id*. Indeed, even the Federal Circuit has recognized that "a motion to stay could be granted even before the PTAB rules on a post-grant review petition." *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315-16 (Fed. Cir. 2014). This is one of those cases.

A proper application and analysis of the four factor test shows Uniden's motion to stay is ripe and why a stay should be granted now.

### A. Factor 1: A Stay Will Not Unduly Prejudice or Tactically Disadvantage Escort Because Escort Has Neither Established It Competes Directly With Uniden, Nor That Money Damages Are Inadequate.

Escort contends it would incur undue prejudice if the Court grants a stay because that would "unreasonably extend[] the tactical disadvantage being imposed on Escort due to Uniden's continued infringement of the patents-in-suit." Opp. at 6. But a stay, by definition, involves a delay in litigation. *ZitoVault, LLC v. IBM*, No. 3:16-CV-00962-M, 2016 WL 9244739, at *2 (N.D. Texas July 11, 2016) (postponement of vindication of patent rights is a "type of prejudice [] inherent in granting a stay and, without more, does not justify denying a stay"). Moreover, the '679 Patent issued in 2009, and Uniden's accused products have been on the market since 2014, Conrad decl., ¶ 4, Ex. B, yet Escort waited years to file this suit. *See VirtualAgility*, 759 F.3d at 1319 (finding factor weighed in favor of stay where no preliminary injunction was sought and plaintiff "for some unexplained reason, waited nearly a year after the '413 patent issued before it filed suit against Defendants"). If Escort was truly interested in a resolution without delay, it would have filed its case much earlier. *See, e.g., Autoalert, Inc. v. Dominion Dealer Sols., LLC*, No. SACV 12-1661-JST, 2013 WL 8014977, at *3 (C.D. Cal. May 22, 2013) (finding 2-year delay in bringing suit after acquiring patents and 3-month delay in serving complaint "demonstrates a lack of urgency in the prosecution of this case").

And although Escort alleges that it and Uniden are direct competitors, it provides no supporting evidence whatsoever other than self-serving conclusory statements and links to both parties' websites. Opp. at 6; *see also id.*, Ex. 1, Decl. Babitt ¶ 4 ("Uniden America Corporation is a direct competitor of Escort."). At most, Escort's "evidence" shows that both parties provide similar products and services. Escort has not shown that Escort and Uniden "have in fact competed

for clients or that its business has been affected by [Uniden]." *Employment Law Compliance, Inc. v. Compli, Inc.*, No. 3:13-cv-3574, 2014 WL 3739770, at *2 (N.D. Tex. May 27, 2014) (concluding that factor weighed in favor of stay where plaintiff's evidence consisted of printouts of the parties' websites that showed at best the parties "provide similar services," but did not show that they "have in fact competed for clients or that [plaintiff's] business has been affected").

But even if Escort may face some commercial harm, this factor still weighs in favor of a stay because Escort makes no argument at all regarding the inadequacy of money damages. *See Blephex LLC v. Pain Point Med. Sys. Inc.*, No. 3:16-CV-0410-N, 2016 WL 7839343, at *1 (N.D. Tex. Nov. 3, 2016) ("It is true that Blephex may face commercial harm while the inter partes review process is pending. But Blephex fails to show that the potential adverse impact will be so severe that future monetary damages will be insufficient."). Nor has Escort moved for a preliminary injunction in the 15 months since it filed this suit. *See Autoalert*, 2013 WL 8014977, at *3 (noting that while not dispositive, "Plaintiff's failure to file for a preliminary injunction in the seven months since it filed its Complaint further suggests that monetary damages will adequately compensate Plaintiff should Defendants be found liable"). And, although it argues that a "variety of factors" go into deciding whether to seek injunctive relief, Escort provided none. This case is thus unlike *Invensys Sys., Inc. v. Emerson Elec. Co., et al.*, No. 6:12-cv-799, 2014 WL 4477393 (E.D. Tex. July 25, 2014), in which the plaintiff provided correspondence to substantiate its reason why a preliminary injunction was not immediately sought. *See* Conrad Decl., ¶ 5, Ex. C at APP. 030.

Escort has not identified any legitimate reasons as to why it would suffer undue prejudice or tactical disadvantage if a stay is granted. Any delay arising from a stay would be reasonable, particularly in view of the benefits that would arise from PTAB review. Escort's sole remedy in

this action will necessarily be limited to monetary damages for alleged infringement of the two remaining patents-in-suit (which both expire next month) if the PTAB grants institution of Uniden's IPR and invalidates the challenged claims of the '679 Patent. Therefore, this factor weighs in favor of a stay.

> **B.** **Factor 2: A Stay Will Simplify the Issues in Question and the Trial of the Case Because Institution and Cancellation of At Least Some Claims is Likely.**

The focus of this factor is purely whether or not a stay will simplify the case at hand, not whether it will totally resolve the case. *E-Watch, Inc. v. Lorex Canada, Inc.*, No. H–12–3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013) ("E–Watch conflates simplification of the issues with total resolution of the case, which is not a factor considered by the court when addressing a motion for stay."). The number of patents at issue, the number of patents under review, and/or the number of claims being challenged is irrelevant. Every case is different—a case may not actually be simplified even though all patents at issue are also under IPR if, for example, trial is just around the corner. Likewise, a case in an earlier phase of litigation may be simplified even if only one of multiple asserted patents is under IPR. Simplification is case and fact specific.

Escort relies on the lack of total elimination, not simplification, when it argues that "this matter will still proceed forward on the two remaining patents-in-suit" after the stay. Opp. at 10. Yet this concedes that the stay may simplify "the issues in question and the trial of the case" because it eliminates an entire factual story. *LakeSouth Holdings, LLC v. Ace Evert, Inc.*, No. 3:14-CV-1348, 2015 WL 10818619, at *1 (N.D. Tex. June 17, 2015). Here, there are two competing invention, infringement, and validity stories: one tied to the '679 Patent that was developed at Escort, and the other tied to the remaining two patents-at-issue that Escort acquired prior to this litigation. Mot. at 6-7. Because Uniden's IPR challenges the '679 Patent, and because institution

is very likely, a stay will simplify by potentially eliminating one invention story, thus limiting the issues before the Court. *Id*. at 5-7.

Uniden demonstrated in its brief that the likelihood of institution—and thus simplification of issues—is especially high in this case given that the PTAB has already found claims of two patents related to the '679 Patent were unpatentable. *Id*. at 5-6. Escort does not rebut Uniden's assertion that those claims cannot be meaningfully distinguished from asserted claims of the '679 Patent. *See generally* Opp. at 1-13. Eliminating the '679 Patent from this case will positively impact the workload associated with discovery, export reports, and pre-trial motions. Simplification will still occur even if only some, rather than all, claims are invalidated or modified. *See, e.g.*, *Davol, Inc. v. Atrium Medical Corp.*, No. 12-958-GMS, 2013 WL 3013343, at *5-6 (D. Del. June 17, 2013) (finding factor weighed slightly in favor of stay even though defendant sought inter partes review of only 2 of the 3 asserted patents). Therefore, this factor weighs in favor of a stay.

      C.      **Factor Three: A Stay Will Not Negatively Impact The Close of Discovery or Trial Because Neither Yet Have a Deadline.**

Although the case has not been pending for a short while, Opp. at 11, no *Markman* order has issued nor have any dates been set for the close of discovery, filing of expert reports, or trial. Mot. at 7. Escort contends this posture is similar to *LakeSouth Holdings*, and should therefore also weigh slightly in favor of denying the stay. Opp. at 11. But it is not. In that case, the case would be set for trial in six months, and the other facts are distinguishable. *See LakeSouth Holdings*, 2015 WL 10818619, at *3.

Here, although discovery is ongoing and claim construction briefs have been filed, trial has not been set. No depositions have been noticed, let alone taken. Damages discovery has not even begun. Dkt. No. 24 ¶ 3(c). As discussed, no dates yet exist for the close of discovery. This is a

very significant difference. In *LakeSouth Holdings*, a stay would have ensured the dates for the close of discovery and trial would be impacted. Here, there is no danger of that happening yet, and therefore it is more reasonable to characterize this case as in a relatively early stage. As such, a stay will not negatively impact the close of discovery or trial.

Escort also maintains that Uniden unreasonably delayed in bringing its IPR Petition and that this factor should weigh strongly against a stay as a consequence. Opp. at 13. But this argument fails for the same rationale in *LakeSouth Holdings*. Because there are no pending deadlines, Uniden's alleged delay can have no negative effect. Thus, any prior delay will not disrupt the proceeding before the Court. This analysis holds true when comparing Uniden with other defendants as well. *See e.g., Tessera Advanced Techs., Inc. v. Samsung Elec. Co., Ltd.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *3 (E.D. Tex. July 19, 2018) ("the stage of the case is not so early that the stay would have no material effect on the district court proceedings"); *Cellular Commc'ns Equip. LLC v. HTC Corporation*, No. 6:16-CV-475-KNM, 2018 WL 4261194, at *2 (E.D. Tex. May 8, 2018) ("At the time of the filing of the motion to stay, the parties were one month away from the close of fact discovery and trial was less than a year away.").

Filing the IPR near the end of its statutory deadline alone does not demonstrate a "dilatory motive." *See, e.g., Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015) ("[t]he Court declines to condition a stay on Symantec seeking IPR earlier than the end of its statutory deadline, or to read a dilatory motive into the timely exercise of its statutory rights."); *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 359 (D. Mass. 2015) (rejecting plaintiff's argument that defendant had engaged in dilatory conduct by filing IPR petitions within one week of its statutory deadline); *see also* 157 CONG. REC. S5429 (daily ed. Sept. 8, 2011) (statement of Sen. Kyl) (stating that one year deadline provided by 35 U.S.C. § 315(b) for filing and IPR petition

after service of a complaint provides time for defendants to determine "which claims will be relevant and how those claims are alleged to read on the defendant's products").

Uniden filed its IPR timely within its statutory deadline. Substantial work still remains for this case to be ready for trial. Not a single deposition has been taken to date and damages discovery has not even begun. Dkt. No. 24 ¶ 3(c). The Court has not issued its claim construction order or set any deadlines associated with expert discovery, summary judgment, pre-trial motions, and trial. Accordingly, this factor weighs in favor of a stay. *See Cypress Semiconductor Corp. v. LG Elecs., Inc.*, No. 13-cv-04034–SBA, 2014 WL 5477795, at *2 (N.D. Cal. Oct. 29, 2014) (finding that this factor weighs in favor of a stay where claim construction briefing was complete but "[t]here has been no dispositive motion practice, the claims have not been construed, and no deadlines for completing discovery, motion practice or trial have been set").

### D.  Factor Four:  A Stay Would Limit the Burden of Litigation on the Court and the Parties Because it Would Avoid Litigating the Validity of The '679 Patent In Parallel With the PTAB.

Escort does not attempt to rebut this factor, but instead refers the Court to its analysis of Factor 2. Opp. at 13. As explained above, this factor weighs in favor of a stay.

## II. CONCLUSION

For the reasons herein, Uniden respectfully requests that the Court stay this case pending resolution of the IPR proceeding challenging the validity of the '679 Patent.

Dated: March 29, 2019

Respectfully submitted,

By: */s/ David B. Conrad*
    Neil J. McNabnay
    njm@fr.com
    Texas Bar No. 24002583
    David B. Conrad
    conrad@fr.com
    Texas Bar No. 24049042
    Theresa M. Dawson
    tdawson@fr.com
    Texas Bar No. 24065128
    Noel F. Chakkalakal
    chakkalakal@fr.com
    Texas Bar No. 24053676

    FISH & RICHARDSON P.C.
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT
UNIDEN CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 29, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

    */s/ David B. Conrad*
    David B. Conrad