IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESCORT INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-161-N |
| | § | |
| UNIDEN AMERICA CORPORATION, | § | |
| | § | |
| Defendant. | § | |

# **ORDER**

This Order addresses Defendant Uniden America Corporation's ("Uniden") Motion to Stay Litigation Pending Inter Partes Review of the Patent-in-Suit [54]. For the reasons stated below, the Court denies the motion.

In deciding whether to stay litigation pending IPR, the Court considers three factors: (1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, and (3) whether discovery is complete and whether a trial date has been set. *Employment Law Compliance, Inc. v. Compli, Inc.*, 2014 WL 3739770, at *1 (N.D. Tex. May 27, 2014) (citing *BarTex Research, LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 649–650 (E.D. Tex. 2009)). Here, there are three patents in suit, but only one is subject to IPR, as Uniden only petitioned for review of U.S. Patent No. 7,576,679. Uniden also waited fourteen months to file its IPR petition. Finally, this case is not in its infancy: the parties have engaged in discovery, completed claim construction briefing, and the Court, by Order of this

ORDER – PAGE 1

same date, issued its *Markman* Order. Accordingly, the Court holds that the factors do not support a stay and therefore denies Uniden's motion.

Signed May 23, 2019.

_____
David C. Godbey
United States District Judge