IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESCORT INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-0161-N |
| | § | |
| UNIDEN AMERICA CORPORATION, | § | |
| | § | |
| Defendant. | § | |

# ORDER

This Order addresses Uniden America Corporation's ("Uniden") motion for leave to amend its preliminary invalidity contentions [31]. For the reasons stated below, the Court grants Uniden leave to add the additional invalidity charts relating to the Orr '562 and Orr '905 Patents, but otherwise denies the motion.

Local Patent Rule 3-7 permits amendment of preliminary invalidity contentions "by order of the presiding judge upon a showing of good cause." Good cause requires a showing of diligence, and the burden is on the movant to establish diligence. *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006). Courts have broad discretion to grant untimely motions to supplement invalidity or infringement contentions. *Mobile Telecomms., Techs., LLC v. Blackberry Corp.*, 2015 WL 12698061, at *1 (N.D. Tex. May 19, 2015). In determining whether to exercise discretion and grant leave, courts typically consider four factors: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the

thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Arbitron, Inc. v. Int'l Demographics Inc.*, 2009 WL 166555, at *1 (E.D. Tex. Jan. 16, 2009) (citing *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

Here, Uniden avers that it identified and disclosed the Orr '562 and Orr '905 Patents as invalidating prior art in its preliminary invalidity contentions. Less than three weeks after serving its contentions, however, Uniden discovered that its claim charts for the Orr '562 and Orr '905 Patents were not included. Within two days of that discovery, Uniden served Plaintiff Escort Inc. ("Escort") with supplementary invalidity contentions. Uniden claims it is thus seeking to correct an inadvertent omission. The Court finds that Uniden acted diligently and that good cause exists to add the claim charts. Uniden disclosed both references in its preliminary invalidity contentions, but inadvertently left out the accompanying claim charts. Moreover, Uniden quickly discovered the omission and immediately sought to correct it. Uniden has also shown that the charts are important, as they address the invalidity of one of the asserted Patents. Finally, Escort acknowledges that a continuance is unnecessary. Accordingly, the Court grants Uniden leave to add the additional claim charts for the Orr '562 and Orr '905 Patents .

Uniden also seeks leave to add six additional claim terms that it alleges are indefinite. Uniden, however, fails to show good cause with respect to the additional claim terms. Accordingly, the Court denies Uniden's motion with respect to these additional claim terms.

Signed August 7, 2019.

_____
David C. Godbey
United States District Judge