IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESCORT INC., | |
| *Plaintiff,* | CIVIL ACTION NO.: 3:18-cv-00161-N |
| v. | PATENT CASE |
| UNIDEN AMERICA CORPORATION, | JURY TRIAL DEMANDED |
| *Defendant.* | |

## DEFENDANT'S UNOPPOSED AND EXPEDITED
## MOTION TO AMEND THE PROTECTIVE ORDER

Defendant Uniden America Corporation ("Uniden") moves the Court for expedited consideration of the requested amendment to add one provision to the Protective Order entered in this case.  For the following reasons, the Court should grant this unopposed and expedited motion, and enter the First Amended Protective Order filed concurrently with the motion.

1.      On July 10, 2018, the Court entered the Protective Order.  ECF No. 25.

2.      On February 28, 2019, Uniden petitioned the United States Patent Office for *Inter Partes* Review ("IPR") of U.S. Patent No. 7,576,679 ("'679).  ECF No. 55 at 1.

3.      On August 14, 2019, counsel for plaintiff Escort Inc. ("Escort") indicated via email to counsel for Uniden an intention to seek amendment of the '679 Patent's claims in response to arguments raised in Uniden's IPR.  *See* App. Ex. 1.

4.      However, the Protective Order does not have a prosecution bar provision limiting attorneys or representatives who have accessed a party's highly sensitive material from participating in drafting, amending, or prosecuting its patent claims.

5.      The proposed prosecution bar addresses this concern by placing reasonable and necessary restrictions on individuals who have accessed a party's highly confidential information.  *See, e.g, Mimedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2014 U.S. Dist. LEXIS 194535, at *4 (W.D. Tex. Oct. 31, 2014) (noting that "[a] court may, for good cause, issue a protective order directing that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way") quoting Fed. R. Civ. P. 26(c)(7).  Any party seeking to include a patent prosecution bar in a protective order bears the burden of establishing good cause.  *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010).  Good cause exists if a party's representatives' access to confidential information poses an unacceptable risk of inadvertent disclosure because they play a role in "competitive decisionmaking" with the client.  *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, Civil Action No. 4:15-CV-00766, 2016 U.S. Dist. LEXIS 142965, at *3 (E.D. Tex. Oct. 17, 2016) citing *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984).

6.      Here, there is such a risk of inadvertent disclosure.  The parties each intend to make available for inspection proprietary source code for certain of their respective products.  Doing so without a prosecution bar puts each party at risk of competitive harm.

*See, e.g., Affinity Labs of Tex., LLC v. Samsung Elecs. Co.*, No. 1-12-CV-557, 2013 U.S. Dist. LEXIS 188485 (E.D. Tex. Nov. 18, 2013).

7.     Accordingly, the parties have agreed to the addition of paragraph 23 to the First Amended Protective Order, which proposes a narrowly-tailored prosecution bar that still permits counsel to participate in post-grant proceedings with the exception that, in Escort's case, "said attorney or person may not assist [] in drafting, moving to amend, amending, or proposing for substitution to the PTO patent claims in said post grant proceeding(s)."   App. Ex. 2 at ¶ 23; *see also id.* at *15-18 (granting amendment adding limited prosecution bar barring persons who have accessed another party's source code from consulting, advising, or participating in patent prosecution or reexamination).

8.     Escort does not oppose the relief sought in this Motion.  *See* App. Ex. 3.

9.     Uniden respectfully requests that the Court expeditiously consider and grant this unopposed motion, and enter the First Amended Protective Order filed concurrently with this motion.  Expeditious consideration is requested as the parties are currently expected to undertake inspection of the source code for affected products in the very near term, and an institution decision regarding the '679 Patent IPR is expected later this month.

Dated: August 16, 2019                    Respectfully submitted,

                                          By:     /s/ David B. Conrad
                                                  Neil J. McNabnay
                                                  njm@fr.com
                                                  Texas Bar No. 24002583
                                                  David B. Conrad
                                                  conrad@fr.com
                                                  Texas Bar No. 24049042
                                                  Theresa M. Dawson
                                                  tdawson@fr.com
                                                  Texas Bar No. 24065128
                                                  Michael Ellis
                                                  ellis@fr.com
                                                  Texas Bar No. 24102726

                                                  FISH & RICHARDSON P.C.
                                                  1717 Main Street, Suite 5000
                                                  Dallas, TX 75201
                                                  (214) 747-5070 (Telephone)
                                                  (214) 747-2091 (Facsimile)

                                          **COUNSEL FOR DEFENDANT**
                                          **UNIDEN AMERICA CORPORATION**

## CERTIFICATE OF CONFERENCE UNDER L.R. 7.1(b)

Pursuant to Local Rule 7.1(b), I hereby certify that on August 16, 2019, I conferred with counsel of record for Escort in this matter, and that counsel for Escort stated they were unopposed to the relief requested herein.


*/s/ Michael R. Ellis*
Michael R. Ellis

## CERTIFICATE OF SERVICE

I hereby certify that the on August 16, 2019, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). I hereby certify that I have served all counsel who are deemed to have consented to electronic service or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ David B. Conrad*
David B. Conrad