**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ESCORT INC., | |
| *Plaintiff,* | |
| v. | CIVIL ACTION NO.: 3:18-cv-00161-N |
| UNIDEN AMERICA CORPORATION, | |
| *Defendant.* | |

**DEFENDANT'S APPENDIX IN SUPPORT OF DEFENDANTS' UNOPPOSED
AND EXPEDITED MOTION TO AMEND THE PROTECTIVE ORDER**

| Exhibit | Pages | Document |
|---|---|---|
| 1 | 1-2 | August 14, 2019 email from Escort counsel noticing an intention to amend the claims of the '679 Patent in light of Uniden's IPR |
| 2 | 3-23 | [Proposed] First Amended Protective Order |
| 3 | 24-26 | August 16, 2019 email from Escort counsel indicating it is unopposed to this Motion |

Dated: August 16, 2019                    Respectfully submitted,

                                          By:     /s/ David B. Conrad
                                                  Neil J. McNabnay
                                                  njm@fr.com
                                                  Texas Bar No. 24002583
                                                  David B. Conrad
                                                  conrad@fr.com
                                                  Texas Bar No. 24049042
                                                  Theresa M. Dawson
                                                  tdawson@fr.com
                                                  Texas Bar No. 24065128
                                                  Michael Ellis
                                                  ellis@fr.com
                                                  Texas Bar No. 24102726

                                                  FISH & RICHARDSON P.C.
                                                  1717 Main Street, Suite 5000
                                                  Dallas, TX 75201
                                                  (214) 747-5070 (Telephone)
                                                  (214) 747-2091 (Facsimile)

                                          **COUNSEL FOR DEFENDANT**
                                          **UNIDEN AMERICA CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the on August 16, 2019, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). I hereby certify that I have served all counsel who are deemed to have consented to electronic service or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).


*/s/ David B. Conrad*
David B. Conrad

# Exhibit 1

1

**From: Timothy Grochocinski** tim@nbafirm.com
**Subject:** Escort v. Uniden
**Date:** August 14, 2019 at 12:36 PM
**To:** conrad@fr.com, Theresa Dawson tdawson@fr.com, Michael Ellis ellis@fr.com
**Cc:** Joseph Oldaker joseph@nbafirm.com, Kristine Hubert kris@nbafirm.com, Ed Nelson ed@nbafirm.com

TG

All -

Per Local Rule 7.1(b) please let us know whether we can agree on The following issues:

(1) A motion to sever all claims regarding U.S. Patent No. 7,576,679 ("the `679 patent") and stay the severed case pending resolution of the IPR regarding the `679 patent. Once the IPR gets instituted, Escort intends to move to amend the `679 patent claims in response to the arguments raised in the IPR. In light of this, it does not make sense for the parties to expend time and resources in the current litigation fighting about the `679 patent.

(2) Adding Uniden's R7 radar detector product to the current lawsuit. My understanding is that Uniden began selling this product shortly before the expiration of U.S. Patent Nos. RE39,038 and RE40,653 ("the Fleming patents"). In light of the fact that the sales for the R7 are likely not that substantial, and that the infringement case is very similar, if not the same, to that for the R3 product, we would like to include the same in the present suit. Please let us know if you: (i) will not oppose a motion for leave to amend our contentions to add the R7, or (ii) will stipulate that for purposes of establishing infringement with respect to the Fleming patents, a finding of infringement with respect to the Fleming patents for the R3 would apply equally to R7.

Please let us know your stance on these two issues by the end of the week.

If you would like to discuss the above please let me know your availability for a call on Friday.

Tim

Timothy E. Grochocinski | Attorney | P. 708.675.1974
Nelson Bumgardner Albritton PC | 15020 S. Ravinia Avenue, Suite 29 | Orland Park, IL 60462
tim@nbafirm.com | www.nbafirm.com

This message and any attached documents contain information from the law firm of Nelson Bumgardner Albritton PC that may be confidential and/or privileged.  If you are not the intended recipient, you may not read, copy, distribute, or use this information.  If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

# Exhibit 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESCORT INC., | § | |
| an Illinois Corporation, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 3:18-cv-00161-N |
| | § | |
| UNIDEN AMERICA CORPORATION, | § | |
| a Delaware Corporation, | § | |
| *Defendant.* | § | |

## [PROPOSED] <u>FIRST AMENDED PROTECTIVE ORDER</u>

### <u>Proceedings and Information Governed.</u>

1.      This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information," "Restricted Confidential Source Code," or "Confidential Attorney Eyes Only Information" (collectively, "Protected Material") in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

### <u>Designation and Maintenance of Information.</u>

2.      For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that

is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential; (b) the "Restricted Confidential Source Code" designation means that the document is comprised of information that the producing party deems especially sensitive and includes computer source code, computer instructions, data definitions, and/or live data (that is, data as it exists residing in a database or databases) ("Source Code"); and (c) the "Confidential Attorney Eyes Only Information" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter. Protected Material does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.      Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Restricted Confidential Source Code by placing on each page and each thing a legend substantially as follows:

**RESTRICTED CONFIDENTIAL SOURCE CODE**
**SUBJECT TO PROTECTIVE ORDER**

2

5

Documents and things produced during the course of this litigation within the scope of paragraph 2(c) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

## CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
## SUBJECT TO PROTECTIVE ORDER

A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorney Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorney Eyes Only Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

During a deposition, when counsel deems that the answer to a question may result in the disclosure of Protected Material of that counsel's client, counsel may request that any persons present who are not authorized pursuant to this Protective Order leave the deposition during the confidential portion of the deposition. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "Confidential Information," "Confidential Attorney Eyes Only Information" or "Restricted Confidential Source Code."

**Inadvertent Failure to Designate.**

4.      The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation. If at the time of such correction, the receiving party has already disclosed the Protected Material in a manner inconsistent with the corrected designation, the receiving party shall comply with the procedures set forth at Section 20.

**Challenge to Designations.**

5.      A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, and after the conference required under LR 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under

7

this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6.      Information designated as Confidential Information, Restricted Confidential Source Code, or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information, Restricted Confidential Source Code, or Confidential Attorney Eyes Only Information may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

7.      Subject to paragraph 9 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) two (2) in-house counsel who are identified by the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; and (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

8.      Subject to paragraph 9 below, Confidential Attorney Eyes Only Information and Restricted Confidential Source Code may be disclosed by the receiving party only to the following

individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants; and (d) those individuals designated in paragraph 11(c).

9.     Further, prior to disclosing Confidential Information, Restricted Confidential Source Code, or Confidential Attorney Eyes Only Information to a receiving party's proposed expert, consultant, or employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, and the expert or consultant's business affiliation, engagements, employment, or consulting relating to the industry for the preceding five years, including any past, current, or anticipated employers who are competitors of a party or who are in the industry. The producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection or the presiding judge has ruled upon any resultant motion.

10.     Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

9

11.     Confidential Information, Restricted Confidential Source Code, or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a)     the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b)     the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c)     counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Protected Material. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**<u>Non-Party Information.</u>**

12.     The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

13.     If any party wishes to submit Protected Material to the court, the submission must be filed under seal using the ECF sealed filing event. If agreed between the parties, the parties need not seek leave of court to file Protected Material under seal.

14.     Producing or receiving Protected Material, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Protected Material contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

15.     Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, Restricted Confidential Source Code, or Confidential Attorney Eyes Only Information, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

16.     By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated as Protected Material pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

In the event any person or receiving party having possession, custody or control of any material produced in this action and designated Confidential or Confidential Attorney Eyes Only by a disclosing party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall notify by mail and email the attorneys of record of the disclosing party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The disclosing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the disclosing party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

**Remedies.**

17.     It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including

the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

18.     Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**Source Code Production.**

19.      Source Code may be designated as Restricted Confidential Source Code and shall be subject to all protections applicable to materials designated Confidential Attorney Eyes Only Information in addition to the following protections:

(a)     The parties shall make their Source Code available for inspection on a non-networked standalone computer upon reasonable notice between 9 a.m. and 5 p.m. local time, Monday through Friday (excluding holidays). The non-networked standalone computer shall be password protected and supplied by the producing party. The non-networked standalone computer shall be made available at a location of the producing party's choice within the Northern District of Texas, Dallas Division.

(b)     The persons who will review Source Code on behalf of a receiving party shall be named in writing to the producing party at least seven court days in advance of the first time that such person reviews such Source Code, any expert or consultant proposed to review the source code must have been previously qualified pursuant to paragraph 9 of this Order, and the producing party may object in writing within three court days of such notice.

(c)     The receiving party may request that a reasonable number of additional software tools be installed on the standalone computer to assist the receiving party's review of the Source Code. If the software tools are not free and in the public domain, the receiving party shall procure and supply the software tools to the producing party for installation on the standalone computer. If

the parties are unable to agree on the additional requested software tools, they may seek an Order from the Court after making a good faith effort to resolve their dispute;

(d)      The receiving party may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (a) in the first instance. The receiving party shall be limited to 500 pages of hard (non-electronic) copies of those portions of Source Code that it, in good faith, considers necessary to the preparation of its case. Within five court days of the request for source code printouts, the producing party shall produce the printouts of the requested source code to the receiving party absent an objection by the producing party that the production exceeds the page limits set forth in this order, Notwithstanding the foregoing, the receiving party may not request any hard copy of more than 35 consecutive pages of Source Code absent express permission of the producing party or an order from the Court. A "page" for purposes of this limitation will be defined as an 8.5 x 11" sheet of paper with 12-point font. These page limitations will not preclude any party from seeking additional pages for good cause. Any Source Code printouts shall be marked with a Bates number and designation of "Restricted Confidential Source Code" under this Protective Order; and

(e)      No electronic copies of Source Code shall be made without the agreement of the producing party or further order of the Court. The receiving party shall maintain all paper copies of any printed portions of the Source Code in a secure area. Notwithstanding the foregoing, nothing in this sub-Paragraph shall prevent a party from making five additional hard or electronic copies of Source Code as are (1) necessary for use as exhibits at trial; (2) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report); (3) necessary for deposition;

or (4) otherwise necessary for the preparation of its case. Such papers shall be subject to the requirements of this Protective Order, and all other protections applicable to materials designated Confidential Attorney Eyes Only Information.

**Inadvertent Production of Protected Material.**

20.     If a receiving party learns that, by inadvertence or otherwise (including due to an incorrect designation), it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Confidentiality Agreement" that is attached hereto as Exhibit A.

**Inadvertent Production of Privileged or Otherwise Protected Material.**

21.     Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not itself a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. When a producing party gives notice to a receiving party that certain inadvertently produced material is subject to a claim of privilege or other protection, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has except for one copy that may be used to challenge the claim; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the copy to the court under seal for a determination of the claim. The

15

producing party must preserve the information until the claim is resolved. The receiving party shall

not use any material that the producing party asserts is attorney-client privileged or work product

protected except to challenge the privilege or protection. In the case of ESI, electronic key word

searching to identify privileged documents constitutes reasonable steps to prevent disclosure

pursuant to Federal Rule of Evidence 502(b)(2).

**Privileged and Irrelevant Materials.**

22.    Nothing in this Protective Order shall be construed as requiring disclosure of

privileged materials, materials subject to protection under the work product doctrine, or materials

which are otherwise beyond the scope of permissible discovery.

**Prosecution Bar.**

23.    Any attorney representing a party to this lawsuit, and permitted to receive technical

Protected Material designated CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION

and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE

MATERIAL") from the other party, who accesses or otherwise learns, in whole or in part, such

HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, or assist in the

preparation or prosecution of any patent application pertaining to the field of the invention of the

patents-in-suit on behalf of his or her client, or its acquirer, successor, predecessor, or other affiliate,

during the pendency of this Action and for one year after its conclusion, including any appeals. To

ensure compliance with the purpose of this provision, the receiving party's counsel shall create an

"Ethical Wall" between those persons who access or otherwise learn the contents of the subject

HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the receiving party, or

its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, or assist in the preparation

or prosecution of any patent application pertaining to the field of the inventions of the patents-in-

suit. Notwithstanding the foregoing, nothing in this paragraph shall prevent any attorney representing a party, or any person associated with a party, who has accessed another party's HIGHLY SENSITIVE MATERIAL from participating in any post-grant patent proceeding (e.g. reexamination, inter partes review, post-grant review, or the transitional program for covered business method patents) that is instituted or sought to be instituted challenging the validity of any patent-in-suit, any patents within the same family as a patent-in-suit, or any patents to which a patent-in-suit claims priority; however, said attorney or person may not assist Escort in drafting, moving to amend, amending, or proposing for substitution to the PTO patent claims in said post-grant proceeding(s).

**Additional Relief.**

24.     Nothing in this Protective Order shall be construed to prevent a party or nonparty from filing a motion asking the Court to order further provisions regarding confidentiality as may be appropriate.

**No Waiver of Objections to Admissibility.**

25.     Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

**Advice to Client.**

26.     Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying in a general way upon his or her examination of Protected Material produced or exchanged in this litigation; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of the Protected Material.

**Continuing Obligations.**

14

17

27.     This Protective Order, and all obligations and duties arising under this Protective Order, shall remain in effect after the final termination of this action, unless otherwise ordered by the Court. The Court retains jurisdiction indefinitely over the parties, and any persons provided access to Protected Material under the terms of this Protective Order, with respect to any dispute over the improper use of such materials and with respect to any orders permitting materials to be filed and maintained under seal. The disclosing parties reserve all rights to apply to the Court at any time, before or after termination of this action, for an order: (i) modifying this Protective Order, (ii) seeking further protection against discovery or use of Protected Material, or other documents or information, or (iii) seeking further production, discovery, disclosure, or use of claimed Protected Material or other documents or information.

Signed August 16, 2019.

_____
David C. Godbey
United States District Judge

15

18

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ESCORT INC.,** | § | |
| **an Illinois Corporation,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO: 3:18-cv-00161-N** |
| | § | |
| **UNIDEN AMERICA CORPORATION,** | § | |
| **a Delaware Corporation,** | § | |
| *Defendant.* | § | |

**EXHIBIT A**
**CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT, OR**
**EMPLOYEES OF ANY PARTY**

I, _____ , declare that:

1.    My address is _____ .

      My current employer is _____ .

      My current occupation is _____ .

2.    I have received a copy of the Protective Order in this action. I have carefully read and

      understand the provisions of the Protective Order.

3.    I agree not to use any Confidential Information, Confidential Attorney Eyes Only

      Information or Restricted Confidential Source Code disclosed to me pursuant to the

      Protective Order except for purposes of the above-captioned litigation and not to

      disclose any of this information to persons other than those specifically authorized by

      the Protective Order, without the express written consent of the party who designated

      the information as confidential or by order of the presiding judge. I also agree to notify

16

any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

4.    I understand that I am to retain all documents or materials designated as or containing Confidential Information, Confidential Attorney Eyes Only Information or Restricted Confidential Source Code in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information, Confidential Attorney Eyes Only Information or Restricted Confidential Source Code are to be returned to counsel who provided me with such documents and materials.

5.    Promptly upon termination of this action, I will return all documents and things designated as Confidential," Confidential Attorney Eyes Only," or "Restricted Confidential Source Code" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

6.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

20

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ESCORT INC.,** | § | |
| **an Illinois Corporation,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO: 3:18-cv-00161-N** |
| | § | |
| **UNIDEN AMERICA CORPORATION,** | § | |
| **a Delaware Corporation,** | § | |
| *Defendant.* | § | |

**EXHIBIT B**
**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I, _____ , declare that:

1.    My address is_____ .

      My current employer is_____ .

      My current occupation is_____ .

2.    I have received a copy of the Protective Order in this action. I have carefully read and

      understand the provisions of the Protective Order.

3.    I agree not to use any Confidential Information, Confidential Attorney Eyes Only

      Information or Restricted Confidential Source Code disclosed to me pursuant to the

      Protective Order except for purposes of the above-captioned litigation and not to disclose

      any of this information to persons other than those specifically authorized by the

      Protective Order, without the express written consent of the party who designated the

      information as confidential or by order of the presiding judge.

4.      Promptly upon termination of this action, I will return all documents and things designated as Confidential," Confidential Attorney Eyes Only," or "Restricted Confidential Source Code" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

# Exhibit 3

**From:** **Timothy Grochocinski** tim@nbafirm.com
**Subject:** RE: Escort v. Uniden PO
**Date:** August 16, 2019 at 2:53 PM
**To:** Michael Ellis ellis@fr.com
**Cc:** Ed Nelson ed@nbafirm.com, Kristine Hubert kris@nbafirm.com, Joseph Oldaker joseph@nbafirm.com, David Conrad Conrad@fr.com, Theresa Dawson tdawson@fr.com, Elizabeth Poppell Poppell@fr.com

TG

These look fine.  Feel free to file.  Thanks.

**Timothy E. Grochocinski** | **Attorney** | P. 708.675.1974
**Nelson Bumgardner Albritton PC** | 15020 S. Ravinia Avenue, Suite 29 | Orland Park, IL 60462
tim@nbafirm.com | www.nbafirm.com



*This message and any attached documents contain information from the law firm of Nelson Bumgardner Albritton PC that may be confidential and/or privileged.  If you are not the intended recipient, you may not read, copy, distribute, or use this information.  If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Michael Ellis [mailto:ellis@fr.com]
**Sent:** Friday, August 16, 2019 1:25 PM
**To:** Timothy Grochocinski <tim@nbafirm.com>
**Cc:** Ed Nelson <ed@nbafirm.com>; Kristine Hubert <kris@nbafirm.com>; Joseph Oldaker <joseph@nbafirm.com>; David Conrad <Conrad@fr.com>; Theresa Dawson <tdawson@fr.com>; Elizabeth Poppell <Poppell@fr.com>
**Subject:** Re: Escort v. Uniden PO


Tim,

We've added some minor redlines on top of yours in the attached. If we can agree on this version and that it's binding prior to entry, we'll get it filed today and can further agree that the scheduled source code inspection can go forward.

Thanks,

Michael R Ellis :: Fish & Richardson P.C. :: 214 760 6119


**********************************************************************************
*******************************************
This email message is for the sole use of the intended recipient(s) and may
contain confidential and privileged information. Any unauthorized use or
disclosure is prohibited. If you are not the intended recipient, please contact
the sender by reply email and destroy all copies of the original message.
*******************************************************************************



**From:** **Timothy Grochocinski** tim@nbafirm.com
**Subject:** RE: Escort v. Uniden PO
**Date:** August 16, 2019 at 9:43 AM
**To:** Michael Ellis ellis@fr.com, Ed Nelson ed@nbafirm.com, Kristine Hubert kris@nbafirm.com, Joseph Oldaker joseph@nbafirm.com
**Cc:** David Conrad Conrad@fr.com, Theresa Dawson tdawson@fr.com, Elizabeth Poppell Poppell@fr.com

Michael –

See the attached redlines.  Assuming our changes are acceptable you have our consent to file.

Also, please confirm this morning that the source code inspection can go forward on August 21 and 22 with the understanding that we agree to abide by the attached versions of the First Amended Protective Order until entered by the Court.

Tim

**From:** Michael Ellis <ellis@fr.com>
**Sent:** Thursday, August 15, 2019 4:22 PM
**To:** Timothy Grochocinski <tim@nbafirm.com>; Ed Nelson <ed@nbafirm.com>; Kristine Hubert <kris@nbafirm.com>; Joseph Oldaker <joseph@nbafirm.com>
**Cc:** David Conrad <Conrad@fr.com>; Theresa Dawson <tdawson@fr.com>; Elizabeth Poppell <Poppell@fr.com>
**Subject:** Escort v. Uniden PO


Counsel:

In light of Escort's indication that it intends to amend the claims of the '679 patent in the IPR and its counsel's role in both this litigation and the IPR, we cannot allow the August 21-22 source code review to proceed without a prosecution bar in place. The current protective order does not currently contain a prosecution bar.

We propose amending the protective order as shown in the attached redlined draft. Please let us know by Friday if we have your permission to file the attached unopposed motion to amend the protective order with the Court.

Thanks,

Michael R Ellis :: Fish & Richardson P.C. :: 214 760 6119


**************************************************************************************
*****************************************
This email message is for the sole use of the intended recipient(s) and may
contain confidential and privileged information. Any unauthorized use or
disclosure is prohibited. If you are not the intended recipient, please contact

25

disclosure is prohibited. If you are not the intended recipient, please contact
the sender by reply email and destroy all copies of the original message.
*********************************************************************************
*********************************************

   

2019-08-15 -   2019-08-15 -
First A...).docx   Unopp...s).docx