AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | | |
|---|---|---|
| Escort Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:18-CV-00161-N |
| Uniden America Corporation | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                          K-40 Electronics, LLC
                   600 Tollgate Road, Unit A, Elgin, IL 60123
                   *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A

| Place: Regus Conference Space<br>2815 Forbs Ave, Suite 107<br>Hoffman Estates, IL 60192 | Date and Time:<br>10/29/2019 9:00 am |
|---|---|

    The deposition will be recorded by this method:   Stenographically and Video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/15/2019

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| | | /s/ David B. Conrad |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Uniden America Corporation
                                      , who issues or requests this subpoena, are:
Fish & Richardson P.C., 1717 Main Street, Suite 5000, Dallas, TX 75201, 214-747-5070, conrad@fr.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:18-cv-161-N

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* K-40 ELECTRONICS, LLC By delivering to C/O. PEGGY FINLEY on *(date)* Aug 16, 2019, 6:14 am.

[X]  I served the subpoena by delivering a copy to the named individual as follows: Debbie Grecks.  on *(date)* Tue, Aug 20 2019; or

[ ]  I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $

_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ $0.00.

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

William Vincent
_____
*Printed name and title*

116 W Jackson #116 Chicago IL 60604
_____
*Server's address*

Additional information regarding attempted service, etc.:

1) Successful Attempt: Aug 20, 2019, 10:42 am CDT at Home: 600 TOLLGATE ROAD UNIT A, ELGIN, IL 60123 received by Debbie Grecks. Age: 50's; Ethnicity: Caucasian; Gender: Female; Height: 5'4"; Hair: Blond; Relationship: Manager ;

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

3

## ATTACHMENT A TO DEPOSITION SUBPOENA

### INSTRUCTIONS

1.     For each topic listed below, You should designate one or more witnesses who are knowledgeable (or who have been educated to be knowledgeable) and are prepared to testify concerning Your knowledge within the scope of the topic.

2.     For each topic listed below, the designated witness should be prepared to provide testimony concerning and to explain the meaning of documents produced by You that relate to the topic.

3.     The definitions provided below are solely intended to define the scope of the deposition topics herein.  Nothing in the provided definitions should be understood as an admission or representation of the definition of any term for any other purpose.

### DEFINITIONS

1.     "You" and "Your" refers to K-40 Electronics, LLC.

2.     "Plaintiff" and/or "Escort" means Escort Inc. and its predecessors-in-interest, including its past and present parents, subsidiaries, affiliates, unincorporated divisions, officers, attorneys or agents, representatives, employees, contractors, consultants, outsourcers, and all third parties or persons acting or purporting to act on its behalf.

3.     "Defendant" and/or "Uniden" means Uniden America Corporation and its predecessors-in-interest, including its past and present parents, subsidiaries, affiliates, unincorporated divisions, officers, attorneys or agents, representatives, employees, contractors, consultants, outsourcers, and all third parties or persons acting or purporting to act on its behalf.

4.     This "Litigation" or "Lawsuit" refers to the above-captioned suit.

5.     The "Fleming Litigation" means Case No. 1:09-cv-00105 (D. Idaho).

6.     The "K40 Litigation" means Case No. 1:12-cv-937 (S.D. Ohio).

7.      The "K40 IPRs" means IPR2013-00203 and IPR2013-00240.

8.      "Asserted Patents" means United States Patent Numbers RE39,038, (the "'038 Patent"), RE40,653 (the "'653 Patent"), and 7,576,679 (the "'679 Patent").

9.      The "Fleming Patents" means United States Patent Numbers 6,204,798 (the "'798 Patent"), RE39,038, (the "'038 Patent") and RE40,653 (the "'653 Patent").

10.     The "Orr Patents" means U.S. Patent Nos. 7,576,679 (the "'679 Patent"), 7,999,721 (the "'721 Patent"), and 6,670,905 (the "'905 Patent") and U.S. Patent Appl. No. 10/396,881.

11.     "Related Patent" means:

   a.   any patent, provisional, or patent application in the genealogical chain through which an Asserted Patent, a Fleming Patent, and/or and Orr Patent claims priority,

   b.   any patent or patent application which claims priority through a genealogical chain that includes an Asserted Patent, a Fleming Patent, and/or an Orr Patent; and

   c.   any foreign counterpart of an Asserted Patent, a Fleming Patent, an Orr Patent and/or a Related Patent.

12.     "Product" means a service such as a software service or a machine, apparatus, device, instrument, mechanism, appliance, assembly, algorithm, software, system, program, or assemblage of components/parts (either individually or collectively) which are designed to function together electrically, mechanically, electronically (including the method of use or operation of any such product) or otherwise, to achieve a particular function or purpose.

13.     "Software" means instructions, statements, procedures, modules, objects, libraries, subroutines, or programs written in a programming language, design description language or assembly language, including source code, firmware, microcode, executables, and applications.  For the avoidance of doubt, Software includes without limitation, source files, make files, intermediate output files, header files, resource files, library files, module definition

files, map files, object files, linker files, browse information files, debug files, comments, and/or version timelines.

14.     "Accused Product" or "Accused Products" means any of Defendant's Products Plaintiff contends infringes any claim of the Asserted Patents.

15.     "K40 Products" means any GPS-enabled radar detector Product made or sold by You.

16.     "Escort Products" means any GPS-enabled radar detector Product made or sold by Escort, Beltronics USA Inc., Cobra Electronics Corporation, and/or Cedar Electronics Holdings Corporation.

17.     The "K40 License" means the September 1, 2010 GPS Enabled Radar Detector Patent License Agreement between Hoyt A. Fleming III and You, including any amendments thereto.

18.     "Covered Products" means any K40 Products covered under the K40 License.

19.     "Document(s)" is used in the broadest sense to include everything contemplated by Rule 34(a) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence. If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document.

20.     "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a) of the Federal Rules of Civil Procedure.

21.     "Person(s)" or "Entity" and their plural forms mean and include natural persons, corporations, partnerships, limited partnerships, associations, organizations, joint ventures, groups, government bodies or agencies, legal entities, or any other entities.

22.     The term "Communication" means any oral or written transmission of information between Persons, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, electronic messages, text messages, telecopies, telexes, conferences, or seminars.

23.     The terms "relate," "relates to," "related to," or "relating to" are used in their broadest sense to include all documents and things having any logical or factual connection, directly or indirectly, with the matter discussed and shall mean any one or more of the following: evidencing, referring to, discussing, describing, concerning, mentioning, reflecting, depicting, summarizing, involving, regarding, embodying, containing, pertaining to, arising out of, or is in connection with.

24.     The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

25.     The word "all" means "any and all" and the word "including" means "including without limitation," as necessary, to bring within the scope of these requests Documents or Things that might otherwise be beyond their scope.

26.     When reference is made in these Requests to any term defined herein, the singular shall include the plural, and the plural shall include the singular.

27.     "Prior Art" means anything that constitutes prior art under any subsection of 35 U.S.C. § 102 or § 103, including without limitation any publication, patent, use, sale, offer for sale, prior invention, knowledge, or other activity.

28.     "Marking" means all actions undertaken to comply with 35 U.S.C. § 287.

7

## DEPOSITION TOPICS

1.      The authenticity of any and all documents produced pursuant to Uniden's August 15, 2019, subpoena to You.

2.      The substance and contents of all documents produced pursuant to Uniden's August 15, 2019, subpoena to You.

3.      Whether the documents produced pursuant to Uniden's August 15, 2019, subpoena to You were made in the regular course of the business, by a person with knowledge of what is recorded in the documents, at or near the time that what is recorded in the documents occurred, and are kept in a consistent manner, according to a set procedure.

4.      All non-privileged internal communications and/or documentation concerning or related to the model numbers and pricing of each Covered Product.

5.      All non-privileged internal communications and/or documentation concerning or related to the market demand for each Covered Product.

6.      All non-privileged internal communications and/or documentation concerning or related to the royalties and/or payments that You have made pursuant to the K40 License, including but not limited to communications or documentation relating any royalty reports.

7.      All non-privileged internal communications and/or documentation concerning or related to royalty rates or lump sum payments that were negotiated or obtained with respect to the Fleming Patents and/or the K40 License.

8.      All non-privileged internal communications and/or documentation concerning or related to the economic and/or business considerations that led to Your determination of the royalties and/or payments in the K40 License.

9.      All non-privileged internal communications and/or documentation concerning or related to Your expected sales of the Covered Products at the time of the K40 License (September 1, 2010).

10.      All non-privileged internal communications and/or documentation concerning or related to Your actual sales of the Covered Products prior to September 1, 2010.

11.      All non-privileged internal communications and/or documentation concerning or related to Your actual sales of Covered Products after September 1, 2010.

12.      All non-privileged internal communications and/or documentation concerning or related to Your policies and practices regarding marking under 35 U.S.C. § 287.

13.      The Marking with the number of the Fleming Patents by You or any third party of any K40 Product, including Marking on the product itself, on literature related to the product, on a website, or any other document or Thing.

14.      All non-privileged internal communications and/or documentation regarding any competitive analysis or studies of the Covered Products, the Escort Products and/or the Accused Products.

15.      Your communications with Hoyt A. Fleming III, including but not limited to communications relating to the Asserted Patents and/or any Related Patent, the alleged inventions disclosed or claimed therein, Uniden, the Accused Products, and/or this Litigation.

16.      Your communications with Hoyt A. Fleming III, including but not limited to communications relating to Escort, the Orr Patents, and/or any Related Patent.

17.      Your communications with Hoyt A. Fleming III, including but not limited to communications relating to the K40 License, the Fleming Patents, and/or the Covered Products.

18.     Your communications with Escort or Escort's attorney(s), including but not limited to communications relating to the Fleming Patents, the Orr Patents, and/or any Related Patent.

19.     Your communications with Escort or Escort's attorney(s), including but not limited to communications relating to the Asserted Patents and/or any Related Patent, the alleged inventions disclosed or claimed therein, Uniden, the Accused Products, and/or this Litigation.

20.     Your communications with Tom Coverstone, including but not limited to communications related to Hoyt A. Fleming, the Fleming Patents, and/or the Fleming Litigation.

21.     Your communications with Hoyt A. Fleming concerning or related to Tom Coverstone.

22.     Prior Art concerning the subject matter of the Fleming Patents and/or any Related Patent or application.

23.     Prior Art concerning the subject matter of the Orr Patents and/or any Related Patent or application.

24.     The alleged priority date for the Fleming Patents and/or any Related Patent.

25.     The alleged priority date for the Orr Patents and/or any Related Patent.

26.     All non-privileged internal communications and/or documentation, including but not limited to communications and/or documentation relating to the Asserted Patents and/or any Related Patent, the alleged inventions disclosed or claimed therein, Uniden, the Accused Products, and/or this Litigation.

27.     All non-privileged internal communications and/or documentation, including but not limited to communications and/or documentation relating to Hoyt A. Fleming, the Fleming Patents and/or any Related Patent.

28.     All non-privileged internal communications and/or documentation, including but not limited to communications and/or documentation relating to Escort, the Orr Patents, and/or any Related Patent.

29.     All non-privileged internal communications and/or documentation concerning or related to the K40 IPRs.

30.     Your communications with Steven K. Orr, Robert Gregory Blair, John Kuhn, and/or Timothy A. Coomer concerning or relating to the Orr Patents, the Fleming Patents and/or any Related Patent.

31.     All non-privileged internal communications and/or documentation concerning or related to Steven K. Orr, Robert Gregory Blair, John Kuhn, and/or Timothy A. Coomer.

32.     Any technical evaluations, infringement or invalidity analysis, enforceability evaluation, inventorship analysis, claim construction analysis, state of the art, and prior art search, study, or analysis of the Fleming Patents and/or any Related Patent.

33.     Any technical evaluations, infringement or invalidity analysis, enforceability evaluation, inventorship analysis, claim construction analysis, state of the art, and prior art search, study, or analysis of the Orr Patents and/or any Related Patent.

34.     Your involvement in any litigation involving the Fleming Patents and/or any Related Patent, including but not limited to all statements made by You in testimony, sworn statements, and discovery responses.

35.     Your involvement in any litigation involving the Orr Patents and/or any Related Patent, including but not limited to all statements made by You in testimony, sworn statements, and discovery responses.

36.     Your involvement in any proceedings before the Patent Trial and Appeal Board involving the Orr Patents and/or any Related Patent, including but not limited to all statements made by You in testimony, sworn statements, and discovery responses.

# Exhibit B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Texas

| | | |
|---|---|---|
| Escort Inc. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  3:18-CV-00161-N |
| Uniden America Corporation | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:              K-40 Electronics, LLC
                 600 Tollgate Road, Unit A, Elgin, IL 60123

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: DC Data Corp<br>       180 W. Washington St., Suite 1100<br>       Chicago, IL 60602 | Date and Time:<br><br>       09/10/2019 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/15/2019

            _CLERK OF COURT_
                                            OR
                                                 /s/ David B. Conrad
     _____              _____
       _Signature of Clerk or Deputy Clerk_                 _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Uniden America Corporation_____ , who issues or requests this subpoena, are:

Fish & Richardson P.C., 1717 Main Street, Suite 5000, Dallas, TX 75201, 214-747-5070, conrad@fr.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

14

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:18-CV-00161-N

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A TO DOCUMENT SUBPOENA

## DEFINITIONS

29.     "You" and "Your" refers to K-40 Electronics, LLC.

30.     "Plaintiff" and/or "Escort" means Escort Inc. and its predecessors-in-interest, including its past and present parents, subsidiaries, affiliates, unincorporated divisions, officers, attorneys or agents, representatives, employees, contractors, consultants, outsourcers, and all third parties or persons acting or purporting to act on its behalf.

31.     "Defendant" and/or "Uniden" means Uniden America Corporation and its predecessors-in-interest, including its past and present parents, subsidiaries, affiliates, unincorporated divisions, officers, attorneys or agents, representatives, employees, contractors, consultants, outsourcers, and all third parties or persons acting or purporting to act on its behalf.

32.     This "Litigation" or "Lawsuit" refers to the above-captioned suit.

33.     The "Fleming Litigation" means Case No. 1:09-cv-00105 (D. Idaho).

34.     The "K40 Litigation" means Case No. 1:12-cv-937 (S.D. Ohio).

35.     The "K40 IPRs" means IPR2013-00203 and IPR2013-00240.

36.     "Asserted Patents" means United States Patent Numbers RE39,038, (the "'038 Patent"), RE40,653 (the "'653 Patent"), and 7,576,679 (the "'679 Patent").

37.     The "Fleming Patents" means United States Patent Numbers 6,204,798 (the "'798 Patent"), RE39,038, (the "'038 Patent") and RE40,653 (the "'653 Patent").

38.     The "Orr Patents" means U.S. Patent Nos. 7,576,679 (the "'679 Patent"), 7,999,721 (the "'721 Patent") and 6,670,905 and U.S. Patent Appl. No. 10/396,881.

39.     "Related Patent" means:

   a. any patent, provisional, or patent application in the genealogical chain through which an Asserted Patent, a Fleming Patent, and/or and Orr Patent claims priority,

b. any patent or patent application which claims priority through a genealogical chain that includes an Asserted Patent, a Fleming Patent, and/or an Orr Patent; and

c. any foreign counterpart of an Asserted Patent, a Fleming Patent, an Orr Patent and/or a Related Patent.

40.     "Product" means a service such as a software service or a machine, apparatus, device, instrument, mechanism, appliance, assembly, algorithm, software, system, program, or assemblage of components/parts (either individually or collectively) which are designed to function together electrically, mechanically, electronically (including the method of use or operation of any such product) or otherwise, to achieve a particular function or purpose.

41.     "Software" means instructions, statements, procedures, modules, objects, libraries, subroutines, or programs written in a programming language, design description language or assembly language, including source code, firmware, microcode, executables, and applications.  For the avoidance of doubt, Software includes without limitation, source files, make files, intermediate output files, header files, resource files, library files, module definition files, map files, object files, linker files, browse information files, debug files, comments, and/or version timelines.

42.     "Accused Product" or "Accused Products" means any of Defendant's Products Plaintiff contends infringes any claim of the Asserted Patents.

43.     "K40 Products" means any GPS-enabled radar detector Product made or sold by You.

44.     "Escort Products" means any GPS-enabled radar detector Product made or sold by Escort, Beltronics USA Inc., Cobra Electronics Corporation, and/or Cedar Electronics Holdings Corporation.

45. The "K40 License" means the September 1, 2010 GPS Enabled Radar Detector Patent License Agreement between Hoyt A. Fleming III and You, including any amendments thereto.

46. "Covered Products" means any K40 Products covered under the K40 License.

47. "Document(s)" is used in the broadest sense to include everything contemplated by Rule 34(a) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence. If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document.

48. "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a) of the Federal Rules of Civil Procedure.

49. "Person(s)" or "Entity" and their plural forms mean and include natural persons, corporations, partnerships, limited partnerships, associations, organizations, joint ventures, groups, government bodies or agencies, legal entities, or any other entities.

50. The term "Communication" means any oral or written transmission of information between Persons, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, electronic messages, text messages, telecopies, telexes, conferences, or seminars.

51. The terms "relate," "relates to," "related to," or "relating to" are used in their broadest sense to include all documents and things having any logical or factual connection, directly or indirectly, with the matter discussed and shall mean any one or more of the following: evidencing, referring to, discussing, describing, concerning, mentioning, reflecting, depicting,

summarizing, involving, regarding, embodying, containing, pertaining to, arising out of, or is in connection with.

52.    The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

53.    The word "all" means "any and all" and the word "including" means "including without limitation," as necessary, to bring within the scope of these requests Documents or Things that might otherwise be beyond their scope.

54.    When reference is made in these Requests to any term defined herein, the singular shall include the plural, and the plural shall include the singular.

55.    "Prior Art" means anything that constitutes prior art under any subsection of 35 U.S.C. § 102 or § 103, including without limitation any publication, patent, use, sale, offer for sale, prior invention, knowledge, or other activity.

56.    "Marking" means all actions undertaken to comply with 35 U.S.C. § 287.

## INSTRUCTIONS

1.      These Requests shall apply to all Documents and Things in Your actual or constructive possession, custody, or control at the present time, or coming into Your actual or constructive possession, custody, or control during the Litigation, including all such responsive Documents and Things located in the company files of any and all past or present directors, officers, principals, managers, employees, attorneys, agents, representatives, contractors, consultants, or accountants of Plaintiff.  If You know of the existence, past or present, of any Documents and Things requested herein, but are unable to produce such Documents and Things because they are not presently in Your possession, custody, or control, You shall so state and shall identify such Documents or Things, and the Person who has possession, custody, or control of such Documents or Things.

2.      The singular form of a word should be interpreted in the plural as well.  Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender in each case as most appropriate.

3.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.  The terms "any" and "all" shall be given their most inclusive meaning, and should be construed to mean "any and all."

4.      All Documents that respond, in whole or in part, to any Request are to be produced in their entirety, including all attachments or other matters affixed thereto.

5.      If no Documents are responsive to a particular Request, You are to state that no responsive Documents exist.

6.      All Documents shall be produced either in the order and in the manner that they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of these Requests.

7.      With respect to any Document otherwise responsive to these Requests that You withhold or refuse to divulge based on a claim of privilege or work product, (a) state the nature of the claim of privilege and the holder of the privilege; and (b) furnish a description of each Document withheld pursuant to the claim of privilege or work product (i.e., its title and general subject matter, date, author and Person(s) for whom it was prepared, to whom it was sent or who otherwise received or saw the Document or were aware of the substance of its contents).  If the claim of privilege or work product applies to only a portion of the Document, produce all portions of the Document to which the claim does not apply.

## DOCUMENT REQUESTS

1.      All Documents and Things concerning or related to the model numbers and pricing of each Covered Product.

2.      All Documents and Things concerning or related to the market demand for each Covered Product.

3.      All Documents and Things concerning or related to the royalties and/or payments that You have made pursuant to the K40 License, including but not limited to any royalty reports.

4.      All Documents and Things concerning or related to royalty rates or lump sum payments that were negotiated or obtained with respect to the Fleming Patents and/or the K40 License.

5.      All Documents and Things concerning or related to the economic and/or business considerations that led to Your determination of the royalties and/or payments in the K40 License.

6.      All Documents and Things concerning or related to Your expected sales of the Covered Products at the time of the K40 License (September 1, 2010).

7.      All Documents and Things concerning or related to Your actual sales of the Covered Products prior to September 1, 2010.

8.      All Documents and Things concerning or related to Your actual sales of Covered Products after September 1, 2010.

9.      All Documents and Things concerning or related to Your policies and practices regarding marking under 35 U.S.C. § 287.

10.     All Documents and Things concerning or related to the Marking with the number of the Fleming Patents by You or any third party of any K40 Product, including Marking on the product itself, on literature related to the product, on a website, or any other document or Thing.

11.     All Documents and Things concerning or related to any competitive analysis or studies of the Covered Products, the Escort Products and/or the Accused Products.

12.     All Documents and Things concerning or related to Your communications with Hoyt A. Fleming III, including but not limited to communications relating to the Asserted Patents and/or any Related Patent, the alleged inventions disclosed or claimed therein, Uniden, the Accused Products, and/or this Litigation.

13.     All Documents and Things concerning or related to Your communications with Hoyt A. Fleming III, including but not limited to communications relating to Escort, the Orr Patents, and/or any Related Patent.

14.     All Documents and Things concerning or related to Your communications with Hoyt A. Fleming III, including but not limited to communications relating to the K40 License, the Fleming Patents, and/or the Covered Products.

15.     All Documents and Things concerning or related to Your communications with Escort or Escort's attorney(s), including but not limited to communications relating to the Fleming Patents, the Orr Patents, and/or any Related Patent.

16.     All Documents and Things concerning or related to Your communications with Escort or Escort's attorney(s), including but not limited to communications relating to the Asserted Patents and/or any Related Patent, the alleged inventions disclosed or claimed therein, Uniden, the Accused Products, and/or this Litigation.

17.     All Documents and Things concerning or related to Your communications with Tom Coverstone, including but not limited to communications related to Hoyt A. Fleming, the Fleming Patents, and/or the Fleming Litigation.

18.     All Documents and Things concerning or related to Your communications with Hoyt A. Fleming concerning or related to Tom Coverstone.

19.     All Documents and Things concerning or related to Your assessment or analysis of Prior Art regarding the subject matter of the Fleming Patents and/or any Related Patent or application.

20.     All Documents and Things concerning or related to Your assessment or analysis of Prior Art regarding the subject matter of the Orr Patents and/or any Related Patent or application.

21.     All Documents and Things concerning or related to Your assessment or analysis of the alleged priority date for the Fleming Patents and/or any Related Patent.

22.     All Documents and Things concerning or related to Your assessment or analysis of the alleged priority date for the Orr Patents and/or any Related Patent.

23.     All Documents and Things concerning or related to Your internal communications regarding the Asserted Patents and/or any Related Patent, the alleged inventions disclosed or claimed therein, Uniden, the Accused Products, and/or this Litigation.

24.     All Documents and Things concerning or related to Your internal communications regarding Hoyt A. Fleming, the Fleming Patents, and/or any Related Patent.

25.     All Documents and Things concerning or related to Your internal communications regarding Escort, the Orr Patents, and/or any Related Patent.

26.     All Documents and Things concerning or related to Your communications with Steven K. Orr, Robert Gregory Blair, John Kuhn, and/or Timothy A. Coomer, concerning or relating to the Orr Patents, the Fleming Patents and/or any Related Patent.

27.     All Documents and Things concerning or related to Your internal communications regarding Steven K. Orr, Robert Gregory Blair, John Kuhn, and/or Timothy A. Coomer.

28.     All Documents and Things concerning or related to any technical evaluations, infringement or invalidity analysis, enforceability evaluation, inventorship analysis, claim construction analysis, state of the art, and prior art search, study, or analysis of the Fleming Patents and/or any Related Patent conducted by You or on Your behalf.

29.     All Documents and Things concerning or related to any technical evaluations, infringement or invalidity analysis, enforceability evaluation, inventorship analysis, claim construction analysis, state of the art, and prior art search, study, or analysis of the Orr Patents and/or any Related Patent conducted by You or on Your behalf.

30.     All Documents and Things concerning or related to Your involvement in any litigation involving the Fleming Patents and/or any Related Patent, including but not limited to all statements made by You in testimony, sworn statements, and discovery responses.

31.     All Documents and Things concerning or related to Your involvement in any litigation involving the Orr Patents and/or any Related Patent, including but not limited to all statements made by You in testimony, sworn statements, and discovery responses.

32.     All Documents and Things concerning or related to Your involvement in any proceedings before the Patent Trial and Appeal Board involving the Orr Patents and/or any

Related Patent, including but not limited to all statements made by You in testimony, sworn statements, and discovery responses.

33.     If any communications, Documents or Things responsive to the above Requests were previously in Your possession, custody, or control but no longer are, Documents sufficient to identify the disposition of such Documents or Things, including without limitation Documents sufficient to identify the last Person known to You to have possession, custody, or control of such Documents or Things.

# Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ESCORT INC.,** | § | |
| an Illinois Corporation, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO: 3:18-cv-00161-N** |
| | § | |
| **UNIDEN AMERICA CORPORATION,** | § | |
| a Delaware Corporation, | § | |
| *Defendant.* | § | |

## PROTECTIVE ORDER

### Proceedings and Information Governed.

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information," "Restricted Confidential Source Code," or "Confidential Attorney Eyes Only Information" (collectively, "Protected Material") in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

### Designation and Maintenance of Information.

2. For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that is not

publicly known and is of technical or commercial advantage to its possessor, in accordance with

Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential;

(b) the "Restricted Confidential Source Code" designation means that the document is comprised

of information that the producing party deems especially sensitive and includes computer source

code, computer instructions, data definitions, and/or live data (that is, data as it exists residing in

a database or databases) ("Source Code"); and (c) the "Confidential Attorney Eyes Only

Information " designation means that the document is comprised of information that the producing

party deems especially sensitive, which may include, but is not limited to, confidential research

and development, financial, technical, marketing, any other sensitive trade secret information, or

information capable of being utilized for the preparation or prosecution of a patent application

dealing with such subject matter. Protected Material does not include, and this Protective Order

does not apply to, information that is already in the knowledge or possession of the party to whom

disclosure is made unless that party is already bound by agreement not to disclose such

information, or information that has been disclosed to the public or third persons in a manner

making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of

paragraph 2(a) above, may be designated by the producing party as containing Confidential

Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of

paragraph 2(b) above may be designated by the producing party as containing Restricted

Confidential Source Code by placing on each page and each thing a legend substantially as follows:

**RESTRICTED CONFIDENTIAL SOURCE CODE**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(c) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

## CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
## SUBJECT TO PROTECTIVE ORDER

A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorney Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorney Eyes Only Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

During a deposition, when counsel deems that the answer to a question may result in the disclosure of Protected Material of that counsel's client, counsel may request that any persons present who are not authorized pursuant to this Protective Order leave the deposition during the confidential portion of the deposition. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "Confidential Information," "Confidential Attorney Eyes Only Information" or "Restricted Confidential Source Code."

**Inadvertent Failure to Designate.**

4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation. If at the time of such correction, the receiving party has already disclosed the Protected Material in a manner inconsistent with the corrected designation, the receiving party shall comply with the procedures set forth at Section 20.

**Challenge to Designations.**

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, and after the conference required under LR 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any

4

dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6. Information designated as Confidential Information, Restricted Confidential Source Code, or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information, Restricted Confidential Source Code, or Confidential Attorney Eyes Only Information may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

7. Subject to paragraph 9 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) two (2) in-house counsel who are identified by the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; and (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

8. Subject to paragraph 9 below, Confidential Attorney Eyes Only Information and Restricted Confidential Source Code may be disclosed by the receiving party only to the following

5

individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants; and (d) those individuals designated in paragraph 11(c).

9. Further, prior to disclosing Confidential Information, Restricted Confidential Source Code, or Confidential Attorney Eyes Only Information to a receiving party's proposed expert, consultant, or employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, and the expert or consultant's business affiliation, engagements, employment, or consulting relating to the industry for the preceding five years, including any past, current, or anticipated employers who are competitors of a Party or who are in the industry. The producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection or the presiding judge has ruled upon any resultant motion.

10. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

11. Confidential Information, Restricted Confidential Source Code, or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Protected Material. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

12. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

13. If any party wishes to submit Protected Material to the court, the submission must be filed under seal using the ECF sealed filing event. If agreed between the parties, the parties need not seek leave of court to file Protected Material under seal.

14. Producing or receiving Protected Material, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Protected Material contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

15. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, Restricted Confidential Source Code, or Confidential Attorney Eyes Only Information, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

16. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated as Protected Material pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

In the event any person or receiving party having possession, custody or control of any material produced in this action and designated Confidential or Confidential Attorney Eyes Only by a disclosing party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall notify by mail and email the attorneys of record of the disclosing party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The disclosing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the disclosing party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

**Remedies.**

17. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including

the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

18. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**Source Code Production**

19.    Source Code may be designated as Restricted Confidential Source Code and shall be subject to all protections applicable to materials designated Confidential Attorney Eyes Only Information in addition to the following protections:

(a) The parties shall make their Source Code available for inspection on a non-networked standalone computer upon reasonable notice between 9 a.m. and 5 p.m. local time, Monday through Friday (excluding holidays). The non-networked standalone computer shall be password protected and supplied by the producing party. The non-networked standalone computer shall be made available at a location of the producing party's choice within the Northern District of Texas, Dallas Division.

(b) The persons who will review Source Code on behalf of a receiving party shall be named in writing to the producing party at least seven court days in advance of the first time that such person reviews such Source Code, any expert or consultant proposed to review the source code must have been previously qualified pursuant to paragraph 9 of this Order, and the producing party may object in writing within three court days of such notice.

(c) The receiving party may request that a reasonable number of additional software tools be installed on the standalone computer to assist the receiving party's review of the Source Code. If the software tools are not free and in the public domain, the receiving party shall procure and supply the software tools to the producing party for installation on the standalone computer. If the

10

parties are unable to agree on the additional requested software tools, they may seek an Order from the Court after making a good faith effort to resolve their dispute;

(d) The receiving party may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (a) in the first instance. The receiving party shall be limited to 500 pages of hard (non-electronic) copies of those portions of Source Code that it, in good faith, considers necessary to the preparation of its case. Within five court days of the request for source code printouts, the producing party shall produce the printouts of the requested source code to the receiving party absent an objection by the producing party that the production exceeds the page limits set forth in this order, Notwithstanding the foregoing, the receiving party may not request any hard copy of more than 35 consecutive pages of Source Code absent express permission of the producing party or an order from the Court. A "page" for purposes of this limitation will be defined as an 8.5 x 11" sheet of paper with 12-point font. These page limitations will not preclude any party from seeking additional pages for good cause. Any Source Code printouts shall be marked with a Bates number and designation of "Restricted Confidential Source Code" under this Protective Order; and

(e) No electronic copies of Source Code shall be made without the agreement of the producing party or further order of the Court. The receiving party shall maintain all paper copies of any printed portions of the Source Code in a secure area. Notwithstanding the foregoing, nothing in this sub-Paragraph shall prevent a party from making five additional hard or electronic copies of Source Code as are (1) necessary for use as exhibits at trial; (2) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report); (3) necessary for

deposition; or (4) otherwise necessary for the preparation of its case. Such papers shall be subject to the requirements of this Protective Order, and all other protections applicable to materials designated Confidential Attorney Eyes Only Information.

**Inadvertent Production of Protected Material**

20.     If a receiving party learns that, by inadvertence or otherwise (including due to an incorrect designation), it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Confidentiality Agreement" that is attached hereto as Exhibit A.

**Inadvertent Production of Privileged or Otherwise Protected Material**

21.     Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not itself a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. When a producing party gives notice to a receiving party that certain inadvertently produced material is subject to a claim of privilege or other protection, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has except for one copy that may be used to challenge the claim; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the copy to the court under seal for a determination of the claim. The

producing party must preserve the information until the claim is resolved. The receiving party shall not use any material that the producing party asserts is attorney-client privileged or work product protected except to challenge the privilege or protection. In the case of ESI, electronic key word searching to identify privileged documents constitutes reasonable steps to prevent disclosure pursuant to Federal Rule of Evidence 502(b)(2).

**Privileged and Irrelevant Materials.**

22. Nothing in this Protective Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

**Additional Relief.**

23. Nothing in this Protective Order shall be construed to prevent a party or nonparty from filing a motion asking the Court to order further provisions regarding confidentiality as may be appropriate.

**No Waiver of Objections to Admissibility.**

24. Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

**Advice to Client.**

25 Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying in a general way upon his or her examination of Protected Material produced or exchanged in this litigation; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of the Protected Material.

**Continuing Obligations**

26. This Protective Order, and all obligations and duties arising under this Protective Order, shall remain in effect after the final termination of this action, unless otherwise ordered by the Court. The Court retains jurisdiction indefinitely over the parties, and any persons provided access to Protected Material under the terms of this Protective Order, with respect to any dispute over the improper use of such materials and with respect to any orders permitting materials to be filed and maintained under seal. The disclosing parties reserve all rights to apply to the Court at any time, before or after termination of this action, for an order: (i) modifying this Protective Order, (ii) seeking further protection against discovery or use of Protected Material, or other documents or information, or (iii) seeking further production, discovery, disclosure, or use of claimed Protected Material or other documents or information.

Signed July 10, 2018.

David C. Godbey
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESCORT INC.,<br>an Illinois Corporation,<br>        *Plaintiff,* | § <br> § <br> § <br> § | |
| v. | § | CIVIL ACTION NO: 3:18-cv-00161-N |
| | § | |
| UNIDEN AMERICA CORPORATION,<br>a Delaware Corporation,<br>        *Defendant.* | § <br> § <br> § <br> § | |

---

**EXHIBIT A**
**CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT, OR**
**EMPLOYEES OF ANY PARTY**

I,_____, declare that:

1.    My address is_____.

     My current employer is_____.

     My current occupation is_____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and

     understand the provisions of the Protective Order.

3.    I agree not to use any Confidential Information, Confidential Attorney Eyes Only

     Information or Restricted Confidential Source Code disclosed to me pursuant to the

     Protective Order except for purposes of the above-captioned litigation and not to disclose

     any of this information to persons other than those specifically authorized by the

     Protective Order, without the express written consent of the party who designated the

     information as confidential or by order of the presiding judge. I also agree to notify any

     stenographic, clerical or technical personnel who are required to assist me of the terms of

     this Protective Order and of its binding effect on them and me.

4.      I understand that I am to retain all documents or materials designated as or containing

Confidential Information, Confidential Attorney Eyes Only Information or Restricted

Confidential Source Code in a secure manner, and that all such documents and materials

are to remain in my personal custody until the completion of my assigned duties in this

matter, whereupon all such documents and materials, including all copies thereof, and

any writings prepared by me containing any Confidential Information, Confidential

Attorney Eyes Only Information or Restricted Confidential Source Code are to be

returned to counsel who provided me with such documents and materials.

5.      Promptly upon termination of this action, I will return all documents and things

designated as  Confidential," Confidential Attorney Eyes Only," or "Restricted

Confidential Source Code" that came into my possession, and all documents and things

that I have prepared relating thereto, to the outside counsel for the party by whom I am

employed.

6.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ESCORT INC.,** | § | |
| **an Illinois Corporation,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO: 3:18-cv-00161-N** |
| | § | |
| **UNIDEN AMERICA CORPORATION,** | § | |
| **a Delaware Corporation,** | § | |
| *Defendant.* | § | |

---

## EXHIBIT B
## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I,_____, declare that:

7.    My address is_____.

   My current employer is_____.

   My current occupation is_____.

8.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

9.    I agree not to use any Confidential Information, Confidential Attorney Eyes Only Information or Restricted Confidential Source Code disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

10.    Promptly upon termination of this action, I will return all documents and things designated as   Confidential," Confidential Attorney Eyes Only," or "Restricted Confidential Source Code" that came into my possession, and all documents and things

17

that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

11.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____



**FISH & RICHARDSON**

August 15, 2019

Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201

214 747 5070 main
214 747 2091 fax

K-40 Electronics, LLC
600 Tollgate Road, Unit A
Elgin, IL 60123
Attn: Peggy Finley

**David B. Conrad**
Principal
Conrad@fr.com
+1 214 760 6158 direct

Re:   *Escort Inc. v. Uniden America Corporation*
      USDC – N.D. Tex. – Case No. 3:18-cv-161-N

Dear Ms. Finley:

I am writing to you on behalf of my client, Uniden America Corporation ("Uniden"), the defendant in the above-referenced litigation ("Escort Case"). Uniden believes that K-40 Electronics, LLC ("K-40") may have documents and information relevant to the Escort Case and thus has issued subpoenas for the deposition of K-40 on October 29, 2019, and requiring the production of documents on September 10, 2019. The specific times and locations for the deposition and the production of documents are set forth in the accompanying subpoenas.

I encourage you to contact me directly with any questions you may have regarding the subpoenas. Moreover, please let me know if it would be more convenient for K-40 to send us the requested documents electronically. If so, we can provide you with a link to securely upload documents. I look forward to hearing from you soon.

Very truly yours,

David B. Conrad
Principal

DBC/crh

RECEIVED
SEP – 4 2019
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS