IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESCORT INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-0161-N |
| | § | |
| UNIDEN AMERICA CORPORATION, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Escort Inc.'s ("Escort") motion to strike, or in the alternative dismiss, Defendant Uniden America Corporation's ("Uniden") amended answer [49] and Uniden's motion to amend [51]. For the reasons stated below, the Court grants Uniden leave and denies Escort's motion to strike.

## I. ORIGINS OF THE MOTIONS

In this patent infringement case, Escort filed a motion to strike Uniden's amended answer for its failure to file a motion for leave within the deadline of the Scheduling Order. Additionally, Escort urges the Court to strike Uniden's third, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and thirteenth affirmative defenses under Rule 12(f) and dismiss Uniden's third, sixth, and thirteenth affirmative defenses and third counterclaim under Rule 12(b)(6). Uniden responds by asking for leave to allow its amended answer to remain and argues that its defenses and counterclaim meet the appropriate pleading standards.

## II.   THE COURT GRANTS UNIDEN LEAVE

In Uniden's response, Uniden asks the Court to grant leave to allow Uniden's amended answer to remain. The Court must evaluate whether Uniden showed good cause under Federal Rule of Civil Procedure 16(b) and then determine whether to grant leave under Rule 15(a)(2). The Court finds good cause exists and grants leave.

The Scheduling Order provides that the parties must file any motions for leave to amend within 180 days of the Order. Scheduling Order ¶ 1 [24]. Otherwise, parties must show good cause pursuant to Rule 16(b). *Id.* In order to find good cause, the Court looks to four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) (internal quotations omitted). The Court can consider the factors holistically. *Johnson v. Karr*, 2017 WL 2362043, at *5 (N.D. Tex. May 31, 2017) (Fitzwater, J.).

If good cause exists, then the Court determines whether to grant leave under the more liberal standard of Rule 15(a)(2). *S&W Enters., L.L.C.*, 315 F.3d at 536. Rule 15(a)(2) mandates that the Court grant leave "when justice so requires." FED. R. CIV. P. 15(a)(2). The Court may deny leave when a party acts with undue delay, in bad faith, or with a dilatory motive. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). But Rule 15(a)(2) creates a strong presumption in favor of granting leave to amend, and the Court must do so, "unless there is a substantial reason to deny" leave. *Id.*

Here, the Court finds good cause exists and grants Uniden leave to amend to allow Uniden's amended answer to stand. Uniden filed its amended answer without filing a motion for leave to amend. *See* Pl. Escort Inc.'s Mot. Strike or, in the Alternative, Dismiss Def.'s Am. Answer, Affirmative Defs., & Countercl. ("Pl.'s Mot.") 1 [49]. Because Uniden requested leave to amend after the deadline provided in the Scheduling Order, Rule 16(b) applies, and Uniden must show good cause.

The Court finds that good cause exists. First, the Court finds Uniden asserts potentially important amendments to its answer. Uniden asserts its amended answer includes potentially dispositive defenses and counterclaims relevant to at least one of three asserted patents in dispute. Uniden America Corp.'s Br. Opp'n Escort's Mot. Strike & Opposed Mot. Amend ("Def.'s Br.") 17 [51]. Second, the Court finds allowing Uniden's amended answer to stand will not prejudice Escort. Uniden filed its amended answer within the Rule 15(a)(2) deadline but merely failed to file a motion for leave, meaning Escort had notice of the amended answer within the 180-day deadline. *See id.* Further, discovery was still ongoing, allowing Escort to conduct discovery regarding the newly asserted matters. *See id.* Third, while likely not needed, a continuance could cure any potential prejudice that may arise. Uniden filed its amended answer in January 2019, and the Court has set a trial date for June 2020—nearly a year and a half away. *See* Uniden America Corporation's First Am. Answer, Affirmative Defs. & Countercls. Pl.'s Compl. ("Def.'s First Am. Answer") 9-12 [43]; Scheduling Order (Patent Pt. II) ¶ 1 [64]. Even though the Court finds Uniden failed to provide any explanation for its failure to file a motion for leave, the Court finds that taken as a whole, Uniden showed good cause.

Next, the Court finds no compelling reason to deny leave under the more liberal Rule 15(a)(2) standard. The Court finds no evidence showing Uniden acted with undue delay or in bad faith. Thus, the Court grants Uniden leave to allow Uniden's amended answer to remain.

### III. THE COURT DENIES ESCORT'S MOTION TO STRIKE UNDER RULE 12(F)

The Court denies Escort's motion to strike Uniden's third, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and thirteenth affirmative defenses.

#### A. *Rule 12(f) Motion to Strike Legal Standard*

When asserting an affirmative defense, a party must "state in short plain terms its defenses to each claim asserted against it." FED. R. CIV. P. 8(b)(1)(A). The Court evaluates the sufficiency of affirmative defense pleadings under the Fifth Circuit's "fair notice" standard. *Reinforced Earth Co. v. T & B Structural Sys.*, 2013 WL 10989994, at *5 (N.D. Tex. Jan. 30, 2013) (Godbey, J.); *see also Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). A party must plead its defense so as to not cause unfair surprise, and "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362.

The Court can strike a defense under Rule 12(f) if the Court finds the defense is insufficient or is a "redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A motion to strike is a drastic remedy that should only be used sparingly. *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). The Court should strike a matter only when it has "no possible relation to the controversy." *Id.* (citing

MEMORANDUM OPINION AND ORDER– PAGE 4

*Brown & Williamson Tobacco Corp.*, 201 F.2d at 822). Further, the Court should not utilize a motion to strike to decide disputed questions of fact. *Id.*

### B. The Court Denies Escort's Motion to Strike Uniden's Third Affirmative Defense

The Court finds Uniden met the heightened pleading standard of Rule 9(b) in pleading its third affirmative defense of inequitable conduct. A pleading alleging inequitable conduct must show the "who, what, when, where, and how of the material misrepresentation or omission committed before the [Patent and Trademark Office (PTO)]." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). But conditions of the mind, such as malice, intent, and knowledge may be alleged generally, as long as the pleading includes sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO. *Id.*

Here, Uniden alleges sufficient facts to meet this heightened pleading standard. Throughout Uniden's first amended answer, Uniden described the *who* as the applicant; the *what* by alleging the applicant was aware of the materiality of the claims of U.S. Patent No. 6,670,905 (Orr '905); the *when* and *where* by alleging the conduct occurred during the prosecution of U.S. Patent No. 7,576,679 ('679); and the *how* by stating the applicant did not disclose specifications of the '905 Orr to the examiner during the prosecution. *See* Def.'s First Am. Answer 9-12 [43]. Additionally, Uniden asserts factual allegations that Escort knew of the material information of both asserted patents and withheld specific

information from the PTO regarding the Orr '905. *Id.* As a Rule 12(f) motion only asks the Court to look at the pleadings, the Court denies Escort's request to strike the defense.

### C. The Court Denies Escort's Motion to Strike Uniden's Sixth Affirmative Defense

The Court denies Escort's motion to strike Uniden's sixth affirmative defense of latches, estoppel, acquiescence, waiver, and unclean hands. Escort argues latches is not a defense to patent infringement when the claim occurred during the six-year statute of limitations. *See* Pl. Escort Inc.'s Reply Supp. Its Mot. Strike or, in the Alternative, Dismiss Def.'s Am. Answer, Affirmative Defs., & Countercl. ("Pl.'s Reply") 8 [52]. But the Court finds Escort adequately alleged its latches defense regarding alleged patent infringement that occurred outside of the statute of limitations. Further, Escort argues Uniden did not provide fair notice in its pleading, but the Court disagrees. Uniden provides enough background information to prevent Escort from being the victim of unfair surprise, and its factual allegations provide fair notice to Escort. Thus, the Court finds that Uniden's defense should not be stricken under Rule 12(f).

### D. The Court Denies Escort's Motion to Strike Uniden's Thirteenth Affirmative Defense

The Court denies Escort's motion to strike Uniden's thirteenth affirmative defense regarding patent misuse. A patent misuse claim looks to whether the patentee has "impermissibly broaden[ed] the physical or temporal scope of the patent grant with anticompetitive effects." *Princo Corp. v. Int'l Trade Comm'n*, 616 F.3d 1318, 1328 (Fed. Cir. 2010) (internal quotations omitted).

Here, Uniden sufficiently alleges its patent misuse defense. Uniden asserts that Escort acted in bad faith and with improper purpose in order to impermissibly broaden the scope of its patent. Def.'s First Am. Answer 9-12 [43]. Uniden sufficiently alleges that Escort should have known the '679 Patent would be deemed invalid yet still acted impermissibly to broaden the scope of the patent and exclude Uniden from the market. *Id*. Based on Uniden's pleadings, the Court denies Escort's motion to strike.

### E. *The Court Denies Escort's Motion to Strike Uniden's Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses*

The Court denies Escort's motion to strike Uniden's fifth, seventh, eighth, ninth, tenth, and eleventh affirmative defenses as redundant. Uniden argues that each defense relates to a different substantive issue in the case. Def.'s Br. 8-10 [51]. The Court agrees. The defenses are at least minimally supported and relate to the alleged controversy. Additionally, Uniden alleged enough facts to show each defense addresses a separate issue in the case. Thus, the Court denies Escort's motion to strike these defenses under Rule 12(f).

### IV. THE COURT DENIES ESCORT'S MOTION TO DISMISS UNDER RULE 12(B)(6)

Finally, the Court denies Escort's motion to dismiss Uniden's third, sixth, and thirteenth affirmative defenses and third counterclaim. A party can use a Rule 12(b)(6) motion to dismiss claims or counterclaims. *See* FED. R. CIV. P. 12(b)(6); *see also Pylant v. Cuba*, 2015 WL 12753669, at *3 (N.D. Tex. Mar. 6, 2015) (Solis, J.) (stating that counterclaims must satisfy Federal Rule of Civil Procedure 8(a)(2) to survive a Rule 12(b)(6) motion to dismiss). However, a Rule 12(b)(6) motion to dismiss is an improper

vehicle to dismiss an affirmative defense. *Huffman v. Remstar Int'l, Inc.*, 2009 WL 1445967, at *1 (E.D. Tex. May 21, 2009). When addressing a Rule 12(b)(6) motion to dismiss, the Court must determine whether the claim includes "enough facts to state a claim to relief that is plausible on its face." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, the party must plead factual content "that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The pleadings, however, need not contain "detailed factual allegations." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In ruling on a Rule 12(b)(6) motion, the Court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the nonmovant. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Here, the Court denies Escort's Rule 12(b)(6) motion to dismiss. First, Rule 12(b)(6) is an improper mechanism to dismiss Uniden's third, sixth, and thirteenth affirmative defenses. Next, the Court finds Uniden sufficiently pled its third counterclaim of patent misuse. As Uniden similarly pled in its thirteenth affirmative defense, Uniden argues that Escort acted impermissibly to broaden the scope of the patent. Def.'s First Am. Answer 9-12 [43]. Taking the facts in the light most favorable to Uniden, the Court finds Uniden pled sufficient facts to support its patent misuse claim.

CONCLUSION

The Court grants Uniden leave to allow its amended answer to stand. The Court denies Escort's motion to strike Uniden's third, fifth, sixth, seventh, eighth, tenth, eleventh, and thirteen affirmative defenses and third counterclaim.

Signed September 6, 2019.

_____
David C. Godbey
United States District Judge