# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESCORT INC.,<br><br>               Plaintiff,<br>v.<br><br>UNIDEN AMERICA CORPORATION,<br><br>               Defendant. | Civil Action No. 3:18-cv-00161-N |

**NOTICE OF DEPOSITION OF DEFENDANT UNIDEN AMERICA CORPORATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) – NORMA COPE AS DESIGNEE FOR UNIDEN AMERICA CORPORATION**

PLEASE TAKE NOTICE that Plaintiff Escort, Inc., ("Escort"), by and through its undersigned counsel, will take the deposition upon oral examination of Defendant Uniden America Corporation, ("Uniden"), pursuant to Federal Rule of Civil Procedure 30(b)(6), via Uniden's representative, Norma Cope, who consents to testify on Uniden's behalf. The deposition will take place on November 6, 2019, beginning at 9:00 CDT, at Fish and Richardson, 1717 Main Street, Suite 5000, Dallas, Texas 75201, and will continue day to day until completed. The deposition will be taken by stenographic means and before a court reporter or other person authorized to administer oaths, may be video-taped, and may be conducted via video-conference.

Ms. Cope has been identified by Uniden's counsel as being designated on topics 1-5, 7-10, 20-22, 25-33, 36-41 as listed in Exhibit A, attached hereto.

The deposition shall be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of the United States District Court for the Northern District of Texas.

PLEASE ALSO TAKE NOTICE that Escort reserves the right to take further depositions of Uniden pursuant to Rule 30(b)(6) on additional topics not addressed in Exhibit A. Escort also reserves the right to take further depositions of Uniden pursuant to Rule 30(b)(6) on topics in

1

Exhibit A for which designees of Uniden are not properly prepared or for which the designees do not properly answer questions.

You are invited to attend or cross-examine.

DATED: October 29, 2019

Respectfully submitted,

/s/ Timothy E. Grochocinski
Timothy E. Grochocinski
tim@nbafirm.com
Joseph P. Oldaker
joseph@nbafirm.com
NELSON BUMGARDNER ALBRITTON, PC
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
P: (708) 675-1974

Edward R. Nelson III
Texas State Bar No. 00797142
ed@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
P: (817) 377-9111

*COUNSEL FOR PLAINTIFF ESCORT, INC.*

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record on October 29, 2019 via electronic mail.

/s/ Timothy E. Grochocinski

**EXHIBIT A**
**NOTICE OF DEPOSITION OF THE UNIDEN AMERICA CORPO**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

**DEFINITIONS**

1. The term "Uniden" refers to the Defendant Uniden America Corporation.

2. The term "the '038 patent" refers to U.S. Patent No. RE39,038.

3. The term "the '653 patent" refers to U.S. Patent No. RE40,653.

4. The term "Patents-in-Suit" collectively refers to the '038 patent and the '653 patent.

5. The term "Accused Products" refers to refers to Defendant's R7, R3 Extreme Long Range Radar / Laser Detector, DFR7 Long Range Rader / Laser Detector, and LRD950 Long Range Radar / Laser Detector, and any other products identified in Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions, including any supplements thereof.

6. The term "Other Uniden Radar Detector Products" refers to radar detector products made, used, sold, offered for sale, or brought under development by Uniden that do not fall within the definition of "Accused Products."

## TOPICS

1. The Accused Products.

2. Identification of documents that depict the Accused Products.

3. The use, operation, capabilities, and implementation of the Accused Products.

4. The development, and reasons for development, of the Accused Products.

5. The information technology and technical infrastructure that supports the operation of the Accused Products.

6. Source code for the Accused Products.

7. The specifications and designs of, and hardware used in, the Accused Products.

8. The facts and bases underlying Uniden's contention that the Accused Products do not infringe the patents-in-suit.

9. Non-infringing uses of the Accused Products.

10. Instructions, guidelines, support, and service for the Accused Products.

11. The contracts and agreements between Uniden and any and all third-parties relating to the development of the Accused Products.

12. The contracts and agreements between Uniden and any and all third-parties relating to the service and support of the Accused Products.

13. Licenses to which Uniden is party, or that Uniden is aware of, that refer or relate to the technology used in the Accused Products, including the compensation / royalties in such agreements and the basis for the same.

14. The marketing and promotion of the Accused Products.

15. Uniden's decision to offer, make, sell, and/or offer to sell the Accused Products.

16. The expectations for future growth of the Accused Products.

17. The expectations for continued use and availability of the Accused Products.

18. Products that compete with the Accused Products.

19. Uniden's business plans related to the Accused Products.

20. Revenues and profits from, and costs associated with, the Accused Products.

21. Uniden's profit margin for the Accused Products.

22. Uniden's market share for the Accused Products.

23. The commercial success of the Accused Products.

24. Uniden's expectations for the Accused Products before introduction to the market and forward looking projections, including all expectations for profitability, popularity, success, and growth of the Accused Products.

25. Uniden's first knowledge of the patents-in-suit and the actions taken, if any, after such notice.

26. Opinions, including all opinions of counsel, relating to infringement, validity, and/or enforceability of the patents-in-suit and all documents referring or relating to such opinions.

27. Changes made to the Accused Products after Uniden's first knowledge of the patents-in-suit and/or after learning of Escort's allegation that that Accused Products infringe the patents-in-suit.

28. Uniden's attempts to design around the patents-in-suit.

29. Uniden's discovery responses.

30. Documents produced by Uniden, including the authenticity of such documents.

31. Uniden's document retention policies.

32. Research and development costs associated with the Accused Products.

33. Revenues and profits from, and costs associated with, Other Uniden Radar Detector Products.

34. Uniden's relationship with Attowave and contracts governing this relationship.

35. Uniden's relationship with Vortex Radar, or any employees or owners of Vortex Radar, and any contracts governing this relationship.

36. Profit and loss statements specific to U.S. sales of the Accused Products and Other Uniden Radar Detector Products.

37. Pricing for the Accused Products and Other Uniden Radar Detector Products.

38. Pricing analysis by customer, industry, and/or geographic region.

39. Business plans for the Accused Products and Other Uniden Radar Detector Products.

40. Sales materials related to sales plans and strategies for the Accused Products and Other Uniden Radar Detector Products.

41. Research and development costs, budgets, and plans for the Accused Products and Other Uniden Radar Detector Products.

42. Marketing plans for the Accused Products and Other Uniden Radar Detector Products.

43. Uniden's corporate structure.

44. Licenses related to the Accused Products and Other Uniden Radar Detector Products, including licenses that relate to any technology incorporated into such products.

45. Uniden's acquisition of assets or companies for technology incorporated in the Accused Products or Other Uniden Radar Detector Products.