# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESCORT INC., <br><br> **Plaintiff,** <br><br> *v.* <br><br> UNIDEN AMERICA CORPORATION, <br><br> **Defendant.** | CASE NO. 3:18-cv-161-N <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

**DEFENDANT UNIDEN AMERICA CORPORATION'S CORRECTED OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES (NOS. 13, 14)**

Defendant Uniden America Corporation ("Uniden") hereby timely serves its objections and responses to the Second Set of Interrogatories ("Interrogatories") to Uniden propounded by Plaintiff Escort, Inc. ("Plaintiff" or "Escort") as follows[1]:

**RESERVATIONS OF RIGHTS**

Investigation and discovery are ongoing in this case. Uniden responds to the Interrogatories without prejudice to Uniden's right to supplement its responses. Uniden also reserves the right to produce or use any information or documents that are discovered after service of this response in support of or in opposition to any motion, in depositions, or at trial. In responding to the Interrogatories, Uniden does not waive any objections on the grounds of privilege, competency, relevance, materiality, authenticity, or admissibility of the information

---

[1] For purposes of these interrogatory responses, the terms Asserted Patents or Patents-in-Suit means U.S. Patent Nos. RE39,038 and RE40,653. The court has granted a stay in this litigation (Dkt. 74) concerning U.S. Patent No. 7,576,679 ("the '679 patent") pending the outcome for IPR No. 2019-00724 before the Patent Trial and Appeal Board. In light of this order, these interrogatory responses do not include responses regarding the '679 patent.

contained herein. Uniden expressly reserves the right to use any of these responses or the subject matter contained in them during any subsequent proceeding, including the trial of this or any other action.

### **GENERAL OBJECTIONS**

The following General Objections apply to each individually numbered interrogatory set forth in the Interrogatories and shall have the same force and effect as if set forth in full in each of Uniden's Specific Responses below:

1. Uniden objects to the Interrogatories and to each Instruction and Definition contained therein to the extent they purport to impose obligations on Uniden that exceed its obligations under the Federal Rules of Civil Procedure and/or any applicable local rules or court order.

2. Uniden objects to the Interrogatories and to each Instruction and Definition contained therein to the extent they are overbroad and unduly burdensome.

3. Uniden objects to the Interrogatories and to each Instruction and Definition contained therein to the extent they seek information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.

4. Uniden objects to the Interrogatories and to each Instruction and Definition contained therein to the extent that they would require Uniden to search for and provide information and documents that are not in Uniden's possession, custody, or control, or to create documents that are not currently in Uniden's possession.

5. Uniden objects to the Interrogatories and to each Instruction and Definition contained therein to the extent that they purport to require Uniden to reach legal conclusions about any document, thing, or event.

6. Uniden objects to the Interrogatories and to each Instruction and Definition contained therein to the extent that they are vague, ambiguous, and unclear, including Plaintiff's use of terms that are not defined and/or not susceptible to any single meaning. Uniden's failure to object to a term defined in the Interrogatories shall not be construed to mean that Uniden understands or agrees with the Definition.

7. Uniden objects to each Interrogatory to the extent it uses unlimited, undefined, subjective, or open-ended terms and phrases that are vague, ambiguous, overbroad, or unduly burdensome, such as "all" and "any," among others.

8. Uniden objects to each Interrogatory to the extent it seeks information outside the scope of the products and functionalities that can be accused under the claims of the Patents-in-Suit.

9. Uniden objects to each Interrogatory to the extent it seeks documents or information from before December 18, 2011 – six years prior to the filing of the Complaint—and after the expiration of the Asserted Patents. For purposes of Uniden's responses herein, the "Relevant Time Period" is from six years prior to the filing of the Complaint until the expiration of U.S. Patent Nos. RE39,038 and RE40,653.

10. Uniden's response to each Interrogatory shall not be taken as any admission that Uniden agrees or acquiesces to the meaning of terms or characterizations used by Plaintiff in such interrogatory.

11. Uniden's response to each Interrogatory is made only to the extent of Uniden's knowledge about such interrogatory and is not intended to suggest that Uniden possesses all knowledge responsive to such interrogatory.

12. Uniden objects to the Interrogatories and to each Instruction and Definition contained therein to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Any disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, law or rule is inadvertent and should not be construed to constitute a waiver.

13. Uniden objects to the Interrogatories and to each Instruction and Definition contained therein to the extent (i) the discovery sought is unreasonably cumulative or duplicative, is publicly available, and/or is available to Plaintiff from a more convenient, less burdensome, or less expensive source than Uniden; (ii) the requesting party has had ample opportunity by discovery to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in this action, and the importance of the proposed discovery in resolving the issues.

14. Uniden objects to the Interrogatories and to each Instruction and Definition contained therein to the extent that they seek disclosure of trade secrets and competitive practices. Uniden will consider providing such information only under the parameters of the protective order. Dkt. No. 25.

15. Uniden objects to the Definitions of "Uniden" or "Defendant" as overbroad, unduly burdensome, vague, ambiguous (including, but not limited to, the phrase "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of its current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and

representatives"), unclear, and seeking information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. Uniden also objects to the Definitions because Plaintiff's proffered definitions of the terms are contrary to the plain understanding of the terms and results in a misleading and incorrect question and answer pair.

16. Uniden objects to the Definition of "Accused Products" as overbroad, unduly burdensome, vague, ambiguous (including, but not limited to, the phrase "any other products identified in Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions"), unclear, and seeking information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. Uniden also objects to the Definition because Plaintiff's proffered definition of the term is contrary to the plain understanding of the term and results in a misleading and incorrect question and answer pair.

17. Uniden objects to the Definition of "Other Uniden Radar Detector Products" as overbroad, unduly burdensome, vague, ambiguous, unclear, and seeking information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. Uniden also objects to the Definition because Plaintiff's proffered definition of the term is contrary to the plain understanding of the term and results in a misleading and incorrect question and answer pair.

18. Uniden objects to the Definition of "'038 Asserted Claims" as overbroad, unduly burdensome, vague, ambiguous (including, but not limited to, the phrase "any additional claims of the '038 patent identified in Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions"), unclear, and seeking information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. Uniden also objects to the

Definition because Plaintiff's proffered definitions of the terms are contrary to the plain understanding of the terms and result in a misleading and/or incorrect question and answer pair.

19. Uniden objects to the Definition of "'653 Asserted Claims" as overbroad, unduly burdensome, vague, ambiguous (including, but not limited to, the phrase "any additional claims of the '653 patent identified in Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions"), unclear, and seeking information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. Uniden also objects to the Definition because Plaintiff's proffered definitions of the terms are contrary to the plain understanding of the terms and result in a misleading and/or incorrect question and answer pair.

20. Uniden objects to the Definition of "'679 Asserted Claims" as overbroad, unduly burdensome, vague, ambiguous (including, but not limited to, the phrase "any additional claims of the '679 patent identified in Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions"), unclear, and seeking information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. Uniden also objects to the Definition because Plaintiff's proffered definitions of the terms are contrary to the plain understanding of the terms and result in a misleading and/or incorrect question and answer pair.

21. Uniden objects to the Definition of "identify" or any variants thereof, as overbroad, unduly burdensome, vague, ambiguous, and unclear. Uniden also objects to the Definition to the extent Plaintiff seeks more information than is required to identify a particular individual, information, or document. For documents, Uniden objects to the Definition to the extent Plaintiff seeks any information beyond the Bates number. Uniden further objects to the Definition to the extent it seeks privileged information, attorney work product, or information not kept by Uniden in the ordinary course of business. Uniden also objects to the Definition

because Plaintiff's proffered definition of the terms is contrary to the plain understanding of the terms and results in a misleading and/or incorrect question and answer pair.

22. Uniden objects to the Definition of "person" as overbroad, unduly burdensome, vague, ambiguous (including, but not limited to, the phrase "both natural persons and to corporate and other business, governmental, or organizational entities, and the acts of a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf"), unclear, and seeking information that is neither relevant to the claims or defenses of any party to this action, nor reasonably calculated to lead to the discovery of admissible evidence. Uniden also objects to the Definition because Plaintiff's proffered definition of the term is contrary to the plain understanding of the term and results in a misleading and incorrect question and answer pair.

23. Uniden objects to the Instructions to the extent they seek to impose a burden and/or duty to provide additional details or particularities regarding the nature, designation, or source(s) of information or documents provided by Uniden in a manner that is overbroad, unduly burdensome, vague, ambiguous, seeking information that is neither relevant to the claims or defenses of any party to this action, nor reasonably calculated to lead to the discovery of admissible evidence, or beyond the scope of the Federal Rules of Civil Procedure or any applicable local rules. Uniden will comply only with the requisites of the Federal Rules of Civil Procedure and any applicable local rules.

24. Uniden objects to the Instructions to the extent they seek to impose a burden and/or duty to provide and/or characterize financial data in a manner inconsistent with Uniden's ordinary course of business or beyond the scope of the Federal Rules of Civil Procedure or any

applicable local rules. Uniden will comply only with the requisites of the Federal Rules of Civil Procedure and any applicable local rules.

## SPECIFIC RESPONSES AND OBJECTIONS

Uniden incorporates by reference the General Objections set forth above into the Specific Responses set forth below; Uniden may repeat an objection for emphasis or some other reason. The failure to repeat any General Objection does not waive such objection to the Interrogatories.

**INTERROGATORY NO. 13:**

State the amount of revenues and profits Uniden derived from, and costs incurred from, sales, leasing, advertising, or licensing of the Accused Products and Other Uniden Radar Detector Products, from 2010 to the present, including supplies and components for the Accused Products, by product, month/quarter/year, and by customer/industry/geography, and identify the persons with the most knowledge of these revenues.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to Uniden's General Objections, Uniden also objects to Interrogatory No. 13 because it uses unlimited, undefined, subjective, and open-ended terms and phrases that are vague, ambiguous, overbroad, or unduly burdensome, and to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Uniden further objects to this interrogatory because, among other things, it is not limited to the Relevant Time Period and seeks information regarding products not at issue in this case. Uniden further objects to this interrogatory as seeking discovery disproportionate to the needs of the case. Uniden objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Uniden further objects to this interrogatory to the extent it purports to require Uniden to prematurely gather, marshal and present the available proof it intends to offer at trial. Uniden further objects to this interrogatory to the extent it seeks

information not kept by Uniden in the ordinary course of business. Uniden further objects to this interrogatory because Plaintiff's definitions of "Accused Products" and "Other Uniden Radar Detector Products" are vague, overbroad, and incomplete.

To the extent that Uniden understands Interrogatory No. 13, subject to and without waiving the foregoing Objections, Uniden responds as follows:

Uniden incorporates by reference its Initial Disclosures (and any amendments or supplements thereof) for the individuals with knowledge of information responsive to this Interrogatory. Uniden further states that, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Uniden identifies the following document(s) from which responsive information to this Interrogatory may be derived (beginning bates numbers of responsive documents are listed below and shall include the entire document):

UNIDEN_0013622, UNIDEN_0013623, UNIDEN_0013637, UNIDEN_0013638, UNIDEN_0013714, UNIDEN_0013715, UNIDEN_0013716, UNIDEN_0013717, UNIDEN_0013800, UNIDEN_0013802, UNIDEN_0013803, UNIDEN_0013804, UNIDEN_0013805, UNIDEN_0013806, UNIDEN_0013807, UNIDEN_0014062, UNIDEN_0014157, UNIDEN_0014245, UNIDEN_0014496, UNIDEN_0015299, UNIDEN_0015300, UNIDEN_0015301, UNIDEN_0015305, UNIDEN_0015309, UNIDEN_0015313, UNIDEN_0015367, UNIDEN_0015373, UNIDEN_0015374, UNIDEN_0015375, UNIDEN_0015383, UNIDEN_0015417, UNIDEN_0015451, UNIDEN_0015464, UNIDEN_0015465, UNIDEN_0015486, UNIDEN_0015519, UNIDEN_0015520, UNIDEN_0015533, UNIDEN_0015552, UNIDEN_0015562, UNIDEN_0015574, UNIDEN_0015575, UNIDEN_0015578, UNIDEN_0015585, UNIDEN_0015595, UNIDEN_0015686, UNIDEN_0015687, UNIDEN_0015781, UNIDEN_0015833, UNIDEN_0020376, UNIDEN_0022922, UNIDEN_0022923, UNIDEN_0022924, UNIDEN_0022925, UNIDEN_0022926, UNIDEN_0022927, UNIDEN_0022928, UNIDEN_0022929, UNIDEN_0022968, UNIDEN_0022969.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement and amend its response based on additional information obtained through discovery or other means and as appropriate in response to the Court's legal determination of issues.