# Exhibit 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ESCORT INC.,** | |
| **Plaintiff,** | **CASE NO. 3:18-cv-161-N** |
| *v.* | **PATENT CASE** |
| **UNIDEN AMERICA CORPORATION,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

### DEFENDANT UNIDEN AMERICA CORPORATION'S
### OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF
### REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (Nos. 23-37)

Defendant Uniden America Corporation ("Uniden") hereby timely serves its objections and responses to the Second Set of Requests for Production of Documents and Things ("Requests") to Uniden propounded by Plaintiff Escort, Inc. ("Plaintiff" or "Escort") as follows.[1]

### RESERVATIONS OF RIGHTS

Investigation and discovery are ongoing in this case. Uniden responds to the Requests without prejudice to Uniden's right to supplement its responses. Uniden also reserves the right to produce or use any documents that are discovered after service of this response in support of or in opposition to any motion, in depositions, or at trial. In responding to the Requests, Uniden does not waive any objections on the grounds of privilege, competency, relevance, materiality, authenticity, or admissibility of the documents contained herein. Uniden expressly reserves the

---

[1] For purposes of these responses, the terms Asserted Patents or Patents-in-Suit mean U.S. Patent Nos. RE39,038 and RE40,653. The parties have reached an agreement to sever and stay the litigation concerning U.S. Patent No. 7,576,679 ("the '679 patent") in view of the Patent Trial and Appeal Board's decision to institute an inter partes review of the '679 Patent in IPR No. 2019-00724. In light of this agreement, these responses do not include responses regarding the '679 patent.

right to use any of these responses or the subject matter contained in them during any subsequent proceeding, including the trial of this or any other action.

## <u>GENERAL OBJECTIONS</u>

The following General Objections apply to each individually numbered request set forth in the Requests and shall have the same force and effect as if set forth in full in each of Uniden's Specific Responses below:

1.      Uniden objects to the Requests and to each Instruction and Definition contained therein to the extent they purport to impose obligations on Uniden that exceed its obligations under the Federal Rules of Civil Procedure and/or any applicable local rules or court order.

2.      Uniden objects to the Requests and to each Instruction and Definition contained therein to the extent they are overbroad and unduly burdensome.

3.      Uniden objects to the Requests and to each Instruction and Definition contained therein to the extent they seek documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case.

4.      Uniden objects to the Requests and to each Instruction and Definition contained therein to the extent that they would require Uniden to search for and provide documents that are not in Uniden's possession, custody, or control, or to create documents that are not currently in Uniden's possession.

5.      Uniden objects to the Requests and to each Instruction and Definition contained therein to the extent that they purport to require Uniden to reach legal conclusions about any document, thing, or event.

6.      Uniden objects to the Requests and to each Instruction and Definition contained therein to the extent that they are vague, ambiguous, and unclear, including Plaintiff's use of terms that are not defined and/or not susceptible to any single meaning. Uniden's failure to

object to a term defined in the Requests shall not be construed to mean that Uniden understands or agrees with the Definition.

7.      Uniden objects to each Request to the extent it uses unlimited, undefined, subjective, or open-ended terms and phrases that are vague, ambiguous, overbroad, or unduly burdensome, such as "all" and "any," among others.

8.      Uniden objects to each Request to the extent it seeks documents outside the scope of the products and functionalities that can be accused under the claims of the Patents-in-Suit.

9.      Uniden's response to each Request shall not be taken as any admission that Uniden agrees or acquiesces to the meaning of terms or characterizations used by Plaintiff in such Request.

10.     Uniden's response to each Request is made only to the extent of Uniden's knowledge about such Request and is not intended to suggest that Uniden possesses all knowledge responsive to such Request.

11.     Uniden objects to the Requests to the extent they call for production of emails prior to the parties reaching an agreement on appropriate ESI parameters for searching and producing emails. *See* Dkt. No. 21.

12.     Uniden objects to the Requests and to each Instruction and Definition contained therein to the extent that they seek documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Any disclosure of documents protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, law or rule is inadvertent and should not be construed to constitute a waiver.

13.     Uniden objects to the Requests and to each Instruction and Definition contained therein to the extent (i) the discovery sought is unreasonably cumulative or duplicative, is publicly available, and/or is available to Plaintiff from a more convenient, less burdensome, or less expensive source than Uniden; (ii) the requesting party has had ample opportunity by discovery to obtain the documents sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in this action, and the importance of the proposed discovery in resolving the issues.

14.     Uniden objects to the Requests and to each Instruction and Definition contained therein to the extent that they seek disclosure of trade secrets and competitive practices. Uniden will consider providing such documents only under the parameters of the protective order. Dkt. No. 25

15.     Uniden objects to the Definitions of "Uniden" or  "Defendant" as overbroad, unduly burdensome, vague, ambiguous (including, but not limited to, the phrase "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of its current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives"), unclear, and seeking documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Uniden also objects to the Definitions because Plaintiff's proffered definitions of the terms are contrary to the plain understanding of the terms and results in a misleading and incorrect question and answer pair.

16.     Uniden objects to the Definition of "Accused Products" as overbroad, unduly burdensome, vague, ambiguous (including, but not limited to, the phrase "any other products identified in Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement

Contentions"), unclear, and seeking documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Uniden also objects to the Definition because Plaintiff's proffered definition of the term is contrary to the plain understanding of the term and results in a misleading and incorrect question and answer pair.

17.    Uniden objects to the Definition of "Other Uniden Radar Detector Products" as overbroad, unduly burdensome, vague, ambiguous, unclear, and seeking documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Uniden also objects to the Definition because Plaintiff's proffered definition of the term is contrary to the plain understanding of the term and results in a misleading and incorrect question and answer pair.

18.    Uniden objects to the Definition of "'038 Asserted Claims" as overbroad, unduly burdensome, vague, ambiguous (including, but not limited to, the phrase "any additional claims of the '038 patent identified in Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions"), unclear, and seeking documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Uniden also objects to the Definition because Plaintiff's proffered definitions of the terms are contrary to the plain understanding of the terms and result in a misleading and/or incorrect question and answer pair.

19.    Uniden objects to the Definition of "'653 Asserted Claims" as overbroad, unduly burdensome, vague, ambiguous (including, but not limited to, the phrase "any additional claims of the '653 patent identified in Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions"), unclear, and seeking documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Uniden also objects to the

Definition because Plaintiff's proffered definitions of the terms are contrary to the plain

understanding of the terms and result in a misleading and/or incorrect question and answer pair.

20.     Uniden objects to the Definition of "'679 Asserted Claims" as overbroad, unduly

burdensome, vague, ambiguous (including, but not limited to, the phrase "any additional claims

of the '679 patent identified in Plaintiff's Disclosure of Asserted Claims and Preliminary

Infringement Contentions"), unclear, and seeking documents that are neither relevant to any

party's claim or defense, nor proportional to the needs of the case. Uniden also objects to the

Definition because Plaintiff's proffered definitions of the terms are contrary to the plain

understanding of the terms and result in a misleading and/or incorrect question and answer pair.

21.     Uniden objects to the Definition of "identify" or any variants thereof, as

overbroad, unduly burdensome, vague, ambiguous, and unclear. Uniden also objects to the

Definition to the extent Plaintiff seeks more information than is required to identify a particular

individual, information, or document. For documents, Uniden objects to the Definition to the

extent Plaintiff seeks any information beyond the Bates number. Uniden further objects to the

Definition to the extent it seeks privileged information, attorney work product, or information

not kept by Uniden in the ordinary course of business. Uniden also objects to the Definition

because Plaintiff's proffered definition of the terms is contrary to the plain understanding of the

terms and results in a misleading and/or incorrect question and answer pair.

22.     Uniden objects to the Definition of "person" as overbroad, unduly burdensome,

vague, ambiguous (including, but not limited to, the phrase "both natural persons and to

corporate and other business, governmental, or organizational entities, and the acts of a person

are defined to include the acts of directors, officers, owners, members, employees, agents or

attorneys acting on the person's behalf"), unclear, and seeking information that is neither

relevant to the claims or defenses of any party to this action, nor reasonably calculated to lead to the discovery of admissible evidence. Uniden also objects to the Definition because Plaintiff's proffered definition of the term is contrary to the plain understanding of the term and results in a misleading and incorrect question and answer pair.

23.    Uniden objects to each request to the extent it seeks documents or information from before December 18, 2011 – six years prior to the filing of the Complaint—and after the expiration of the Asserted Patents. For purposes of Uniden's responses herein, the "Relevant Time Period" is from six years prior to the filing of the Complaint until the expiration of U.S. Patent Nos. RE39,038 and RE40,653.

24.    Uniden objects to the Instructions to the extent they seek to impose a burden and/or duty to provide additional details or particularities regarding the nature, designation, or source(s) of documents provided by Uniden in a manner that is overbroad, unduly burdensome, vague, ambiguous, seeking documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case, or beyond the scope of the Federal Rules of Civil Procedure or any applicable local rules. Uniden will comply only with the requisites of the Federal Rules of Civil Procedure and any applicable local rules.

25.    Uniden objects to the Instructions to the extent they seek to impose a burden and/or duty to provide financial data in a manner inconsistent with Uniden's ordinary course of business or beyond the scope of the Federal Rules of Civil Procedure or any applicable local rules. Uniden will comply only with the requisites of the Federal Rules of Civil Procedure and any applicable local rules.

## SPECIFIC RESPONSES AND OBJECTIONS

Uniden incorporates by reference the General Objections set forth above into the Specific

Responses set forth below; Uniden may repeat an objection for emphasis or some other reason.

The failure to repeat any General Objection does not waive such objection to the Requests.

## REQUEST NO. 23:

Summary sales records of the Accused Products and Other Uniden Radar Detector
Products from 2010 to present, including information by month/quarter/year, broken out by
customer/industry/geography.

## RESPONSE TO REQUEST NO. 23:

In addition to Uniden's General Objections, Uniden also objects to Request No. 23 as

overbroad, unduly burdensome, and disproportional to the needs of the case. Uniden further

objects to the request to the extent it is not limited to the Relevant Time Period. Uniden also

objects to this request to the extent that it seeks confidential third-party information, documents,

and/or communications that Uniden does not have permission to disclose. Uniden further objects

to this request to the extent it purports to require Uniden to prematurely gather, marshal and

present all of the available proof it intends to offer at trial. Uniden further objects to this request

to the extent it seeks documents protected by the attorney-client privilege, the work product

doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including

without limitation settlement privileges. Uniden further objects to this request to the extent it

seeks information not kept by Uniden in the ordinary course of business. Uniden further objects

to this request because Plaintiff's definitions of "Accused Products" and "Other Uniden Radar

Detector Products" are vague, overbroad, and incomplete.

To the extent that Uniden understands Request No. 23, subject to and without waiving the

foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement and amend its response based on additional information obtained through discovery or other means and as appropriate in response to the Court's legal determination of issues.

**REQUEST NO. 24:**

Documents and things sufficient to show average selling prices of the Accused Products and Other Uniden Radar Detector Products by month/quarter/year, broken out by customer/industry/geography.

**RESPONSE TO REQUEST NO. 24:**

In addition to Uniden's General Objections, Uniden also objects to Request No. 24 because it uses unlimited, undefined, subjective, and open-ended terms and phrases such as "sufficient to show." Uniden also objects to this request as overbroad, unduly burdensome, and disproportional to the needs of the case. Uniden further objects to the request to the extent it is not limited to the Relevant Time Period. Uniden also objects to this request to the extent that it seeks confidential third-party information, documents, and/or communications that Uniden does not have permission to disclose. Uniden further objects to this request to the extent it purports to require Uniden to prematurely gather, marshal and present all of the available proof it intends to offer at trial. Uniden further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Uniden further objects to this request to the extent it seeks information not kept by Uniden in the ordinary course of business. Uniden further objects to this request because Plaintiff's definitions of "Accused Products" and "Other Uniden Radar Detector Products" are vague, overbroad, and incomplete.

To the extent that Uniden understands Request No. 24, subject to and without waiving the foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement and amend its response based on additional information obtained through discovery or other means and as appropriate in response to the Court's legal determination of issues.

**REQUEST NO. 25:**

All documents and things referring or relating to gross revenues associated with the Accused Products and Other Uniden Radar Detector Products.

**RESPONSE TO REQUEST NO. 25:**

In addition to Uniden's General Objections, Uniden also objects to Request No. 25 to the extent it requires Uniden to produce or identify "All documents and things" on the grounds that such requests are overbroad, unduly burdensome, and disproportional to the needs of the case. Uniden also objects to this request because it uses unlimited, undefined, subjective, and open-ended terms and phrases such as "referring or relating to." Uniden further objects to the request to the extent it is not limited to the Relevant Time Period. Uniden also objects to this request to the extent that it seeks confidential third-party information, documents, and/or communications that Uniden does not have permission to disclose. Uniden further objects to this request to the extent it purports to require Uniden to prematurely gather, marshal and present all of the available proof it intends to offer at trial. Uniden further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Uniden further objects to this request to the extent it seeks information not

kept by Uniden in the ordinary course of business. Uniden further objects to this request because

Plaintiff's definitions of "Accused Products" and "Other Uniden Radar Detector Products" are

vague, overbroad, and incomplete.

To the extent that Uniden understands Request No. 25, subject to and without waiving the

foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the

extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement

and amend its response based on additional information obtained through discovery or other

means and as appropriate in response to the Court's legal determination of issues.

## REQUEST NO. 26:

All documents and things referring or relating to net revenues (i.e., gross revenues minus
any discounts, rebates, etc.) associated with the Accused Products and Other Uniden Radar
Detector Products.

## RESPONSE TO REQUEST NO. 26:

In addition to Uniden's General Objections, Uniden also objects to Request No. 26 to the

extent it requires Uniden to produce or identify "All documents and things" on the grounds that

such requests are overbroad, unduly burdensome, and disproportional to the needs of the case.

Uniden also objects to this request because it uses unlimited, undefined, subjective, and open-

ended terms and phrases such as "referring or relating to." Uniden further objects to the request

to the extent it is not limited to the Relevant Time Period. Uniden also objects to this request to

the extent that it seeks confidential third-party information, documents, and/or communications

that Uniden does not have permission to disclose. Uniden further objects to this request to the

extent it purports to require Uniden to prematurely gather, marshal and present all of the

available proof it intends to offer at trial. Uniden further objects to this request to the extent it

seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Uniden further objects to this request to the extent it seeks information not kept by Uniden in the ordinary course of business. Uniden further objects to this request because Plaintiff's definitions of "Accused Products" and "Other Uniden Radar Detector Products" are vague, overbroad, and incomplete.

To the extent that Uniden understands Request No. 26, subject to and without waiving the foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement and amend its response based on additional information obtained through discovery or other means and as appropriate in response to the Court's legal determination of issues.

**REQUEST NO. 27:**

Monthly, quarterly, and annual accounting or financial statements prepared by management which detail the following cost components of the Accused Products by month/quarter/year, broken out by customer/industry/geography: cost of goods sold and other manufacturing costs, and/or all operating expenses attributable to the Accused Products. Cost of goods sold and other manufacturing costs include but are not limited to: bills of material showing standard costs for each of the Accused Products; direct labor; raw materials; overhead (with breakdown of fixed and variable overhead); or any variances to standard costs. Operating expenses attributable to the Accused Products include but are not limited to: sales and marketing; general and administrative; research and development; finance and administration; or manufacturing.

**RESPONSE TO REQUEST NO. 27:**

In addition to Uniden's General Objections, Uniden also objects to Request No. 27 as overbroad, unduly burdensome, and disproportional to the needs of the case. Uniden further objects to the request to the extent it is not limited to the Relevant Time Period. Uniden also

objects to this request to the extent that it seeks confidential third-party information, documents, and/or communications that Uniden does not have permission to disclose. Uniden further objects to this request to the extent it purports to require Uniden to prematurely gather, marshal and present all of the available proof it intends to offer at trial. Uniden further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Uniden further objects to this request to the extent it seeks information not kept by Uniden in the ordinary course of business. Uniden further objects to this request because Plaintiff's definition of "Accused Products" is vague, overbroad, and incomplete.

To the extent that Uniden understands Request No. 27, subject to and without waiving the foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement and amend its response based on additional information obtained through discovery or other means and as appropriate in response to the Court's legal determination of issues.

**REQUEST NO. 28:**

Profit and Loss Statements specific to U.S. sales of the Accused Products from 2010 through the present.

**RESPONSE TO REQUEST NO. 28:**

In addition to Uniden's General Objections, Uniden also objects to Request No. 28 as overbroad, unduly burdensome, and disproportional to the needs of the case. Uniden further objects to the request to the extent it is not limited to the Relevant Time Period. Uniden also

objects to this request to the extent that it seeks confidential third-party information, documents, and/or communications that Uniden does not have permission to disclose. Uniden further objects to this request to the extent it purports to require Uniden to prematurely gather, marshal and present all of the available proof it intends to offer at trial. Uniden further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Uniden further objects to this request to the extent it seeks information not kept by Uniden in the ordinary course of business. Uniden further objects to this request because Plaintiff's definition of "Accused Products" is vague, overbroad, and incomplete.

To the extent that Uniden understands Request No. 28, subject to and without waiving the foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement and amend its response based on additional information obtained through discovery or other means and as appropriate in response to the Court's legal determination of issues.

## REQUEST NO. 29:

All documents and things relating to the pricing of the Accused Products, including but not limited to: target profit margins when setting prices; pricing analyses by customer/industry/geography; competitive pricing analyses; and prices per unit.

## RESPONSE TO REQUEST NO. 29:

In addition to Uniden's General Objections, Uniden also objects to Request No. 29 to the extent it requires Uniden to produce or identify "All documents and things" on the grounds that such requests are overbroad, unduly burdensome, and disproportional to the needs of the case.

Uniden also objects to this request because it uses unlimited, undefined, subjective, and open-ended terms and phrases such as "relating to" and "including but not limited to." Uniden further objects to the request to the extent it is not limited to the Relevant Time Period. Uniden also objects to this request to the extent that it seeks confidential third-party information, documents, and/or communications that Uniden does not have permission to disclose. Uniden further objects to this request to the extent it purports to require Uniden to prematurely gather, marshal and present all of the available proof it intends to offer at trial. Uniden further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Uniden further objects to this request to the extent it seeks information not kept by Uniden in the ordinary course of business. Uniden further objects to this request because Plaintiff's definition of "Accused Products" is vague, overbroad, and incomplete.

To the extent that Uniden understands Request No. 29, subject to and without waiving the foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement and amend its response based on additional information obtained through discovery or other means and as appropriate in response to the Court's legal determination of issues.

**<u>REQUEST NO. 30:</u>**

All business plans for the Accused Products and Other Uniden Radar Detector Products, including

a. Product descriptions;

b. Pricing policies;

c. Production plans;

d. Channels of distribution;

e.  Estimates or forecasts of demand for the Accused Products and Other Uniden Radar Detector Products;

f. Estimates of market share and potential market penetration;

g. Projected sales revenue (gross and net);

h. Cost analyses;

i. Projected profitability;

j.  Manufacturing budgets; and

k. Pro Forma financial statements (income statement, balance sheet, statement of cash flows).

## RESPONSE TO REQUEST NO. 30:

In addition to Uniden's General Objections, Uniden also objects to Request No. 30 to the extent it requires Uniden to produce or identify "All business plans" on the grounds that such requests are overbroad, unduly burdensome, and disproportional to the needs of the case. Uniden also objects to this request to the extent it uses unlimited, undefined, subjective, and open-ended terms and phrases. Uniden further objects to the request to the extent it is not limited to the Relevant Time Period. Uniden also objects to this request to the extent that it seeks confidential third-party information, documents, and/or communications that Uniden does not have permission to disclose. Uniden further objects to this request to the extent it purports to require Uniden to prematurely gather, marshal and present all of the available proof it intends to offer at trial. Uniden further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Uniden further

objects to this request to the extent it seeks information not kept by Uniden in the ordinary course of business. Uniden further objects to this request because Plaintiff's definitions of "Accused Products" and "Other Uniden Radar Detector Products" are vague, overbroad, and incomplete.

To the extent that Uniden understands Request No. 30, subject to and without waiving the foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement and amend its response based on additional information obtained through discovery or other means and as appropriate in response to the Court's legal determination of issues.

**REQUEST NO. 31:**

Sales materials related to sales plans and strategies for the Accused Products and Other Uniden Radar Detector Products, including:

a. Sales catalogs and brochures;

b. Sales training materials;

c. Bid proposals won or lost, including expected probabilities of success and any notes on bid outcome;

d. Salespeople's reports;

e. Studies regarding customer buying decisions and purchasing motivation;

f. Customer feedback, customer surveys, and customer reviews; and

g. Press releases.

**RESPONSE TO REQUEST NO. 31:**

In addition to Uniden's General Objections, Uniden also objects to Request No. 31 as overbroad, unduly burdensome, and disproportional to the needs of the case. Uniden also objects to this request because it uses unlimited, undefined, subjective, and open-ended terms and phrases such as "related to." Uniden further objects to the request to the extent it is not limited to the Relevant Time Period. Uniden also objects to this request to the extent that it seeks confidential third-party information, documents, and/or communications that Uniden does not have permission to disclose. Uniden further objects to this request to the extent it purports to require Uniden to prematurely gather, marshal and present all of the available proof it intends to offer at trial. Uniden further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Uniden further objects to this request to the extent it seeks information not kept by Uniden in the ordinary course of business. Uniden further objects to this request because Plaintiff's definitions of "Accused Products" and "Other Uniden Radar Detector Products" are vague, overbroad, and incomplete.

To the extent that Uniden understands Request No. 31, subject to and without waiving the foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement and amend its response based on additional information obtained through discovery or other means and as appropriate in response to the Court's legal determination of issues.

**REQUEST NO. 32:**

Uniden's marketing strategy for the Accused Products and Other Uniden Radar Detector Products, including:

a. Target markets (customers, accounts or contracts);

b. Contract analyses;

c. Product descriptions;

d. Marketing plans;

e. Competitor analysis;

f. Projected market penetration and segmentation;

g. Projected prices/scenario;

h. Market surveys; and

i. Internal, external, and/or commissioned studies concerning the importance of specific features of the Accused Products (industry analyses, economic analyses, marketing analyses, etc.).

**RESPONSE TO REQUEST NO. 32:**

In addition to Uniden's General Objections, Uniden also objects to Request No. 32 as overbroad, unduly burdensome, and disproportional to the needs of the case. Uniden further objects to the request to the extent it is not limited to the Relevant Time Period. Uniden also objects to this request to the extent that it seeks confidential third-party information, documents, and/or communications that Uniden does not have permission to disclose. Uniden further objects to this request to the extent it purports to require Uniden to prematurely gather, marshal and present all of the available proof it intends to offer at trial. Uniden further objects to this request to the extent it seeks information not kept by Uniden in the ordinary course of business. Uniden further objects to this request to the extent it seeks documents protected by the attorney-client

privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity

from disclosure, including without limitation settlement privileges. Uniden further objects to this

request because Plaintiff's definitions of "Accused Products" and "Other Uniden Radar Detector

Products" are vague, overbroad, and incomplete.

To the extent that Uniden understands Request No. 32, subject to and without waiving the

foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the

extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement

and amend its response based on additional information obtained through discovery or other

means and as appropriate in response to the Court's legal determination of issues.

## REQUEST NO. 33:

Research and development budgets and plans concerning the Accused Products and

Other Uniden Radar Detector Products, including but not limited to:

   a. Cost of developing the Accused Products;

   b. Any documents relating to potential design around possibilities of the Patents-in-Suit,
      if any;

   c. Considerations of features to include in the Accused Products and/or Other Uniden
      Radar Detector Products;

   d. Competitive benchmarking or other analyses;

   e. Research and development budget(s); and

   f. Research timetable(s).

## RESPONSE TO REQUEST NO. 33:

In addition to Uniden's General Objections, Uniden also objects to Request No. 33 as

overbroad, unduly burdensome, and disproportional to the needs of the case. Uniden also objects

to this request because it uses unlimited, undefined, subjective, and open-ended terms and phrases such as "concerning." Uniden further objects to the request to the extent it is not limited to the Relevant Time Period. Uniden also objects to this request to the extent that it seeks confidential third-party information, documents, and/or communications that Uniden does not have permission to disclose. Uniden further objects to this request to the extent it purports to require Uniden to prematurely gather, marshal and present all of the available proof it intends to offer at trial. Uniden further objects to this request to the extent it seeks information not kept by Uniden in the ordinary course of business. Uniden further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Uniden further objects to this request because Plaintiff's definitions of "Accused Products" and "Other Uniden Radar Detector Products" are vague, overbroad, and incomplete.

To the extent that Uniden understands Request No. 33, subject to and without waiving the foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement and amend its response based on additional information obtained through discovery or other means and as appropriate in response to the Court's legal determination of issues.

## REQUEST NO. 34:

Documents and things sufficient to evidence Uniden's corporate profitability analysis, including:

a. Complete corporate Profit and Loss statement from 2010 through the present, reported

monthly, quarterly or annually segmented by geographical area or sale; and

b. Any margin or profitability analysis on a corporate level.

**RESPONSE TO REQUEST NO. 34:**

In addition to Uniden's General Objections, Uniden also objects to Request No. 34 as overbroad, unduly burdensome, and disproportional to the needs of the case. Uniden also objects to this request because it uses unlimited, undefined, subjective, and open-ended terms and phrases such as "sufficient to evidence." Uniden further objects to the request to the extent it is not limited to the Relevant Time Period. Uniden also objects to this request to the extent that it seeks confidential third-party information, documents, and/or communications that Uniden does not have permission to disclose. Uniden further objects to this request to the extent it purports to require Uniden to prematurely gather, marshal and present all of the available proof it intends to offer at trial. Uniden further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Uniden further objects to this request to the extent it seeks information not kept by Uniden in the ordinary course of business.

To the extent that Uniden understands Request No. 34, subject to and without waiving the foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement and amend its response based on additional information obtained through discovery or other means and as appropriate in response to the Court's legal determination of issues.

**REQUEST NO. 35:**

All of Uniden's patent or technology license agreements referring or relating to radar detector technology.

**RESPONSE TO REQUEST NO. 35:**

In addition to Uniden's General Objections, Uniden also objects to Request No. 35 because it uses unlimited, undefined, subjective, and open-ended terms and phrases that are vague, ambiguous, overbroad, or unduly burdensome, such as "all" and "referring or relating to." Uniden further objects to the request to the extent it is not limited to the Relevant Time Period. Uniden also objects to this request to the extent that it seeks confidential third-party information, documents, and/or communications that Uniden does not have permission to disclose. Uniden further objects to this request to the extent it purports to require Uniden to prematurely gather, marshal and present all of the available proof it intends to offer at trial. Uniden further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Uniden further objects to this request to the extent it seeks information not kept by Uniden in the ordinary course of business.

To the extent that Uniden understands Request No. 35, subject to and without waiving the foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement and amend its response based on additional information obtained through discovery or other means and as appropriate in response to the Court's legal determination of issues.

## REQUEST NO. 36:

All documents and things evidencing Uniden's patent/technology licensing activity concerning radar detector technology (whether acting as a licensor or licensee), including but not limited to:

    a. Lump sum payments by product for each licensee/licensor;

    b. Royalty reports by product for each licensor/licensee;

    c. Documents related to any attempts by Uniden to license in or out radar detector technology; and

    d. Documents related to any attempts by Uniden to license its patents concerning radar detector technology to other companies.

## RESPONSE TO REQUEST NO. 36:

In addition to Uniden's General Objections, Uniden also objects to Request No. 36 to the extent it requires Uniden to produce or identify "All documents and things" on the grounds that such requests are overbroad, unduly burdensome, and disproportional to the needs of the case. Uniden also objects to this request because it uses unlimited, undefined, subjective, and open-ended terms and phrases such as "radar detector technology," "including but not limited to," "evidencing," and "concerning." Uniden further objects to the request to the extent it is not limited to the Relevant Time Period. Uniden also objects to this request to the extent that it seeks confidential third-party information, documents, and/or communications that Uniden does not have permission to disclose. Uniden further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Uniden further objects to this request to the extent it purports to require

Uniden to prematurely gather, marshal and present all of the available proof it intends to offer at trial. Uniden further objects to this request to the extent it seeks information not kept by Uniden in the ordinary course of business.

To the extent that Uniden understands Request No. 36, subject to and without waiving the foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement and amend its response based on additional information obtained through discovery or other means and as appropriate in response to the Court's legal determination of issues.

## REQUEST NO. 37:

All documents and things related to other asset or corporate acquisitions for radar detector technology, including:

    a. All book entries and valuations related intellectual property transactions, business plans and business proposals; and

    b. Any additional non-privileged communications related to intellectual property acquisitions.

## RESPONSE TO REQUEST NO. 37:

In addition to Uniden's General Objections, Uniden also objects to Request No. 37 to the extent it requires Uniden to produce or identify "All documents and things" on the grounds that such requests are overbroad, unduly burdensome, and disproportional to the needs of the case. Uniden also objects to this request because it uses unlimited, undefined, subjective, and open-ended terms and phrases such as "radar detector technology," "related to," "any," and "all." Uniden further objects to the request to the extent it is not limited to the Relevant Time Period. Uniden also objects to this request to the extent that it seeks confidential third-party information,

documents, and/or communications that Uniden does not have permission to disclose. Uniden further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, or immunity from disclosure, including without limitation settlement privileges. Uniden further objects to this request to the extent it purports to require Uniden to prematurely gather, marshal and present all of the available proof it intends to offer at trial. Uniden further objects to this request to the extent it seeks information not kept by Uniden in the ordinary course of business.

To the extent that Uniden understands Request No. 37, subject to and without waiving the foregoing Objections, Uniden responds as follows:

Uniden has produced and/or will produce responsive, non-privileged documents, to the extent any exist, responsive to this request.

Uniden's investigation is ongoing, and Uniden therefore reserves the right to supplement and amend its response based on additional information obtained through discovery or other means and as appropriate in response to the Court's legal determination of issues.

Dated:  September 20, 2019                              Respectfully submitted,

                                                **FISH & RICHARDSON P.C.**


                                        By:  */s/ David B. Conrad*
                                             Neil J. McNabnay
                                             mcnabnay@fr.com
                                             Texas Bar No. 24002583
                                             David B. Conrad
                                             conrad@fr.com
                                             Texas Bar No. 24049042
                                             Theresa M. Dawson
                                             tdawson@fr.com
                                             Texas Bar No. 24065128
                                             Michael R. Ellis
                                             ellis@fr.com
                                             Texas Bar No. 24102726

                                             1717 Main Street, Suite 5000
                                             Dallas, Texas  75201
                                             (214) 747-5070 - Telephone
                                             (214) 747-2091 - Facsimile

                                        **COUNSEL FOR DEFENDANT**
                                        **UNIDEN AMERICA CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 20, 2019, to all counsel of record who are deemed to have consented to electronic service.


*/s/ David B. Conrad*
David B. Conrad