# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ESCORT INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>UNIDEN AMERICA CORPORATION,<br><br>*Defendant*. | CIVIL ACTION NO.: 3:18-cv-00161-N |

## UNIDEN'S UNOPPOSED MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

Pursuant to Local Patent Rule 3-7(b)[1], Defendant Uniden American Corporation ("Uniden"), hereby respectfully submits this unopposed motion for leave to amend Defendant's L.P.R. 3-3 Invalidity Contentions to include the supplements attached hereto as Exhibit A and B. In particular, Uniden seeks leave to amend its invalidity contentions so as to supplement the invalidity charts relating to Orr's Prior Invention with information learned during discovery. Plaintiff Escort, Inc. ("Escort") does not oppose this Motion.

## I. BACKGROUND

On August 3, 2018, Uniden served its invalidity contentions as required by L.P.R. 3-3 and 3-4. *See* Dkt. No. 30. Among other things, Uniden's invalidity contentions included charts of Mr. Steven Orr's GPS-enabled radar detector prototype that was conceived in 1988 and reduced to practice in 1996 ("Orr's Prior Invention"). Uniden's initial invalidity contentions relating to Orr's Prior Invention were charted against the asserted RE39,038 and RE40,653 patents (the "Fleming Patents") and reflected the extent of Uniden's knowledge at the time.

During the course of fact discovery, however, Uniden greatly increased its knowledge and understanding of Orr's Prior Invention. For example, Uniden learned additional details pertinent to the scope of Orr's Prior Invention during the depositions of Mr. Steven Orr (October 18, 2019), Mr. Thomas Humphrey (October 30, 2019), Mr. Hoyt

---

[1] *See* Second Amended Miscellaneous Order No. 62 (September 12, 2019), hereinafter "L.P.R.".

Fleming (November 6, 2019), and Mr. John Kuhn (November 19, 2019). Uniden also learned additional information during an inspection of some of the original equipment comprising Orr's Prior Invention (November 12, 2019). Uniden's knowledge and understanding of Orr's Prior Invention was further supplemented with the service of Escort's Supplemental Response to Uniden's Interrogatory No. 5 (October 29, 2019) as well as Escort's Response to Uniden's Interrogatory No. 21 (November 24, 2019).

As a result of these and other disclosures during the course of discovery, Uniden diligently reviewed and updated its invalidity charts relating to Orr's Prior Invention. Uniden completed its supplementation of the invalidity charts relating to Orr's Prior Invention as reflected in Exhibits A and B on December 12, 2019. That same day, Uniden provided Escort's counsel with copies of the updated invalidity charts via email, requesting Escort's position regarding leave to amend. Upon Escort's request, Uniden provided Escort's counsel with red-lined versions of the supplemental charts as compared to the originals as well as a statement of good cause for amendment on December 16, 2019. On December 19, 2019, Escort's counsel confirmed via email that they did not oppose amendment.

## II.  ARGUMENT

Amendments or supplements to invalidity contentions are permitted "upon a showing of good cause." L.P.R. 3-7(b). The Court has broad discretion to determine good cause and typically considers four factors: (1) the explanation for not including the additional material in the initial invalidity contentions; (2) the importance of the additional material; (3) the potential prejudice in allowing the additional material; and

(4) whether the potential prejudice (if any exists) may be cured through a continuance of other deadlines. As explained below, all four factors weigh in favor of allowing Uniden to amend its invalidity contentions per the attached supplemental charts. *Mobile Telecomms., Techs., LLC v. Blackberry Corp.*, No. 3:12-CV-1652-M, 2015 WL 12698061, at *1 (N.D. Tex. May 19, 2015).

Regarding the *first factor*, as detailed above, Uniden's initial invalidity charts relating to Orr's Prior Invention reflected its knowledge of Orr's Prior Invention at the time of service in August 2018. During the course of discovery, however, Uniden diligently supplemented its knowledge of Orr's Prior Invention. This was a significant undertaking because, as illustrated in Exhibits A and B, Orr's Prior Invention is not encapsulated in a single document and the original prototype device no longer exists, but rather it is dispersed over a large array of patents, patent applications, post grant proceedings, publications, current and prior deposition and trial testimony, and related exhibits. Uniden's diligence in compiling this disparate information is reflected by the fact that it provided Escort's counsel with copies of the supplemented charts on December 12, 2019—one day prior to the close of fact discovery on December 13, 2019.

Regarding the *second factor*, Uniden's proposed supplementation to the Orr' Prior Invention invalidity charts are important to this case because they further show the scope of Orr' Prior Invention and provide further notice to Escort of the same. The proposed amendments support Uniden's contention that one of skill in the art would have deemed the alleged inventions of the Fleming Patents obvious in light of Orr's

Prior Invention. Uniden will suffer prejudice if it is not allowed to present the full scope of Orr's Prior Invention to the Court to prove invalidity.

Regarding the *third and fourth factors*, Uniden's proposed supplementation to the Orr' Prior Invention invalidity charts do not prejudice Escort or require a continuance as Escort has indicated it does not oppose supplementation. More generally, Uniden's supplementation does not prejudice Escort as it merely reflects information already known to and in the possession of Escort, contains no new grounds for invalidity, and asserts no new invalidating references or obviousness combinations.

## III.  CONCLUSION

For the reasons stated above, Uniden has shown the requisite good cause necessary to amend its invalidity contentions and respectfully requests that the Court grant its unopposed motion for leave to amend.

Dated: December 31, 2019 Respectfully submitted,

By: */s/ David B. Conrad*
Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
David B. Conrad
conrad@fr.com
Texas Bar No. 24049042
Theresa M. Dawson
tdawson@fr.com
Texas Bar No. 24065128
Michael R. Ellis
Texas Bar No. 24102726

FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT
UNIDEN AMERICA CORPORATION**

## CERTIFICATE OF CONFERENCE UNDER L.R. 7.1(b)

Pursuant to Local Rule 7.1(b), I hereby certify that I have conferred with Timothy Grochocinski, counsel for Plaintiff Escort, and he indicated that Escort is not opposed to the relief requested by this Motion.

*/s/ Michael R. Ellis*
Michael R. Ellis

## CERTIFICATE OF SERVICE

I hereby certify that this document has been served upon all counsel of record by means of the Court's ECF system, on this day, December 31, 2019.

*/s/ David B. Conrad*
David B. Conrad