## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **ESCORT INC.,** | |
| Plaintiff, | |
| v. | Case No. 3:18-cv-161-N |
| **UNIDEN AMERICA CORPORATION,** | |
| Defendant. | |

## PLAINTIFF ESCORT INC.'S MOTION TO ENFORCE COMPLIANCE WITH *O2 MICRO* AND TO RESOLVE CLAIM CONSTRUCTION DISPUTES THAT DEFENDANT INTENDS TO ARGUE TO THE JURY

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ………………………………………………………..   1

II.   FACTUAL BACKGROUND …………………………………………….   2

III.  ARGUMENT ……………………………………………………………..   4

    A.   Uniden Has Waived Its Right to Now Seek Claim Construction …………..   4

    B.   The Issue of Claim Construction Must Be Decided by the Court, Not the
Jury, and Uniden's Proposed Special Constructions Must Be Rejected ……   5

        1.   Uniden's Argument for a Special Construction of "coupled to" Should
be Rejected ………………………………………………………….   7

        2.   Uniden's Argument for a Special Construction of "a microprocessor" /
"a processor" Should be Rejected ………….…………………………   9

        3.   Uniden's Argument for a Special Construction of "data that indicates
the position of the radar detector" / "the position of the radar detector"
Should be Rejected …………………………………………………….   10

        4.   Uniden's Argument for a Special Construction of "alert" Should be
Rejected ….………………………………………………………….   11

        5.   Uniden's Argument for a Special Construction of "data that indicates
the heading" Should be Rejected …………..……………………….   12

IV.   CONCLUSION ………………………………………………………...   13

i

## **TABLE OF AUTHORITIES**

**Cases**                                                                                     **Page(s)**

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
    239 F.3d 1343 (Fed. Cir. 2001) ………………………………………   8

*CytoLogix Corp. v. Ventana Med. Sys., Inc.*,
    424 F.3d 1168 (Fed. Cir. 2005) ………………………………………   5

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
    No. 2:15-cv-000011-RSP, 2017 WL 5137401 (E.D. Tex. Nov. 14, 2017) …..   4

*Fortel Corp. v. Phone-Mate, Inc.*,
    846 F.2d 78 (Fed. Cir. 1988) …………………………………………   9

*Harris Corp. v. Ixys Corp.*,
    114 F.3d 1149 (Fed. Cir. 1997) ………………………………………   5

*Hill-Rom Servs. v. Stryker Corp.*,
    755 F.3d 1367 (Fed. Cir. 2014) ………………………………………   *passim*

*Inverness Med. Switzerland GmbH v. Warner Lambert Co.*,
    309 F.3d 1373 (Fed. Cir. 2002) ………………………………………   6

*Laitram Corp v. Cambridge Wire Cloth Co.*,
    863 F.2d 855 (Fed. Cir. 1988) ………………………………………..   5, 8

*Liebel-Flarsheim Co. v. Medrad, Inc.*,
    358 F.3d 898 (Fed. Cir. 2004) ………………………………………..   6

*Mannatech, Inc. v. Techmedia Health, Inc.*,
    No. 3:06-cv-00813-P, 2009 WL 3614359 (N.D. Tex. Oct. 29, 2009) ………..   7

*Markman v. Westview Instruments, Inc.*,
    517 U.S. 370 (1996) …………………………………………………..   1, 5

*Music Choice v. Stingray Digital Group Inc.*,
    No. 2:16-cv-00586-JRG-RSP, 2019 WL 8110069 (E.D. Tex. Nov. 19, 2019)   1, 4

*NTP, Inc. v. Research in Motion, Ltd.*,
    418 F.3d 1282 (Fed. Cir. 2005) ………………………………………   7

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
    521 F.3d 1351 (Fed. Cir. 2008) ………………………………………   1, 5

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) (en banc) …………………………………… 5

*Rehco v. Spin Master, Ltd.*,
    759 Fed. Appx. 944 (Fed. Cir. 2019) ……………………………………… 9, 10,
    11

*Saunders Group, Inc. v. Comfortrac, Inc.*,
    492 F.3d 1326 (Fed. Cir. 2007) …………………………………………… 6

*Teleflex, Inc. v. Ficosa N. Am. Corp.*,
    299 F.3d 1313 (Fed. Cir. 2002) …………………………………………… 6

*U.S. Surgical Corp. v. Ethicon, Inc.*,
    103 F.3d 1554 (Fed. Cir. 1997) …………………………………………… 5, 9

## I.       INTRODUCTION

Escort files this motion requesting the Court to order Uniden America Corporation ("Uniden") to comply with *O2 Micro* at trial and not argue claim construction before the jury. Escort also requests that the Court resolve the underlying claim construction disputes that Uniden has manufactured through its experts.

As a threshold matter, Uniden has waived its rights to now seek special claim constructions for terms that were, or could have been, presented to the Court for construction during the claim construction phase of this case. *See Music Choice v. Stingray Digital Group Inc.,* No. 2:16-cv-00586-JRG-RSP, 2019 WL 8110069, at *3 (E.D. Tex. Nov. 19, 2019). However, to the extent the Court is inclined to permit Uniden to reargue claim construction, this must be done to the Court, not the jury.

"When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008).  All noninfringement arguments must be grounded in the claims and the Court's constructions.  A defendant cannot manufacture a noninfringement argument based on a construction that it did not secure in *Markman*, nor can a defendant circumvent *O2 Micro* simply by recasting a claim construction argument as a noninfringement argument.  Yet this is precisely what Uniden is attempting to do.

Specifically, Uniden plans to have its technical expert, Dr. Goldberg, assign special constructions for the following terms:

- "coupled to"

- "a microprocessor" / "a processor"

- "data that indicates the position of the radar detector" / "the position of the radar detector" / "data that includes"

- "an alert"

- "data that indicates the heading"

Uniden does this as if experts are given free rein to usurp the Court's role in construing terms that were not presented for construction.  It would be reversible error to allow this.

The issue cannot be fixed merely by striking an expert.  Nor can this issue be fixed by a motion in *limine* (which are typically granted without prejudice) or by cross-examination.  This issue can only be addressed by: (1) prohibiting the parties and their witnesses from arguing for special claim constructions at trial; and (2) conducting additional claim construction proceedings pretrial to resolve the claim construction issues manufactured by Uniden.  Plainly, the parties should not be left to duke out a claim construction dispute before the jury.

## II.      FACTUAL BACKGROUND

Escort accuses Uniden of infringing claims 39, 49, and 50 of U.S. Patent No. RE39,038 ("the '038 patent") and claims 43, 44, and 47 of U.S. Patent No. RE40,653 ("the '653 patent") (collectively "the patents-in-suit").  On May 23, 2019, the Court issued its claim construction order construing certain terms identified by the parties ("Claim Construction Order").  Dkt. 60.

In the Claim Construction Order, the Court construed the term "coupled to," as used in the patents-in-suit, to mean "connected directly or indirectly so that information may be transferred between the devices."  *Id*. at p. 10.  For purposes of creating a non-infringement position, Uniden's expert, Dr. Goldberg, opines that the term "coupled to" should be construed differently than the Court's construction.  App3, n. 4; App8-10, ¶¶ 91-94.  With respect to the remaining terms for which Uniden is attempting to impart special constructions, Uniden never requested that the Court construe them apart from larger phrases presented to the Court for

construction.  This is because Uniden's positions are insupportable and contrary to the intrinsic evidence.

The terms that Uniden now seeks to accord special constructions through Dr. Goldberg, the asserted claims in which they appear, as well as Uniden's improper positions, are summarized in the following table:

| Term (patent / claim(s)) | Dr. Goldberg's Position |
|---|---|
| "coupled to"<br>('038 patent, claims 18, 39) | For purposes of infringement, the Court's construction of "coupled to" does not apply to claim 18.  In the context of claim 18, a "POSITA would understand that any intermediary circuitry between two circuits that is not operating as a pass-through, and/or functionally modifies the transferred information, would not mean they are not coupled."  App3, n. 4; App8-10, ¶¶ 91-94.[1] |
| "a microprocessor" / "a processor"<br>('038 patent, claims 18, 39, 45, 49, 50)<br>('653 patent, claim 38) | The claimed "microprocessor" must be a single microprocessor.  App5-6, ¶ 84. |
| "data that indicates the position of the radar detector" / "the position of the radar detector"<br>('038 patent, claims 18, 45) | The claimed "position" must be "the position of the radar detector in three-dimensional space at a given time." App12, ¶ 105. |
| "an alert"<br>('038 patent, claim 45)<br>('653 patent, claims 38, 49, 50) | The claimed "alert" must be all alerts, whether audible or visual.  App16-17, ¶¶ 120-122.<br><br>Further, in claim 47 of the '653 patent, the claimed "muting an alert" means, according to Dr. Goldberg, "performing an act that is unrelated to muting a current alert."  App28-32, ¶¶ 578, 783-85. |
| "data that indicates the heading"<br>('038 patent, claim 30) | The claimed "heading" must be measured in degrees. App18-22, ¶¶ 128-36. |

---

[1] To avoid having to file the exhibits under seal, Escort has only attached relevant portions of the cited expert reports, which do not contain confidential information.  To the extent the Court would like complete copies of the cited expert reports, Escort can file them under seal or otherwise provide them for *in camera* review.

### III.    ARGUMENT

**A.    Uniden Has Waived Its Right to Now Seek Claim Construction.**

Texas courts have held that a "failure to timely raise … claim construction arguments should ordinarily result in waiver of the arguments. *Music Choice,* 2019 WL 8110069, at *3. Courts have denied requests for additional claim construction where a party "could have made … arguments during the claim construction phase of the case but did not …." *Id.* (quoting *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-000011-RSP, 2017 WL 5137401, at *15 (E.D. Tex. Nov. 14, 2017). "[W]here a court has prescribed specific claim construction procedures and the parties have proceeded towards trial in reliance thereon, the court has discretion to preclude parties from injecting new claim construction theories on the eve of trial." *Music Choice*, 2019 WL 8110069, at *3.  The Federal Circuit has upheld district courts' findings of waiver of claim construction arguments in such instances.  *Id.*

In the present case, all of Uniden's newly-proposed special constructions, which were disclosed for the first time in the expert reporting of Uniden's technical expert, Dr. Goldberg, could (and should) have been made during the claim construction process.  In some instances, the Court's Claim Construction Order actually construes the term at issue – *i.e.,* "coupled to." *See* Dkt. 60 (Claim Construction Order), p. 10.  In other instances, the term was part of a larger phrase addressed by the Court in the Claim Construction Order – *e.g.,* "microprocessor," "position," "an alert," and "data that indicates the heading."  *See* Dkt. 36-1 (Joint Claim Construction Chart).  Nevertheless, now that the parties are mere months from trial, Uniden is attempting to reargue claim construction through its expert in an effort to manufacture non-infringement positions.  This is improper. Uniden's arguments are untimely, and the Court

4

should find that Uniden has waived the right to now seek special constructions that it could have, but chose not to, request during claim construction.

**B.    The Issue of Claim Construction Must Be Decided by the Court, Not the Jury, and Uniden's Proposed Special Constructions Must Be Rejected.**

To the extent the Court is inclined to permit Uniden to reargue claim construction, this must be done to the Court, not the jury.  The Supreme Court in *Markman* held that "the construction of a patent, including terms of art within its claim, is exclusively within the province of the court."  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 370 (1996). Parties cannot argue claim construction to the jury, nor can experts opine on claim construction in front of the jury.  *See CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005) ("The risk of confusing the jury is high when experts opine on claim construction before the jury even when, as here, the district court makes it clear to the jury that the district court's claim constructions control.")  Under *O2 Micro*, a jury cannot resolve issues as to the proper scope of a claim.  *See* 521 F.3d at 1360-63.

It is well established that courts are not required to construe every claim term.  *See O2 Micro*, 521 F.3d at 1362-63.  Claim terms generally receive their ordinary and customary meaning, which is the meaning that a person of ordinary skill in the art would have understood the claim term to have as of the time of the invention.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005) (en banc).  "[U]nless compelled to do otherwise, a court will give a claim term the full range of its ordinary meaning as understood by an artisan of ordinary skill." *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed. Cir. 2001).  The Federal Circuit has cautioned courts against positing constructions that "contribute nothing but meaningless verbiage to the definition of the claimed invention."  *Harris Corp. v. Ixys Corp.*, 114 F.3d 1149, 1152 (Fed. Cir. 1997); *see also U.S. Surgical Corp. v. Ethicon, Inc.,* 103 F.3d 1554, 1568 (Fed. Cir.

5

1997) (noting that all terms may not require construction and claim construction is not an obligatory exercise in redundancy).

The Federal Circuit has consistently stated the long-standing principle that it will "depart from the plain and ordinary meaning of claim terms based on the specification in only two instances: lexicography and disavowal." *Hill-Rom Servs. v. Stryker Corp*., 755 F.3d 1367, 1371 (Fed. Cir. 2014).  "The standards for finding lexicography and disavowal are exacting."  *Id*. "'To act as its own lexicographer, a patentee must clearly set forth a definition of the disputed claim term other than its plain and ordinary meaning' and must 'clearly express an intent to redefine the term.'"  *Id*.  Further, "[d]isavowal requires that 'the specification [or prosecution history] make clear that the invention does not include a particular feature' or is clearly limited to a particular form of the invention."  *Id*. at 1372 (internal citation omitted).

The Federal Circuit has also "<u>expressly rejected the contention that if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment</u>."  *Id*. at 1371-1372 (emphasis added).  "Even when the specification describes only a single embodiment, the claims of the patent will not be read restrictively unless the patentee has demonstrated a clear intention to limit the claim scope using 'words or expressions of manifest exclusion or restriction.'"  *Id*.  In other words, the Federal Circuit has repeatedly held that courts may not import limitations from embodiments disclosed in the specification in order to limit or otherwise vary the meaning of the claim language.  *See e.g.,  Saunders Group, Inc. v. Comfortrac, Inc.*, 492 F.3d 1326, 1332-33 (Fed. Cir. 2007); *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 905-06 (Fed. Cir. 2004); *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1327-28 (Fed. Cir. 2002); *Inverness Med. Switzerland GmbH v. Warner Lambert Co*., 309 F.3d 1373, 1379 (Fed. Cir. 2002) ("It is improper to limit the claim based on a preferred

embodiment of the invention.").

**1.    Uniden's argument for a special construction of "coupled to" should be rejected.**

This Court previously construed the term "coupled to," as used in the patents-in-suit, to mean "connected directly or indirectly so that information may be transferred between the devices." Dkt. 60 (Claim Construction Order), p. 10.  In his opening report on validity, Dr. Goldberg applies the Court's construction.  App24, ¶ 190; App26-27, ¶ 316.  However, in his rebuttal report on infringement, Dr. Goldberg inexplicably uses a different, narrower construction.  App3, n. 4; App8-10, ¶¶ 91-94.

Specifically, Dr. Goldberg contends that the Court construed the term, "coupled to," only in reference to claims 19, 21, 31, 33, 34, 35, 36, 38, and 41 of the '038 patent and that the construction does not apply to independent claim 18.  *Id.*  Dr. Goldberg cites no support for this proposition, and the Claim Construction Order does not limit the construction to any particular set of claims.  *See* Dkt. 60, pp. 7-10.  It is well established a claim term within the same patent, as well as across multiple patents that derive from the same parent, must be interpreted consistently.  *See NTP, Inc. v. Research in Motion, Ltd.,* 418 F.3d 1282, 1293 (Fed. Cir. 2005); *see also Mannatech, Inc. v. Techmedia Health, Inc.*, No. 3:06-cv-00813-P, 2009 WL 3614359, at *9, n.2 (N.D. Tex. Oct. 29, 2009).  As such, Dr. Goldberg's contention that the Court's construction of "coupled to" does not apply to all claims in the patents-in-suit is contrary to the Court's order, contrary to law, and should be rejected.

In the context of claim 18, Dr. Goldberg says "coupled to" should receive a special construction.  App3, n. 4; App8-10, ¶¶ 90-94.  He opines that:

> … a POSITA would understand that 'the circuit' is directly or indirectly connected to 'the microprocessor,' but that the information leaving 'the circuit … for detecting' is always transferred to 'the microprocessor' and

> is functionally identical.  A POSITA would understand that any
> intermediate circuitry between two circuits that is not operating as a pass-
> through, and/or functionally modifies the transferred information, would
> not mean that they are not coupled.

App9-10, ¶ 94 (emphasis added).  In other words, Dr. Goldberg suggests that in the context of

claim 18, the term "coupled" should be construed to also require that (1) information always be

transferred, and (2) that, when received, it is "functionally identical." *Id*.  There are multiple

flaws with this position.

First, in rendering his opinions on invalidity, Dr. Goldberg applied the Court's

construction of "coupled to" relative to all claims (including claim 18), without modification.

*See, e.g.,* App24-28, ¶¶ 190, 316-17.  Yet in rendering his non-infringement opinion, Dr.

Goldberg applied his special construction.  App9-10, ¶ 94.  This is improper.  It is well

established that a patent may not be twisted one way for purposes of validity and another for

infringement.  *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed.

Cir. 2001); *see also Laitram Corp v. Cambridge Wire Cloth Co.,* 863 F.2d 855, 866 (Fed. Cir.

1988) ("Having construed the claims one way for determining validity, it is axiomatic that the

claims must be construed in the same way for infringement.").

Second, there is no support for Dr. Goldberg's special construction.  Notably, Dr.

Goldberg does not identify any portion of the intrinsic evidence that actually supports his

construction.  App8-10, ¶¶ 90-94.  And Dr. Goldberg's misplaced citation to an embodiment in

the '038 patent where the "microprocessor may control the detector" does not warrant a

construction requiring that (1) information always be transferred, and (2) that, when received, it

is "functionally identical." *Id*. at ¶ 93.  It is well established that it is improper to "depart from

the plain and ordinary meaning of claim terms based on the specification [except] in only two

instances: lexicography and disavowal." *Hill-Rom Servs.*, 755 F.3d at 1371.  Dr. Goldberg does

8

not argue that lexicography or disavowal apply, nor can he.[2,3]  As such, Dr. Goldberg's proposed

special construction for purposes of infringement should be rejected, and the Court's prior

construction of "coupled" should stand and apply to all uses of the term in the patents-in-suit.

### 2.    Uniden's argument for a special construction of "a microprocessor" / "a processor" should be rejected.

In an effort to manufacture a non-infringement argument, Dr. Goldberg contends that the

terms "a microprocessor" and "a processor" must be limited to a single microprocessor.  App5-6,

¶ 84.  Specifically, he opines, without any citation to the intrinsic record, that:

> A POSITA would understand that a 'microprocessor' or 'processor' would
> only be one of these MCUs, and not both.  As such, Dr. Bartone has not
> identified a single 'microprocessor' or 'processor' that meets all the
> limitations of the Asserted Claims.

*Id*.  Dr. Goldberg's position that the terms "a microprocessor" and "a processor" are limited to a

"single" microprocessor violates the long-standing rule that the word "a" in a patent claim means

"one or more."  *Rehco v. Spin Master, Ltd.,* 759 Fed. Appx. 944, 949 (Fed. Cir. 2019).  As the

Federal Circuit has explained:

> We have held that '[a]s a general rule, the words 'a' or 'an' in a patent
> claim carry the meaning of 'one or more.''  'The exceptions to this rule
> are extremely limited: a patentee must evince a clear intent to limit 'a' or

---

[2] This is because the intrinsic evidence does not support Dr. Goldberg's position.  In its Claim Construction Order the Court noted that "coupled" is not limited in the manner suggested by Dr. Goldberg.  Dkt. 60, p. 10; Escort Opening Claim Construction Br., pp. 7-9 (Dkt. 37); Escort Resp. Claim Construction Br., pp. 2-5 (Dkt. 40); *see also e.g.,* '038 patent, Abstract, 1:60-63, 2:29-30, 2:48-49,  2:53-55 (Dkt. 1-1).

[3] Dr. Goldberg's special construction also arguably injects ambiguity into the claims.  For example, what does "functionally identical" mean?  "Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and, when necessary, explain what the patentee covered by the claims."  *U.S. Surgical*, 103 F.3d at 1568.  The purpose of claim construction is not to inject ambiguity into the claims.  Rather, claims are to be construed to uphold their validity.  *See, e.g., Fortel Corp. v. Phone-Mate, Inc.*, 846 F.2d 78 (Fed. Cir. 1988).  Dr. Goldberg's proposed special construction also violates these fundamental tenets of claim construction.

> 'an' to 'one.''  'That 'a' or 'an' can mean 'one or more' is best described
> as <u>a rule, rather than merely a presumption or even a convention</u>.

*Id.* (emphasis added).  Dr. Goldberg does not argue, let alone identify anything in the intrinsic

evidence, that would warrant deviating from this rule.  App5-6, ¶ 84.  If anything, the intrinsic

evidence evinces an intent by the patentee not to limit the claims to a single microprocessor.  *See*

*e.g.,* '038 patent, 2:63-65 (Dkt. 1-1).[4]  As such, Dr. Goldberg's attempt to deviate from the

general rule that "a" means "one or more" and limit the claims to a single "microprocessor" /

"processor" must be rejected.

### 3.   Uniden's argument for a special construction of "data that indicates the position of the radar detector" / "the position of the radar detector" should be rejected.

With respect to the terms "data that indicates the position of the radar detector" and "the

position of the radar detector," Dr. Goldberg opines that the claimed "position" must be "the

position of the radar detector in three-dimensional space at a given time."  App12, ¶ 105.  Dr.

Goldberg contends that this view is supported by the intrinsic evidence.  App12-15, ¶¶ 105-109.

However, nothing in the intrinsic evidence mandates that the claimed "position" be limited to

"three-dimensional space at a given time."  *Id.*  Further, Dr. Goldberg does not argue that

lexicography or disavowal is present, which is required to depart from the plain and ordinary

meaning of the term.  *Hill-Rom*, 755 F.3d at 1371.

The plain and ordinary meaning of "position" is not limited to "three-dimensional space

at a given time."  App34-36, ¶¶ 35-40; App39, The American Heritage Dictionary, p. 657 (4th

---

[4] Even if the intrinsic evidence were silent on the issue, in that instance the word "a" must be
construed to mean "one or more."  *See Rehco*, 759 Fed. Appx. at 949.  It is only where the
patentee evinces a "clear intent to limit 'a' or 'an' to 'one'" that the Court can deviate from the
general rule.  *Id.*  No portion of the intrinsic evidence evinces a clear intent by the patentee to
limit the claims in this manner and the general rule must therefore apply.

Ed. 2001) (defining "position" as "a place or location").  As such, Dr. Goldberg's attempt to narrow the scope of the claimed "position" to only "three-dimensional space at a given time" must be rejected.

**4.    Uniden's argument for special constructions of "alert" should be rejected.**

Dr. Goldberg's opinions rely on two different special constructions for the term "alert," neither of which was presented by Uniden at the claim construction phase of this case.  First, with respect to claims 45, 49, and 50 of the '038 patent, Dr. Goldberg incorrectly contends that for the term "an alert" does not mean one or more alerts, but rather means all alerts.  App16-17, ¶¶ 120-122.  Dr. Goldberg then opines that for the limitations "disable the alert" and "enable the alert" to be met, all alerts on a given radar detector must be disabled or enabled.  *Id*.  In other words, if one alert is disabled, or enabled, Dr. Goldberg contends the limitation is not met.  *Id*. This is contrary to the plain language of the claims, which merely require disabling (claims 45 and 49), or enabling (claim 50), an alert (*i.e.,* one or more alerts).  '038 patent, claim 45, 49, and 50 (Dkt. 1-1).  In other words, if an audible alert is disabled, but a visual alert remains active, the claim can still be infringed because one alert (*i.e.,* the audible alert) was disabled.  Notably, Dr. Goldberg cites no intrinsic evidence that warrants his special construction.  This is because the claims do not require that "all alerts" be disabled, or enabled, and Dr. Goldberg's first proposed special construction for the term "alert" should be rejected.[5]

Dr. Goldberg's second special construction for this term relates to claim 47 of the '653 patent.  App28-32, ¶¶ 578, 783-85.  Specifically, Dr. Goldberg contends that the phrase

---

[5] Dr. Goldberg's position also once again violated binding Federal Circuit precedent that requires that "an" mean "one or more" absent a clear intent by the patentee otherwise.  *Rehco,* 759 Fed. Appx. at 949.

"performing an act that is unrelated to muting an alert" must be construed to mean "performing an act that is unrelated to muting a *current* alert." *Id*. Dr. Goldberg acknowledges in his report that the Court previously held no construction was necessary for this term. *See* Dkt. 60, p. 10; App30-31, ¶ 783. Despite this, Dr. Goldberg has ignored this Court's Claim Construction Order and seeks to narrow the scope of the phrase to muting *a current alert*. App28-32, ¶¶ 578, 783-85. Once again, he cites no intrinsic evidence that mandates such a narrow interpretation. *Id.* Rather, he merely cites a portion of the Court's Claim Construction Order, which held that the phrase did not require construction. *Id.* This was the proper result and should stand. Dr. Goldberg's attempt to improperly narrow the scope of the claim should be rejected.

### 5. Uniden's argument for a special construction of "data that indicates the heading" should be rejected.

Claim 30 of the '038 patent states in relevant part: "wherein the global positioning system receiver is operable to provide the microprocessor with data that indicates the heading of the radar detector." '038 patent, claim 30 (Dkt. 1-1). Dr. Goldberg contends that the claimed "data that indicates the heading of the radar detector" must include units of degrees and cannot be, for example, radians, directional descriptors (*e.g.,* N, NE, E, SE, S, SW, W, NW), etc. App18-22, ¶¶ 128-36. In essence, Dr. Goldberg is trying to manufacture a non-infringement position by improperly restricting the scope of the claimed "data" to one specific type of data – *i.e.,* degrees. He attempts to do so absent clear lexicography or disavowal by the patentee to limit the claimed "data" in this manner. *Hill-Rom*, 755 F.3d at 1371. This is improper and Dr. Goldberg's attempt to once again create a noninfringement argument based on an erroneous construction of the claims should be rejected.

## IV.    CONCLUSION

Uniden has waived its right to, at this late stage, seek special constructions for claim terms that it could have requested—but did not seek—during the claim construction phase of this case.  In addition, Uniden intends to improperly argue claim construction issues before the jury. This is an increasingly popular tactic, and it unfortunately prompts motions like this one and extra rounds of *Markman* proceedings because claim construction is the exclusive province of the Court.

For these reasons, Escort respectfully requests that the Court grant this motion and enter an order (1) prohibiting Uniden from making any claim construction arguments to the jury, and (2) otherwise resolving these claim construction disputes once and for all.  Escort is amenable to an oral hearing on this motion on a day and time that is convenient for the Court.

DATED: April 23, 2020

Respectfully submitted,

/s/ *Timothy E. Grochocinski*
Timothy E. Grochocinski
tim@nbafirm.com
Joseph P. Oldaker
joseph@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708-675-1974

Edward R. Nelson III
ed@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
3131 W. 7th Street, Suite 300
Fort Worth, Texas 76107
P. 817-377-9111

*COUNSEL FOR PLAINTIFF*
*ESCORT INC.*


## CERTIFICATE OF CONFERENCE UNDER L.R. 7.1(b)

Pursuant to Local Rule 7.1(b), I hereby certify that on April 23, 2020, counsel for Escort and counsel for Uniden met and conferred on the issues in the instant motion. Despite the parties' efforts they were unable to reach an agreement or otherwise resolve the issues presented by the instant motion.

*/s/ Timothy E. Grochocinski*


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel for all parties of record on April 23, 2020 via the Court's CM/ECF system.

*/s/ Timothy E. Grochocinski*