IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESCORT INC., <br><br>　　　　　　　　　Plaintiff, <br><br>v. <br><br>UNIDEN AMERICA CORPORATION, <br><br>　　　　　　　　　Defendant. | Case No. 3:18-cv-161-N |

## PLAINTIFF ESCORT INC.'S RESPONSE IN OPPOSITION TO UNIDEN AMERICA CORPORATION'S MOTION FOR SUMMARY JUDGMENT

　　　　Escort has standing to bring this suit.  In December 2017, Escort acquired the patents-in-suit from the inventor, Mr. Hoyt Fleming.  As part of this acquisition, Mr. Fleming properly assigned the entire community property interest in the patents-in-suit to Escort as he was authorized to do pursuant to Idaho Statute § 32-912, which explicitly states that either "the husband or the wife shall have the right to <u>manage and control</u> the community property."  In other words, Mr. or Mrs. Fleming were free to assign the entire community property interest in the patents-in-suit (*i.e.,* personal community property) without the authority or consent of the other.  Uniden's motion ignores this.

　　　　With respect to marking, Escort agrees to not seek pre-suit damages.  However, Uniden's contention that Escort is not entitled to damages on the R7 product, which was released after this case was filed and after Escort served its infringement contentions, is baseless.  Uniden does not bother to articulate in its brief why it should be entitled to this relief.  Indeed, it had a chance to oppose Escort's motion to amend to add the R7 and elected not to do so because it agreed the infringement theory for the R7 was the same as that disclosed in Escort's contentions for the R3 model.  In other words, even though Uniden was aware of the patents-in-suit and Escort's

1

infringement theory for the R7 for over fifteen months, Uniden contends it had no notice. This argument is particularly spurious and should be rejected.

Finally, with respect to willfulness, Uniden knew of the patents-in-suit or was willfully blind to their existence prior to the filing of this lawsuit. Uniden has also failed to act consistently with the standards of behavior in the radar detector industry by copying Escort's radar detector products in developing its own, and otherwise making no effort to avoid its infringement. Moreover, Uniden continued to infringe the patents-in-suit after Escort initiated suit and even launched new infringing products (*i.e.,* the R7). This is the type of egregious conduct that stretches beyond the legal threshold for willfulness, and, at a minimum, there exists a genuine issue of material fact on the issue of willfulness that should be resolved by a jury.

For the reasons set forth in Escort's Brief in Opposition to Uniden's Motion for Summary Judgment and accompanying Appendix, with the limited exception of pre-filing damages, Uniden's motion for summary judgment should be denied.

DATED: May 14, 2020                             Respectfully submitted,

/s/ *Timothy E. Grochocinski*
Timothy E. Grochocinski
tim@nbafirm.com
Joseph P. Oldaker
joseph@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708-675-1974

Edward R. Nelson III
ed@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
3131 W. 7th Street, Suite 300
Fort Worth, Texas 76107
P. 817-377-9111

*COUNSEL FOR PLAINTIFF
ESCORT INC.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel for all parties of record on May 14, 2020 via the Court's CM/ECF system.

/s/ *Timothy E. Grochocinski*