IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ESCORT INC.**,<br><br>          Plaintiff,<br><br>v.<br><br>**UNIDEN AMERICA CORPORATION,**<br><br>          Defendant. | Case No. 3:18-cv-161-N |

**PLAINTIFF ESCORT INC.'S BRIEF SUPPORTING ITS RESPONSE IN OPPOSITION TO UNIDEN AMERICA CORPORATION'S MOTION TO STRIKE PORTIONS OF DR. CHRIS BARTONE'S EXPERT REPORTS**

**TABLE OF CONTENTS**

**Page**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 2 |
| | A. | Escort Timely Disclosed Its Priority Date Claim and Dr. Bartone Should be Permitted to Offer Opinions Regarding the Same | 2 |
| | | 1. Escort Complied With Its Obligations Under L.P.R. 3-1(a)(5) | 2 |
| | | 2. Escort Timely Responded to and Supplemented Its Response to Uniden's Interrogatory No. 5 | 4 |
| | | 3. Uniden Does Not Even Claim, Let Alone Identify, Any Prejudice | 5 |
| | | 4. Dr. Bartone's Opinions Related to the Priority Date for the Patents-in-Suit Are Proper and Admissible | 6 |
| III. | CONCLUSION | | 6 |

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Altera Corp. v. PACT XPP Tech., AG,*
    No. 14-cv-02868-JD, 2015 WL 928122 (N.D. Cal. Feb. 19, 2015) ………….  3

*EMG Tech., LLC v. Chrysler Group, LLC,*
    No. 6:12-cv-259, 2013 WL 12147662 (E.D. Tex. July 3, 2013) ……………..  2

*Opticurrent, LLC v. Power Integrations, Inc.,*
    No. 3:17-cv-03597-WHO, 2017 WL 11392680 (N.D. Cal. Oct. 3, 2017) …...  5

*Thought, Inc. v. Oracle Corp.,*
    No. 12-cv-05601-WHO, 2015 WL 5834064 (N.D. Cal. Oct. 7, 2015) ………  3, 5

**Rules**

E.D. Tex. L.P.R. 3-1 ……………………………………………………………….  2

N.D. Tex. L.P.R. 3-1 ……………………………………………………………….  2

## I.    INTRODUCTION

With respect to Uniden's estoppel arguments, they should be denied as moot. Escort previously agreed not to relitigate the validity of claims 18 and 45 of the '038 patent and not to reference the K-40 IPRs provided Uniden does not open to the door to these issues. In addition, Escort agrees that "Orr's Prior Invention," as defined in footnote 2 of Uniden's brief (Dkt. 98), is prior art.[1]

Escort denies that Dr. Bartone is attempting to present a new infringement theory. Uniden is attempting to manufacture an issue where none exists, based in part on confusing questioning from Dr. Bartone's March 27, 2020 videoconference deposition. With that said, in an effort to resolve any potential confusion, Escort agrees to not introduce any opinion from Dr. Bartone that the claimed "microprocessor" is met by a combination of the GPS MCU and Main MCU in the accused products. In other words, as requested by Uniden, Escort agrees that Dr. Bartone will opine that the claimed "microprocessor" is met by the Main MCU in the accused products, with the understanding that Dr. Bartone is permitted to explain the basis disclosed in his reports for why the Main MCU meets the claimed microprocessor limitations.

Escort also disagrees that Dr. Bartone is presenting a new claim construction argument. With that said, in an effort to resolve this issue Escort agrees that Dr. Bartone will not present any opinion that the preambles of the asserted claims are limiting.[2]

---

[1] Escort does not agree that Mr. Orr's draft provisional patent applications are prior art. However, Uniden is not including these as part of its definition of "Orr's Prior Invention."

[2] Had Uniden attempted to meet and confer earlier, as opposed to waiting till the morning of the day it filed its motion, the majority of Uniden's motion could have been avoided saving the parties and the Court unnecessary time and expense. Further, Uniden's motion fails to identify with specificity what portions or paragraphs of Dr. Bartone's reports it seeks to strike. To the extent the Court is inclined to grant any part of Uniden's motion, Escort respectfully requests that Uniden be required to identify the specific paragraphs or portions of Dr. Bartone's report that it claims should be stricken.

Lastly, Escort denies that its priority date claim was not timely disclosed or that Dr. Bartone should not be permitted to offer opinions regarding the same. As such, and for the reasons discussed herein, Uniden's motion on this point should be denied on the merits and Uniden's other arguments should be denied as moot.

## II.     ARGUMENT

**A.     Escort Timely Disclosed Its Priority Date Claim and Dr. Bartone Should be Permitted to Offer Opinions Regarding the Same.**

### 1.     Escort Complied With Its Obligations Under L.P.R. 3-1(a)(5).

Local Patent Rule 3-1(a)(5) requires a party to identify "[f]or any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled." Second Amended Misc. Order No. 62, 3-1(a)(5). This requirement mirrors that in the Eastern District of Texas Local Patent Rules. *See* Appx1547-1550 (E.D. Tex. L.P.R. 3-1(e)).[3]

In *EMG Tech., LLC v. Chrysler Group, LLC*, No. 6:12-cv-259, 2013 WL 12147662, at *1-2 (E.D. Tex. July 3, 2013) the Eastern District of Texas addressed the exact issue raised by Uniden.[4] The Court held that "the rule makes clear that the priority date provided pursuant to P.R. 3-1 is related to claiming priority to 'an earlier application.'" *Id*. In other words, to comply with L.P.R. 3-1(a)(5), a party is not required to disclose the earliest priority date it may claim, just the date of the earliest application to which a priority claim is made. *Id.*

Uniden does not dispute that Escort's L.P.R. 3-1(a)(5) disclosures disclosed the date of the earliest application to which the asserted patents claim priority – *i.e.,* April 14, 1999. Uniden

---

[3] Record citations in this brief are made to the Appendix (Appx__). The Appendix includes those materials submitted by Uniden with its initial brief (Appx0001-1546) and those materials submitted by Escort in connection with this brief (Appx1547-1556).
[4] Despite being informed of this decision back in October 2019, Uniden's motion does not even bring this authority, which directly contradicts Uniden's position, to the Court's attention.

2

Br., p. 24; Appx0543.  Instead, Uniden, relying solely on the Northern District of California decision in *Thought, Inc. v. Oracle Corp.,* No. 12-cv-05601-WHO, 2015 WL 5834064 (N.D. Cal. Oct. 7, 2015), contends that Escort was required to more than required by L.P.R. 3-1(a)(5).  Uniden is incorrect and its reliance on *Thought* is misplaced.

In *Thought,* the plaintiff did not identify an earlier invention date in its 3-1 and 3-2 disclosures or its discovery responses.  *See Id*. at *5.  In light of this, counsel for Thought *voluntarily agreed* to limit its priority date claim to the filing date of the patents-in-suit at the hearing on Oracle's motion to strike.  *Id*.  The Northern District of California then granted Oracle's motion.  *Id*.  However, in its ruling, the Court noted that "other districts with similar rules have found that 'the priority date' contemplated by Patent Local Rule 3-1(f) refers solely to priority to an earlier application, and not necessarily to the date of conception and reduction to practice."  *Id*. at *4 (quoting *Altera Corp. v. PACT XPP Tech., AG*, No. 14-cv-02868-JD, 2015 WL 928122, at *3 (N.D. Cal. Feb. 19, 2015)).

In other words, the Court's ruling in *Thought* is in line with how Texas courts, and Escort, interpreted L.P.R. 3-1(a)(5).  Further, the facts in the present case stand in stark contrast to the situation in *Thought*.  Indeed, Escort complied with L.P.R. 3-1(a)(5) and timely identified an earlier conception date in its discovery responses (as discussed in the next section).  And, unlike the plaintiff in *Thought*, Escort *does not agree* with defendant's position and *does not agree* to the relief sought by Uniden.  In sum, Escort properly complied with L.P.R. 3-1(a)(5) and Escort was not required to seek leave to amend its contentions to assert an earlier conception date in response to Uniden's discovery requests.

## 2. Escort Timely Responded to and Supplemented Its Response to Uniden's Interrogatory No. 5.

On July 8, 2019, Uniden served Interrogatory No. 5, which requested that Escort:

> Separately for each Asserted Claim of the Asserted Patents, describe in complete detail the conception and reduction to practice of the invention, including the identity of the priority date, conception date, date(s) of due diligence and reduction to practice, and invention date of each Asserted Claim; the facts supporting any such date(s), including any Related Patents providing priority; the identification of all Persons with knowledge of such date(s); and state the facts believed by Escort to be known by each Person identified.

Appx1551-1554 (Uniden, Inter. No. 5). Escort timely responded on September 6, 2019. Appx1556 (Dec. T. Grochocinski, ¶ 4). On October 24, 2019 and October 29, 2019, Escort timely supplemented its response to Interrogatory No. 5. Appx1534-1536 (First Supp. Resp.); Appx1537-1540 (Sec. Supp. Resp.). This was all done within months of Escort's initial answer to Interrogatory No. 5 (September 6, 2019), before the close of fact discovery (December 13, 2019), before Uniden had deposed Escort (November 2019), and before Uniden deposed the inventor of the patents-in-suit, Mr. Fleming (November 2019). *See Id.*; Scheduling Order, p. 2 (Dkt. 64); Appx1556 (Dec. T. Grochocinski ¶¶ 4-5).

In addition, the fact that Escort intended to rely on an earlier conception date, and its basis for the same, was disclosed by Escort in Escort's L.P.R. 3-2 document production. Appx1556 (Dec. T. Grochocinski ¶ 6); Appx0544. In sum, Escort timely supplemented its response to Interrogatory No. 5 and timely disclosed its claimed conception date for the patents-in-suit.[5]

---

[5] Uniden's service of Interrogatory No. 5 is also inconsistent with its position that Escort was required to disclose its claimed conception date in conjunction with its L.P.R. 3-1(e) disclosures. If L.P.R. 3-1(e) required this, which it does not, then why did Uniden serve a separate interrogatory requesting this information?

4

### 3.  Uniden Does Not Even Claim, Let Alone Identify, Any Prejudice.

Setting aside that Escort's claimed priority date was timely disclosed, Uniden also does not even allege in its brief that Uniden has suffered any prejudice. This is because Uniden cannot plausibly claim it suffered any prejudice. Indeed, Escort offered to allow Uniden to amend its invalidity contentions in October 2019 if it thought it needed to, stating:

> To the extent that Uniden feels that it needs to amend its collection of invalidity references based upon the additional conception date information, we are open to discussing it.

Appx1543-44 (E-mail to Mr. Conrad (Oct. 30, 2019)).  In addition, on October 31, 2019, Escort's counsel stated:

> Nevertheless, if you can explain some actual prejudice suffered related to the Orr deposition, we will consider it in connection with permitting limited additional questioning.

Appx1541 (E-Mail to Mr. Conrad (Oct. 31, 2019)).  Uniden never followed up on either offer and never identified any prejudice it had suffered. Uniden's failure to articulate any prejudice in in October of 2019 and in its motion is because Uniden has not suffered any prejudice.

In *Opticurrent, LLC v. Power Integrations, Inc.*, No. 3:17-cv-03597-WHO, 2017 WL 11392680 (N.D. Cal. Oct. 3, 2017), the Northern District of California distinguished its decision in *Thought*, finding that there was no prejudice to Power Integrations. *Id*. at *7.  Specifically, the Court stated: "Unlike *Thought* and *Harvatek*, however, little discovery had occurred here and Opticurrent's response to PI's First Set of Interrogatories noted the 'new' conception date and cited the relevant documents that he been previously produced prior to any deposition." *Id*.

So even if Uniden's reading of L.P.R. 3-1(e) is correct, which it is not, as in *Opticurrent*, Escort disclosed its claimed conception date when little discovery had occurred and cited to the

5

relevant documents that had previously been produced prior to any deposition. As such, Uniden has not suffered any prejudice.

    **4.    Dr. Bartone's Opinions Related to the Priority Date for the Patents-in-Suit Are Proper and Admissible.**

Uniden's only objection to Dr. Bartone's priority date opinions is Uniden's incorrect assertion that Escort did not timely disclose its claimed conception date for the patents-in-suit. As discussed above, Escort timely disclosed this information to Uniden. As such, Dr. Bartone's opinions regarding the same are proper and admissible.

### III. CONCLUSION

Based on the foregoing, Uniden's motion to strike Dr. Bartone's opinions related to the applicable priority date for the patents-in-suit should be denied on the merits. Uniden's additional arguments should be denied as moot.

DATED: May 14, 2020                          Respectfully submitted,

/s/ *Timothy E. Grochocinski*
Timothy E. Grochocinski
tim@nbafirm.com
Joseph P. Oldaker
joseph@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708-675-1974

Edward R. Nelson III
ed@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
3131 W. 7th Street, Suite 300
Fort Worth, Texas 76107
P. 817-377-9111

*COUNSEL FOR PLAINTIFF
ESCORT INC.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel for all parties of record on May 14, 2020 via the Court's CM/ECF system.

/s/ *Timothy E. Grochocinski*