IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESCORT INC.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UNIDEN AMERICA CORPORATION,<br><br>　　　　　　　Defendant. | Case No. 3:18-cv-161-N |

**APPENDIX IN SUPPORT OF PLAINTIFF'S BRIEF SUPPORTING ITS RESPONSE IN OPPOSITION TO UNIDEN AMERICA CORPORATION'S MOTION TO STRIKE PORTIONS OF DR. CHRIS BARTONE'S EXPERT REPORTS**

| Description | Appendix Page(s) |
|---|---|
| E.D. Tex. L.P.R. 3-1 | Appx1547-1550 |
| Uniden's First Set of Interrogatories to Escort (July 8, 2019) (excerpted) | Appx1551-1554 |
| Declaration of Timothy Grochocinski | Appx1555-1556 |

1

DATED: May 14, 2020 						Respectfully submitted,

/s/ *Timothy E. Grochocinski*
Timothy E. Grochocinski
tim@nbafirm.com
Joseph P. Oldaker
joseph@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708-675-1974

Edward R. Nelson III
ed@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
3131 W. 7th Street, Suite 300
Fort Worth, Texas 76107
P. 817-377-9111

*COUNSEL FOR PLAINTIFF
ESCORT INC.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel for all parties of record on May 14, 2020 via the Court's CM/ECF system.

/s/ *Timothy E. Grochocinski*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LOCAL RULES as of [December 1, 2019][1]**

**TABLE OF CONTENTS**

LOCAL RULE CV-1 Scope and Purpose of Rules ....................................................................... 3
LOCAL RULE CV-3 Commencement of Action ........................................................................ 3
LOCAL RULE CV-4 Complaint, Summons, and Return ............................................................ 4
LOCAL RULE CV-5 Service and Filing of Pleadings and Other Documents............................. 4
LOCAL RULE CV-5.2 Privacy Protections for Filings Made with the Court.............................. 8
LOCAL RULE CV-6 Computation of Time ............................................................................... 10
LOCAL RULE CV-7 Pleadings Allowed; Form of Motions and Other Documents .................. 10
LOCAL RULE CV-10 Form of Pleadings .................................................................................. 14
LOCAL RULE CV-11 Signing of Pleadings, Motions, and Other Documents .......................... 15
LOCAL RULE CV-12 Filing of Answers and Defenses............................................................. 16
LOCAL RULE CV-26 Provisions Governing Discovery; Duty of Disclosure ........................... 16
LOCAL RULE CV-30 Depositions Upon Oral Examination ..................................................... 17
LOCAL RULE CV-34 Production of Documents and Things .................................................... 18
LOCAL RULE CV-38 Right to a Jury Trial; Demand................................................................. 18
LOCAL RULE CV-42 Consolidation; Separate Trials Consolidation of Actions. ..................... 18
LOCAL RULE CV-43 Taking of Testimony .............................................................................. 19
LOCAL RULE CV-47 Selecting Jurors ...................................................................................... 19
LOCAL RULE CV-50 Judgment as a Matter of Law in a Jury Trial.......................................... 19
LOCAL RULE CV-54 Judgments; Costs.................................................................................... 19
LOCAL RULE CV-56 Summary Judgment Procedure............................................................... 20
LOCAL RULE CV-62 Stay of Proceedings to Enforce a Judgment........................................... 21
LOCAL RULE CV-63 Inability of a Judge to Proceed, Reassignment of Actions after Recusal or Disqualification.............................................................................................................................. 21
LOCAL RULE CV-65 Injunctions .............................................................................................. 22
LOCAL RULE CV-65.1 Security; Proceedings Against Sureties............................................... 22
LOCAL RULE CV-72 Magistrate Judges ................................................................................... 22
LOCAL RULE CV-77 District Courts and Clerks ...................................................................... 23

---

[1] These rules include amendments through General Order [19-14], which was filed on [November 12th, 2019].


LOCAL RULE CV-79 Records Kept by the Clerk ........................................................................ 23
LOCAL RULE CV-81 Removed Actions ................................................................................... 24
LOCAL RULE CV-83 Rules by District Courts; Judge's Directives .......................................... 25
SECTION II: CRIMINAL RULES ............................................................................................. 27
LOCAL RULE CR-1 Scope ......................................................................................................... 27
LOCAL RULE CR-6 The Grand Jury ......................................................................................... 27
LOCAL RULE CR-10 Arraignments ........................................................................................... 27
LOCAL RULE CR-24 Trial Jurors............................................................................................... 27
LOCAL RULE CR-47 Motions.................................................................................................... 27
LOCAL RULE CR-49 Service and Filing.................................................................................... 29
LOCAL RULE CR-49.1 Privacy Protection for Filings Made with the Court ........................... 32
LOCAL RULE CR-55 Records .................................................................................................... 33
LOCAL RULE CR-59 Matters Before a Magistrate Judge......................................................... 33
SECTION III: ATTORNEYS...................................................................................................... 35
LOCAL RULE AT-1 Admission to Practice................................................................................ 35
LOCAL RULE AT-2 Attorney Discipline ................................................................................... 36
LOCAL RULE AT-3 Standards of Practice to be Observed by Attorneys ................................. 40
SECTION IV: ADMIRALTY RULES........................................................................................ 41
LOCAL RULE LAR (a) Authority and Scope............................................................................. 41
LOCAL RULE LAR (b) Maritime Attachment and Garnishment............................................... 42
LOCAL RULE LAR (c) Actions in Rem: Special Provisions..................................................... 42
LOCAL RULE LAR (d) Possessory, Petitory, and Partition Actions.......................................... 43
LOCAL RULE LAR (e) Actions In Rem: and Quasi In Rem: General Provisions..................... 44
LOCAL RULE LAR (f) Limitation of Liability........................................................................... 49
LOCAL RULE LAR (g) Special Rules......................................................................................... 49
SECTION V: PATENT RULES................................................................................................... 50
LOCAL RULE P.R. 1 Scope of Rules.......................................................................................... 50
LOCAL RULE P.R. 2 General Provisions................................................................................... 51
LOCAL RULE P.R. 3 Patent Initial Disclosures.......................................................................... 54
LOCAL RULE P.R. 4 Claim Construction Proceedings.............................................................. 62

**(b)** Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

**(c)** Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and

**(d)** Requests seeking to elicit from an accused infringer the identification of any opinions of counsel, and related documents, that it intends to rely upon as a defense to an allegation of willful infringement.

Where a party properly objects to a discovery request (or declines to provide information in its initial disclosures under Fed.R.Civ.P. 26(a)(1)) as set forth above, that party shall provide the requested information on the date on which it is required to provide the requested information to an opposing party under these Patent Rules, unless there exists another legitimate ground for objection.

**2-6**.  **Assignment of Related Cases.**  Separately filed cases related to the same patent shall be assigned to the same judge, i.e., the judge assigned to the first related case.

### 3. PATENT INITIAL DISCLOSURES

**3-1. Disclosure of Asserted Claims and Infringement Contentions.**

Not later than 10 days before the Initial Case Management Conference with the Court, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and   Infringement Contentions" shall contain the following information:

**(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party;

54

**(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

**(c)** A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

**(d)** Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

**(e)** For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

**(f)** If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

**3-2. Document Production Accompanying Disclosure.**

With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESCORT INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNIDEN AMERICA CORPORATION,<br><br>　　　　Defendant. | C.A. No. 3:18-cv-00161-N<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

### DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF (NOS. 1–20)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and this Court's Discovery Order, Defendant Uniden America Corporation ("Uniden") hereby requests that Plaintiff Escort Inc. ("Plaintiff" or "Escort") answer each interrogatory set forth below, in writing and under oath, within thirty (30) days of service hereof, in accordance with the definitions and instructions below.

### DEFINITIONS

1. "Plaintiff," "Escort," "You," or "Your" means Escort Inc., including past and present officers, directors, employees, agents, consultants, predecessors, subsidiaries, parents, affiliates, and contractors.

2. "Defendant" or "Uniden" means Defendant Uniden America Corporation, including all officers, directors, employees, agents, consultants, predecessors, and subsidiaries.

3. "Asserted Patents" means United States Patent Numbers RE39,038, RE40,653, and 7,576,679.

4. "Related Patents" means:

testing, evaluation, or analysis; the results of such inspection, testing, evaluation, or analysis, identifying the Documents (by Bates number) reflecting those results; and any conclusion(s) or opinion(s) formed as a result of each inspection, testing, evaluation, or analysis.

**INTERROGATORY NO. 4:**

Describe in complete detail the circumstances surrounding all actual or potential licenses, offers to license, or settlement agreements (collectively, "agreements or offers") relating to the Asserted Patents, including whether or not such agreements or offers were executed, and for each such agreement or offer: the parties to the agreement or offer; all patents that were the subject of the agreement or offer and any terms exchanged between You and the other party; whether the agreement or offer included a provision requiring the marking of the number of the Asserted Patents on any article; and the parties to the negotiations, the status (actual or potential) of each agreement or offer (including date of execution, expiration, and/or termination of any such agreement or offer), and the date of all such discussions; and the identity of all Persons with knowledge thereof and all Documents (by Bates number) referring or relating thereto.

**INTERROGATORY NO. 5:**

Separately for each Asserted Claim of the Asserted Patents, describe in complete detail the conception and reduction to practice of the invention, including the identity of the priority date, conception date, date(s) of due diligence and reduction to practice, and invention date of each Asserted Claim; the facts supporting any such date(s), including any Related Patents providing priority; the identification of all Persons with knowledge of such date(s); and state the facts believed by Escort to be known by each Person identified.

**INTERROGATORY NO. 6:**

Identify all U.S. and foreign patents and patent applications, including unpublished applications, that are owned, in whole or in part, or licensed to Escort, that are directed to any of

Accused Product, including identifying all Documents (by Bates number) supporting your contention and an identity of all Persons with knowledge.

Dated:  July 8, 2019

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ David B. Conrad*
    Neil J. McNabnay
    mcnabnay@fr.com
    Texas Bar No. 24002583
    David Conrad
    conrad@fr.com
    Texas Bar No. 24049042
    Theresa M. Dawson
    tdawson@fr.com
    Texas Bar No. 24065128

    1717 Main Street, Suite 5000
    Dallas, Texas  75201
    (214) 747-5070 - Telephone
    (214) 747-2091 - Facsimile

**COUNSEL FOR DEFENDANT
UNIDEN AMERICA CORPORATION**

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 8, 2019, to all counsel of record who are deemed to have consented to electronic service.

                  */s/ David B. Conrad*
                  David B. Conrad

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ESCORT INC.,**<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**UNIDEN AMERICA CORPORATION,**<br><br>　　　　　　　　　　Defendant. | Case No. 3:18-cv-161-N |

## DECLARATION OF TIMOTHY E. GROCHOCINSKI IN SUPPORT OF PLAINTIFF ESCORT INC.'S BRIEF SUPPORTING ITS RESPONSE IN OPPOSITION TO UNIDEN AMERICA CORPORATION'S MOTION TO STRIKE PORTIONS OF DR. CHRIS BARTONE'S EXPERT REPORTS

Pursuant to 28 U.S.C. § 1746, I, Timothy E. Grochocinski, declare as follows:

1. My name is Timothy E. Grochocinski. I am a partner in the law firm of Nelson Bumgardner Albritton P.C., attorneys for Plaintiff Escort Inc. ("Escort") in the above-styled action.

2. I submit this declaration in support of Escort's Response in Opposition to Uniden America Corporation's ("Uniden's") Motion to Strike Portions of Dr. Chris Bartone's Expert Reports, Escort's attendant Brief in Support, and Escort's Appendix, which are each filed concurrently herewith. I am familiar with the documents exchanged and produced by the parties in this action and have personal knowledge of the facts and statements herein. I am competent to testify to the matters stated in this declaration, and each of the facts and statements set forth below is true and correct.

3. Included within the accompanying Appendix are true and correct copies of the following documents:

| Description | Appendix Page(s) |
|---|---|
| E.D. Tex. L.P.R. 3-1 | Appx1547-1550 |
| Uniden's First Set of Interrogatories to Escort (July 8, 2019) (excerpted) | Appx1551-1554 |

4.      Escort initially responded to Uniden's Interrogatory No. 5 on September 6, 2019. Escort then supplemented its response to Interrogatory No. 5 on October 24, 2019 and again on October 29, 2019.

5.      Escort's Second Supplemental Response to Interrogatory No. 5, which was served on October 29, 2019, was served before the close of fact discovery, before Uniden deposed Escort, and before Uniden deposed the inventor of the patents-in-suit, Mr. Hoyt Fleming.

6.      The fact that Escort intended to rely on an earlier conception date, and its basis for the same, was disclosed by Escort in Escort's L.P.R. 3-2 document production.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated: May 14, 2020                                /s/ Timothy E. Grochocinski