UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESCORT INC., <br><br> *Plaintiff*, <br><br> v. <br><br> UNIDEN AMERICA CORPORATION, <br><br> *Defendant*. | CIVIL ACTION NO.: 3:18-cv-00161-N <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

## DEFENDANT'S OPPOSED MOTION FOR LEAVE TO FILE SURREPLY

Defendant Uniden America Corporation ("Uniden") files this Motion for Leave to File a Surreply to Plaintiff Escort Inc.'s ("Escort") Reply in Support of its Motion to Enforce Compliance with *O2 Micro* and to Resolve Claim Construction Disputes that Defendant Intends to Argue to the Jury. Dkt. No. 113 ("Reply"). Uniden respectfully shows as follows.

Escort's Motion asked this Court to enforce *O2 Micro*, and identified potential disputes about the scope of the claims. *O2 Micro* held that it is error for a trial court to not resolve an actual claim construction dispute when the parties raise one. *O2 Micro Intern. Ltd. v. Beyond Innovation Tech.Co.*, 521 F. 3d 1351, 1360 (Fed. Cir. 2008). Immediately before Uniden filed its Opposition to the Motion, Escort altered the infringement theories it intended to have its expert present at trial. *See, e.g.*, Opp. at 3 n.2, 7 n.5. Uniden did not have adequate time to analyze and incorporate in its Opposition the effect of Escort's actions to inform the Court of the current state of the parties' claim construction disputes. Further, in its Reply brief, Escort backtracked on its request that the Court "otherwise resolv[e] these claim construction disputes once and for all. . ." Mot. at 13. *See, e.g.*, Reply at 7 (now stating that "[t]his was the only relief sought by Escort–i.e., to preclude any

1

argument by Uniden or Dr. Goldberg"). In doing so, Escort also misrepresented the current state of the parties' disputes to suggest in many cases there was no dispute. *See, e.g.,* Opp. at 5-7 (suggesting that mootness or being uncontested depended upon Uniden's representations rather than Escort's representations and shifting infringement theories).

"The purpose of a reply brief under local rule 7.1(f), 'is to rebut the nonmovant[s'] response, thereby persuading the court that the movant is entitled to the relief requested by the motion.'" *Pennsylvania General Insurance Co. v. Story*, No. 3:03-cv-0330-G, 2003 WL 21435511 (N.D. Tex. Jun. 10, 2003) quoting *Springs Industries, Inc. v. American Motorists Insurance Company*, 137 F.R.D. 238, 239-240 (N.D. Tex. 1991)). However, "when a movant raises new arguments in a reply brief, courts may allow the nonmovant to file a surreply." *Petro-Hunt, L.L.C. v. Williams-Southern Company, L.L.C.*, No. 3:13-cv-01588-P, 2013 WL 12137150, *1 (N.D. Tex. Nov. 8, 2003). Permitting Uniden to file a surreply avoids "palpable injustice" by allowing it "a chance to respond" to arguments that Escort made for the first time on reply. *Blanchard & Co., Inc. v. Heritage Capital Corp.*, No. 3:97-cv-690-H, 1997 WL 757909 at *1 (N.D. Tex. Dec. 1, 1997); *Petro-Hunt, L.L.C. v. Williams-Southern Company, L.L.C.*, 2013 WL 12137150, *1.

Escort's Reply raises new arguments by (1) changing its relief in requesting that the Court should not, in fact, "otherwise resolv[e] these claim construction disputes once and for all" and (2) incompletely or inaccurately explaining the extent to which intervening events (Escort's shifting infringement theories and Uniden's alleged concessions) affected the claim construction disputes that it raised in its Motion. In this situation, "no 'palpable injustice' exists where the nonmovants are given a chance to respond." *Pennsylvania General*, 2003 WL 21435511, at *2. Accordingly, Uniden seeks leave to file the Surreply attached hereto as **Exhibit A** in order to address the new issues and mischaracterizations in Escort's Reply.

Dated: June 5, 2020               Respectfully submitted,

                                  By:   /s/ *David B. Conrad*
                                        Neil J. McNabnay
                                        njm@fr.com
                                        Texas Bar No. 24002583
                                        David B. Conrad
                                        conrad@fr.com
                                        Texas Bar No. 24049042
                                        Theresa M. Dawson
                                        tdawson@fr.com
                                        Texas Bar No. 24065128
                                        Michael R. Ellis
                                        ellis@fr.com
                                        Texas Bar No. 24102726
                                        Noel Chakkalakal
                                        chakkalakal@fr.com
                                        Texas Bar No. 24053676

                                        **FISH & RICHARDSON P.C.**
                                        1717 Main Street, Suite 5000
                                        Dallas, TX 75201
                                        (214) 747-5070 (Telephone)
                                        (214) 747-2091 (Facsimile)

                                  *Counsel for Defendant*
                                  *Uniden America Corporation*

3

## CERTIFICATE OF SERVICE

I hereby certify that the on June 5, 2020, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). I hereby certify that I have served all counsel who are deemed to have consented to electronic service or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ David B. Conrad*
David B. Conrad

## CERTIFICATE OF CONFERENCE UNDER L.R. 7.1(b)

Pursuant to Local Rule 7.1(b), I hereby certify that on June 1 and June 5, 2020, I conferred with counsel of record for Escort in this matter. Both sides explained their substantive positions, but agreement could not be reached. Therefore, this motion is opposed.

*/s/ David B. Conrad*
David B. Conrad
