IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESCORT INC.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>UNIDEN AMERICA CORPORATION,<br><br>　　　　　　　　Defendant. | Case No. 3:18-cv-161-N |

**PLAINTIFF'S OPPOSED MOTION AND BRIEF IN SUPPORT OF MOTION TO STRIKE NEW ARGUMENTS PRESENTED IN UNIDEN AMERICA CORPORATION'S REPLY BRIEFS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE DR. BARTONE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

**I.　　INTRODUCTION**

On May 28, 2020, Uniden filed its Reply Brief Supporting Its Motion for Summary Judgment (Dkt. 114) (hereinafter "Summary Judgment Reply") and its Reply In Support of Its Motion to Strike Portions of Dr. Chris Bartone's Expert Report (Dkt. 116) (hereinafter "Motion to Strike Reply"). Uniden presented for the first time in its Summary Judgment Reply a new legal theory and new evidence concerning its contention that "Escort did not allege post-Complaint willfulness conduct in its Complaint" and therefore Escort cannot rely on any post-filing conduct in support of its willfulness claim. *See* Summary Judgment Reply, pp. 12-13 (Dkt. 114).

Similarly, Uniden presented for the first time in its Motion to Strike Reply a new legal theory, basis for relief, and evidence, contending that Escort did not comply with L.P.R. 3-2 and that Uniden suffered prejudice. *See* Motion to Strike Reply, pp. 5-10. As pointed out in Escort's Response (Dkt. 108), Uniden's opening brief did not even reference L.P.R. 3-2 or discuss any

1

prejudice Uniden purportedly suffered. *See* Uniden Opening Br., pp. 24-25 (Dkt. 98). Now it devotes over five pages of discussion to these new issues in its reply brief. This is improper.

In sum, these new legal theories, evidence, and arguments were presented for the first time in Uniden's reply briefs and, as such, the same should be stricken. In the alternative, Escort should at a minimum be granted leave to file a surreply to address Uniden's untimely theories, arguments, and evidence

## II.   LEGAL STANDARD

"The purpose of having a motion, response, and reply is to give the movant the final opportunity to be heard. A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Black Cat Exploration & Production, LLC v. MWW Capital Ltd.,* No. 1:15-CV-51-BL, 2015 WL 12731751, at *3 (N.D. Tex. Apr. 29, 2015) (collecting cases). "[A] Court generally will not consider arguments raised for the first time in a reply brief." *Id*. (quoting *Penn. Gen. Ins. Co. v. Story*, No. 3:03-CV-0030-G, 2003 WL 21435511 (N.D. Tex. June 10, 2003)).

## III.   ARGUMENT

**A.   Uniden's New Arguments in Its Summary Judgment Reply Should be Stricken Or, In the Alternative, Escort Should be Granted Leave to File a Surreply.**

In its Summary Judgment Reply, Uniden argues for the first time that "Escort did not allege post-Complaint willfulness conduct in its Complaint" and therefore Escort cannot rely on any post-filing conduct in support of its willfulness claim. *See* Summary Judgment Reply, pp. 12-13 (Dkt. 114); *see also* Uniden MSJ Br., pp. 27-37 (Dkt. 92). This is a new argument that could have been but was not presented or otherwise discussed by Uniden in its opening brief. *Id.* In addition, Escort has not had an opportunity to respond to Uniden's new argument or the authority it relies on in support of the same. As such, Uniden's new argument that Escort cannot

rely on post-Complaint conduct should be stricken. *Black Cat*, 2015 WL 12731751, at *3. In the alternative, Escort should be granted leave to file a surreply to address Uniden's new argument, evidence, and authorities. *Id*.

**B.     Uniden's New Arguments in Its Motion to Strike Reply Should be Stricken Or, In the Alternative, Escort Should be Granted Leave to File a Surreply.**

Similarly, Uniden presented a new legal theory, basis for relief, and evidence in its Motion to Strike Reply, contending that Escort did not comply with L.P.R. 3-2 and that Uniden suffered prejudice. *See* Motion to Strike Reply, pp. 5-10. Specifically, Uniden's Motion to Strike Reply argues for the first time that the relief Uniden seeks is warranted because Escort purportedly failed to comply with L.P.R. 3-2. Uniden's attempt to inject this new theory, basis for relief, and evidence at this late stage is clearly improper.

Setting aside that Uniden is incorrect, as pointed out in Escort's Response (Dkt. 108), Uniden's opening brief did not even reference L.P.R. 3-2 or discuss any prejudice Uniden purportedly suffered. *See* Uniden Opening Br., pp. 24-25 (Dkt. 98). Now in its reply brief it devotes over five pages of discussion to these new issues without affording Escort any opportunity to be heard or rebut Uniden's new assertions and basis for relief. As such, Uniden's new argument that Escort failed to comply with L.P.R. 3-2 should be stricken. *Black Cat*, 2015 WL 12731751, at *3. In the alternative, Escort should be granted leave to file a surreply to address Uniden's new argument, basis for relief, evidence, and authorities. *Id*.

## IV.     CONCLUSION

Based on the foregoing, Escort respectfully requests that the Court strike Uniden's newly presented argument and evidence including (1) Uniden's arguments and evidence in its Summary Judgment Reply (Dkt. 114) related to whether Escort adequately pled a claim for post-filing willful

3

infringement, and (2) Uniden's arguments and evidence in its Motion to Strike Reply (Dkt. 116) related to L.R. 3-2.

In the alternative, Escort respectfully requests leave to file a surreply to address these new arguments and evidence.

DATED: June 5, 2020                                  Respectfully submitted,

/s/ *Timothy E. Grochocinski*
Timothy E. Grochocinski
tim@nbafirm.com
Joseph P. Oldaker
joseph@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708-675-1974

Edward R. Nelson III
ed@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
3131 W. 7th Street, Suite 300
Fort Worth, Texas 76107
P. 817-377-9111

*COUNSEL FOR PLAINTIFF
ESCORT INC.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel for all parties of record on June 5, 2020 via the Court's CM/ECF system.

*/s/ Timothy E. Grochocinski*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), I hereby certify that on June 1 and June 5, 2020, I conferred with counsel of record for Uniden in this matter. Both sides explained their substantive positions, but an agreement could not be reached. Therefore, this motion is opposed.

*/s/ Timothy E. Grochocinski*