## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ESCORT INC., | |
| *Plaintiff,* | CASE NO 3:18-cv-161-N |
| v. | PATENT CASE |
| UNIDEN AMERICA CORPORATION, | JURY TRIAL DEMANDED |
| *Defendant.* | |

## UNIDEN AMERICA CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO ESCORT'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE A SURREPLY

## I.      INTRODUCTION

Escort's Motion to Strike or, in the Alternative, Motion for Leave to File a Surreply lacks merit and should be denied. Dkt. No. 121 ("Surreply Motion").[1] Uniden's arguments in its reply briefs are not new because they directly rebut arguments made in Escort's Opposition motions. In both cases, Escort's Oppositions responded to Uniden's opening motions, and Uniden replied by telling this court why Escort's arguments should fail.  As this Court has noted, the purpose of a Reply brief is to give the movant an opportunity to respond to arguments raised in responsive briefing. *See Black Cat Exploration & Production, LLC v. MWW Capital Ltd.,* No. 1:15-CV-51-BL, 2015 WL 12731751, at *3 (N.D. Tex. Apr. 29, 2015) (quoting *Pennsylvania Gen. Ins. Co. v. Story*, No. Civ. A. 3:03-330-G, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003) ("The purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard, and 'to *rebut* the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion") (emphasis in original).

The relief sought in Escort's Surreply Motion is thus unwarranted and should be denied.[2] There is no legal basis to strike portions of Uniden's Reply briefs Escort does not like. Nor is

---

[1] Escort's Surreply Motion seeks to either strike or, in the alternative, surrebut various arguments it mischaracterizes as "new" from two of Uniden's Reply briefs. ***First***, it moves to strike or surrebut Uniden's argument in its Motion for Summary Judgment Reply ("Uniden MSJ Reply") that Escort should not be permitted to raise unpleaded allegations of post-Complaint willfulness raised for the first time in its Opposition brief. *Id*. at 2-3 citing Dkt. No. 114 at 12-13. ***Second***, it moves to strike or surrebut Uniden's argument in its Motion to Strike Portions of Dr. Bartone's Reports Reply ("Uniden MTS Reply") that Escort failed to comply with the L.P.R. 3-2 and that Uniden was prejudiced by that failure. *Id*. at 3 citing Dkt. No. 116 at 5-9.

[2] Moreover, Escort's Surreply Motion eschewed the customary practice of attaching a copy of the surreply it requests the Court's permission to file as an exhibit. *Compare* Dkt. No. 121 (Escort's Surreply Motion) *with* Dkt. No. Dkt. No. 120 (Uniden's Surreply Motion including the draft surreply as Exhibit A). As such, Escort has not demonstrated, either in its Surreply Motion or its proposed surreply, that its requested surreply arguments have merit.

Escort entitled to surreply briefing "only to respond to arguments. . . relating to an issue the party already addressed in its response." *Austin v. Kroger Texas L.P.,* No. 3:11-CV-1169-B, 2016 WL 1322248, at *2 (N.D. Tex. Apr. 5, 2016).

## II.    ARGUMENT

### A.    Uniden's MSJ Reply did not raise post-Complaint willfulness for the first time

Escort's claim that Uniden's MSJ Reply raises the issue of post-Complaint willfulness for the first time is self-evidently untrue. As Uniden stated in its Motion for Summary Judgment, Escort's sole "willfulness" allegation in its Complaint concerns ***pre-suit conduct***: "[Uniden] has [purportedly] willfully infringed Escort's patent rights and damaged Escort's business by offering the Accused Products at a discounted price point to both retailers and consumers—something it can afford to do because it did not incur the costs of developing the technology it stole." *See* Dkt. No. 92 at 5 (citing Complaint at ¶ 12); *see also* Dkt. No. 114 (citing Complaint at ¶ 12). Even though Escort's allegations of willful conduct were based on pre-suit conduct, however, Uniden did not limit its summary judgment request to pre-suit conduct. Rather, Uniden requested that the Court grant summary judgment that Uniden failed to meet its burden of showing that ***any*** of Uniden's conduct was willful:

> Should the Court grant Uniden's request for partial summary judgment that Escort is not entitled to enhanced damages because Escort has not met its burden to show that Uniden's conduct was willful?

Dkt. No. 92 at 4 (Statement of the Issues). Indeed, Uniden argued throughout its opening brief that Escort had not shown that any of Uniden's conduct rose to the "egregious" level warranting the Court to impose enhanced damages. And with respect to post-Complaint willfulness in particular, Uniden specifically argued that its "defenses are reasonable and ***do not support a finding of post-***

2

**Complaint** conduct that would rise to 'willful, wanton, behavior analogous to that of a pirate.'" Dkt. No. 92 at 36 (emphasis added).

Escort's Opposition rebutted these arguments. With respect to post-Complaint willfulness in particular, for example, Escort argued that "summary judgment on Escort's willful infringement claim is not warranted . . . [because] post-suit conduct can form the basis for willful infringement." Dkt. No. 103 at 24. Uniden then replied directly to Escort's claims, telling this Court that Escort's rebuttal cannot effectively "amend its Complaint in the form of an Opposition brief" and requesting that "Escort's allegations concerning post-Complaint conduct [] be stricken." Dkt. No. 114 at 13. Escort thus had an opportunity to—and did, in its Opposition—tell this Court why it should be allowed to allege post-Complain willfulness. Because Uniden's arguments in its MSJ Reply are not new, directly rebut Escort's arguments, and do not rely on new evidence, Escort's requested relief should be denied. *See Black Cat*, 2015 WL 12731751, at *3.

**B.     Uniden's MTS Reply rebuts Escort's contention that it complied with L.P.R. 3-2**

No aspect of Uniden's MTS Reply argument that Escort failed to comply with L.P.R. 3-2 constitutes a new legal theory, new basis for relief, relies on new evidence, or warrants a surreply or striking in any way. *See* Dkt. No. 121 at 3. Escort itself specifically argued that it complied with L.P.R. 3-2 in its Opposition to Uniden's Motion to Strike. *See, e.g.,* Dkt. No. 109 at 3 (distinguishing *Thought* on the basis of L.P.R. 3-2); 4 (arguing compliance with L.P.R. 3-2); Appx1556 (Dec. T. Grochocinsky at ¶ 6) (attorney declaration supporting same). Uniden's Reply merely responded to and rebutted these representations, as it is entitled to do. *See Black Cat*, 2015 WL 12731751, at *3. Escort's attempt to strike or obtain leave to surrebut Uniden's response is improper and should be rejected. *Id.*

3

To recap, Uniden's Opening Motion to Strike requested that Dr. Bartone "not be permitted to opine on a priority date for the Asserted Patents earlier than the filing date of the patent April 14, 1999" because Escort failed to disclose evidence of an earlier conception date pursuant to its Local Patent Rule obligations. *See* Dkt. No. 98 at 24-25. Escort's Opposition rebutted Uniden's arguments and represented that it had complied with L.P.R. 3-1 *and* 3-2, including L.P.R. 3-2(b). For example, Escort argued that its "inten[tion] to rely on an earlier conception date, and its basis for the same, was disclosed by Escort in Escort's L.P.R. 3-2 document production." Dkt. No. 109 at 4. Escort included an attorney declaration in support of its claim. *Id*. citing Appx 1556. Moreover, Escort attempted to distinguish the facts of this dispute from those in *Thought*, contrasting its actions from "the plaintiff [in *Thought* who] did not identify an earlier invention date in its 3-1 and 3-2 disclosures or its discovery responses." Dkt. No. 109 at 3 citing *Thought, Inc. v. Oracle Corp.*, No. 12-cv-05601-WHO, 2015 WL 5834064 (N.D. Cal. Oct. 7, 2015).

Uniden's MTS Reply specifically rebutted these contentions. It demonstrated that Escort provided no evidence of compliance with L.P.R. 3-2 beyond the bare assertion. Dkt. No. 116 at 5-6. And, importantly, it showed that Escort did not comply with L.P.R. 3-2 as it represented to this Court because it failed to "identify by production number which documents correspond to [conception and reduction to practice]" as required by L.P.R. 3-2(b). *Id*. at 6. Escort had its opportunity in its Opposition to demonstrate why it could rely upon L.P.R. 3-2(b) to show a timely disclosure of a priority date. Uniden's rebuttal is not a new argument or legal basis for relief. Nor does  it rely on new evidence. It is simply a response to Escort's Opposition demonstrating why the Escort's Opposition arguments lack merit. *See Black Cat*, 2015 WL 12731751, at *3. Escort's requested relief should therefore be denied.

4

**C.**    **Uniden's MTS Reply rebuts Escort's contention that it has not been prejudiced by Escort's belated disclosures**

Similarly, Uniden's MTS Reply argument that it has been prejudiced by Escort's belated conception date disclosures is not a new legal theory or legal basis, nor does it rely on new evidence. Rather, Uniden's MTS Reply merely responds to Escort's claim in its Opposition that "Uniden cannot plausibly claim it suffered any prejudice" by arguing that prejudice is inherent with violations of the Local Patent Rules. *See* Dkt. No. 109 at 5. Indeed, Escort's refusal to seek leave of court to amend its infringement contentions left Uniden with no choice but to move to strike when the belated disclosures reappeared in Dr. Bartone's expert report. Dkt. No. 116 at 9-10. Uniden's MTS Reply also explained how considerations of prejudice are irrelevant to the analysis because the Local Patent Rules are clear that amendments to contentions are allowed "only by order of the presiding judge upon a showing of good cause"—a course of action Escort refused to pursue. *Id*. Thus, Uniden's MTS Reply argument regarding prejudice was proper and warrants neither striking nor granting Escort an opportunity to surreply. *See Black Cat*, 2015 WL 12731751, at *3.

**III.    CONCLUSION**

For the foregoing reasons, Uniden respectfully requests that the Court deny Escort's Surreply Motion.

5

Dated: June 26, 2020

Respectfully submitted,

By:  */s/ David B. Conrad*
    Neil J. McNabnay
    njm@fr.com
    Texas Bar No. 24002583
    David B. Conrad
    conrad@fr.com
    Texas Bar No. 24049042
    Michael Ellis
    ellis@fr.com
    Texas Bar No. 24102726
    Noel F. Chakkalakal
    Texas Bar No. 24053676
    chakkalakal@fr.com

    FISH & RICHARDSON P.C.
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT
UNIDEN AMERICA CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 26, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

    */s/ David B. Conrad*
    David B. Conrad

6