IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ESCORT INC.,**<br><br>        Plaintiff,<br><br>v.<br><br>**UNIDEN AMERICA CORPORATION,**<br><br>        Defendant. | Case No. 3:18-cv-161-N |

### ESCORT'S OPPOSITION TO UNIDEN'S MOTION FOR LEAVE TO FILE SURREPLY

Uniden's Motion for Leave to File a Surreply ("Motion") should be denied. In its Motion Uniden does not even identify with any specificity why a surreply is necessary or appropriate. Rather, Uniden contends it "did not have adequate time to analyze and incorporate in its Opposition the effect of Escort's actions." Motion, p. 1 (Dkt. 120). This is false. Any lack of time is Uniden's own fault by failing to adequately meet and confer instead opting to conduct a cursory telephone call the morning before it filed its Motion to Strike Dr. Bartone (Dkt. 98). *See* Escort Resp., p. 1, n. 2 (Dkt. 109).

"A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Black Cat Exploration & Production, LLC v. MWW Capital Ltd.,* No. 1:15-CV-51-BL, 2015 WL 12731751, at *3 (N.D. Tex. Apr. 29, 2015) (collecting cases). Uniden's Motion does not even argue that its proposed surreply is necessary to address any new legal theories or evidence. This is because Escort's Reply Brief (Dkt. 113) did not present any new legal theories or evidence.

The real purpose of Uniden's Motion is to backtrack off statements it made in its responsive brief. For example, in its responsive brief Uniden stated: "Nowhere does Dr.

1

Goldberg contend that 'an alert' means 'all alerts.'" Uniden Resp., p. 19 (Dkt. 111). In its proposed surreply (Dkt. 120-1), Uniden now attempts to leave open the possibility that Dr. Goldberg will contend that "an alert" means "all alerts." Proposed Surreply, pp. 2-3 (Dkt. 120-1). Uniden cannot in its response state that Dr. Goldberg does not contend this and then in its proposed surreply leave open the possibility that Dr. Goldberg will make such a contention. The relief sought by Escort was to prohibit Dr. Goldberg from opining that "an alert" means "all alerts." Escort Motion, p. 11 (Dkt. 89). Uniden's response, which Uniden has not contended was inaccurate, states that Dr. Goldberg does not contend that "an alert" means "all alerts." This should end the inquiry.

As another example, with respect to the term "unrelated to muting an alert," in its response Uniden stated that it "does not intend to offer any opinion by Dr. Goldberg that the limitation 'the radar detector performs an act that is unrelated to muting an alert based upon data received from the mute button' is limited to performing any act that is unrelated to muting a 'current alert.'" Uniden Resp., pp. 19-20 (Dkt. 111). Now, via its proposed surreply, Uniden tries to back off this statement leaving open the possibility that Dr. Goldberg could make such assertions at trial. This is improper.

With respect to the terms "coupled to" and "a microprocessor" / "a processor," Uniden agrees there is no more dispute. *See* Proposed Surreply, pp. 4-5 (Dkt. 120-1). With respect to the actual remaining disputed issues – *i.e.,* the terms "data that indicates the position of the radar detector" / "the position of the radar detector" and "data that indicates the heading" – Uniden's proposed surreply merely restates arguments from its response. It is well established that "[l]eave to file a surreply is unwarranted … where the proposed surreply merely restates arguments made in the initial party's response." *Zurich American Ins. Co. v. Centex Corp.*, 373

F.Supp.3d 692, 695 (N.D. Tex. Mar. 24, 2016). In sum, Uniden has not identified a valid reason for why a surreply is warranted. As such, Uniden's Motion should be denied.

DATED: June 26, 2020						Respectfully submitted,

/s/ *Timothy E. Grochocinski*
Timothy E. Grochocinski
tim@nbafirm.com
Joseph P. Oldaker
joseph@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708-675-1974

Edward R. Nelson III
ed@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
3131 W. 7th Street, Suite 300
Fort Worth, Texas 76107
P. 817-377-9111

*COUNSEL FOR PLAINTIFF
ESCORT INC.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel for all parties of record on June 26, 2020 via the Court's CM/ECF system.

/s/ *Timothy E. Grochocinski*