UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESCORT INC.,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNIDEN AMERICA CORPORATION,<br><br>    *Defendant*. | CIVIL ACTION NO.: 3:18-cv-00161-N<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SURREPLY TO PLAINTIFF'S MOTION TO ENFORCE COMPLIANCE WITH *O2 MICRO* AND TO RESOLVE CLAIM CONSTRUCTION DISPUTES**

Uniden's proposed surreply is proper. As Uniden previously explained in its opening Motion for Leave:

> Escort's Reply raises **new arguments** by (1) changing its relief in requesting that the Court should not, in fact, "otherwise resolv[e] these claim construction disputes once and for all" and (2) incompletely or inaccurately explaining the extent to which intervening events (Escort's shifting infringement theories and Uniden's alleged concessions) affected the claim construction disputes that it raised in its Motion.

Dkt. No. 120 at 2 (emphasis added). Escort's Opposition to Uniden's Motion for Leave to file a Surreply does not rebut these contentions. *See generally* Dkt. No. 123 ("Opposition" or "Opp."). Rather, it doubles down on them, demonstrating in the process why Uniden's requested surreply is both warranted and allowable under this District's precedence. *See, e.g., Petro-Hunt, L.L.C. v. Williams-Southern Company, L.L.C.*, No. 3:13-cv-01588-P, 2013 WL 12137150, *1 (N.D. Tex. Nov. 8, 2003) ("[W]hen a movant raises **new arguments** in a reply brief, courts may allow the nonmovant to file a surreply.") (emphasis added).

1

The core of Escort's Opposition is the same **_new argument_** that triggered Uniden's Motion for Leave in the first instance: that "[t]he real purpose of Uniden's Motion is to backtrack off statements it made in its responsive brief." Opp. at 1. The "statement" in question is Uniden's observation that "Nowhere does Dr. Goldberg contend that 'an alert' means 'all alerts.'" Dkt. No. 111 at 19. Escort then repeatedly misrepresents this statement as Uniden conceding to its requested relief. *See, e.g.*, Dkt. No. 113 at 7 ("Uniden represents that it and Dr. Goldberg do not, and will not, contend that 'an alert' means 'all alerts.' … In light of this representation, Escort's motion on this term should be granted as uncontested.").

This is false because it takes Uniden's arguments out of context—necessitating an opportunity to respond. As Uniden explained in its Motion for Leave (and elsewhere), Uniden does not agree with the premise of Escort's claim, much less the relief it seeks. Dkt. No. 120 at 2-3. Dr. Goldberg never contends that 'an alert' means 'all alerts' because there is only one alert to begin with. *Id*. The singular alert in question has both visual and audio components or "indications", as the patent describes. *Id*. citing '038 Patent, 2:55-59, 6:25-29, 6:32-34. Escort, however, wants to redefine the indications of an "alert" to be considered separate "alerts" in order to salvage its infringement read. But that view requires claim construction it never pursued. Thus, the parties have presented the Court with a claim construction dispute that requires resolution before proceeding to trial. *See* Dkt. No. 111 at 2-3; *see also Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F. 3d 1314 (Fed. Cir. 2016) (Federal Circuit determining that the district erred by not resolving the parties' claim construction dispute prior to trial.).

For these reasons and those set forth in Uniden's Motion for Leave, Uniden's proposed surreply should be granted and entered into the record.

Dated: July 10, 2020 	Respectfully submitted,

By: 	*/s/ David B. Conrad*
Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
David B. Conrad
conrad@fr.com
Texas Bar No. 24049042
Michael R. Ellis
ellis@fr.com
Texas Bar No. 24102726
Noel Chakkalakal
chakkalakal@fr.com
Texas Bar No. 24053676

FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

***Counsel for Defendant***
***Uniden America Corporation***

3

**CERTIFICATE OF SERVICE**

      I hereby certify that the on July 10, 2020, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). I hereby certify that I have served all counsel who are deemed to have consented to electronic service or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

                                                        */s/ David B. Conrad*
                                                        David B. Conrad