IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESCORT INC., <br><br> Plaintiff, <br><br> v. <br><br> UNIDEN AMERICA CORPORATION, <br><br> Defendant. | Case No. 3:18-cv-161-N |

**ESCORT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE A SURREPLY**

Escort is not seeking to strike portions of Uniden's reply that it does not like. Escort is seeking to strike the portions of Escort's reply that it was never provided an opportunity to respond to because Uniden improperly waited until its reply brief to raise the same. In particular, Escort moved to strike two narrow and new lines of arguments from Uniden's reply brief (Dkt. 114) (hereinafter "Summary Judgment Reply").[1]

First, Uniden presented for the first time in its Summary Judgment Reply a new argument and theory that "Escort did not allege post-Complaint willfulness conduct in its Complaint" and therefore Escort cannot rely on any post-filing conduct in support of its willfulness claim. *See* Summary Judgment Reply, pp. 12-13 (Dkt. 114). Uniden's response highlights that it could have raised this argument in its Opening Brief on Summary Judgment (Dkt. 92), but simply failed to. For example, Uniden agrees that its Opening Brief on Summary Judgment was meant to address all allegations of willful conduct. *See* Resp., p. 2 (Dkt. 122) (arguing that Escort failed to show

---

[1] Citing no authority Uniden contends that Escort's motion should be denied because it did not attach a copy of its proposed surreply. First, this is not the law and Uniden cites no authority in support of its argument. Second, the primary relief sought by Escort is that Uniden's newly presented arguments be stricken.

1

that "any" of Uniden's conduct, pre- or post-filing, was willful). In other words, Uniden's Opening Brief on Summary Judgment addressed pre- and post-filing willful conduct. Uniden simply waited until its reply to argue that Escort was somehow prohibited from relying on post-filing conduct. This new argument is improper and should be stricken or, at a minimum, Escort should be permitted to respond to the same via a short surreply.

Second, Uniden presented for the first time in its Reply In Support of Its Motion to Strike Portions of Dr. Chris Bartone's Expert Report (Dkt. 116) (hereinafter "Motion to Strike Reply") a new legal theory, basis for relief, and evidence, contending that Escort did not comply with L.P.R. 3-2 and that Uniden suffered prejudice. *See* Motion to Strike Reply, pp. 5-10. Uniden does not even contend, let alone evidence, that its Motion to Strike Portions of Dr. Bartone's Expert Report (Dkt. 98) was based on non-compliance with L.P.R. 3-2 or that Uniden suffered prejudice as a result of such purported non-compliance. This is because Uniden did not even consider L.P.R. 3-2 until after it had read Escort's responsive brief. Further, Uniden's opening brief did not even argue, let alone present evidence, of prejudice. *See* Opening Brief, pp. 24-25 (Dkt. 98). Despite this, Uniden's Motion to Strike Reply contains over five pages of discussion on this issue. *See* Motion to Strike Reply, pp. 5-10 (Dkt. 116). Uniden cannot inject a new basis for relief for the first time in its reply. As such, Uniden's new theory of relief should be stricken or, at a minimum, Escort should be permitted to respond to the same via a surreply.

For the reasons stated herein, as well as those stated in Escort's motion (Dkt. 121), Uniden's newly presented arguments should be stricken, or, in the alternative, Escort should be permitted to file a short surreply to respond to the same.

DATED: July 10, 2020						Respectfully submitted,

								/s/ *Timothy E. Grochocinski*
								Timothy E. Grochocinski
								tim@nbafirm.com
								Joseph P. Oldaker
								joseph@nbafirm.com
								NELSON BUMGARDNER ALBRITTON PC
								15020 S. Ravinia Ave., Suite 29
								Orland Park, Illinois 60462
								P. 708-675-1974

								Edward R. Nelson III
								ed@nbafirm.com
								NELSON BUMGARDNER ALBRITTON PC
								3131 W. 7th Street, Suite 300
								Fort Worth, Texas 76107
								P. 817-377-9111

								*COUNSEL FOR PLAINTIFF*
								*ESCORT INC.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel for all parties of record on July 10, 2020 via the Court's CM/ECF system.

								/s/ *Timothy E. Grochocinski*

3